1  NANCY L. STAGG CA Bar No. 157034
        nstagg@foley.com
2  **FOLEY & LARDNER LLP**
   402 WEST BROADWAY, SUITE 2100
3  SAN DIEGO, CA 92101-3542
   TELEPHONE:     619.234.6655
   FACSIMILE:      619.234.3510

4  ANDREW B. SERWIN CA Bar No. 179493
        aserwin@foley.com
5  TAMMY H. BOGGS CA Bar No. 252538
        tboggs@foley.com
   **FOLEY & LARDNER LLP**
6  3579 VALLEY CENTRE DRIVE, SUITE 300
   SAN DIEGO, CA  92130-3302
7  TELEPHONE:     858.847.6700
   FACSIMILE:      858.792.6773

8  EILEEN R. RIDLEY CA Bar No. 151735
        eridley@foley.com
9  **FOLEY & LARDNER LLP**
   555 CALIFORNIA STREET, SUITE 1700
   SAN FRANCISCO, CA 94104-1520
10 TELEPHONE:     415.434.4484
   FACSIMILE:      415.434.4507

11 ATTORNEYS FOR DEFENDANTS,
   WYNDHAM INTERNATIONAL, INC.,
12 WYNDHAM WORLDWIDE OPERATIONS, INC.,
   WYNDHAM HOTELS AND RESORTS, LLC

13                 **UNITED STATES DISTRICT COURT**

14          **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND BRANCH**

15

16 JOYCE ROBERTS, INDIVIDUALLY AND ON BEHALF      CASE NO:  C 12-CV-05083-KAW ADR
   OF CLASSES OF SIMILARLY SITUATED
17 INDIVIDUALS,                                    **DEFENDANTS WYNDHAM
                                                   INTERNATIONAL, INC., WYNDHAM
18              PLAINTIFF,                          WORLDWIDE OPERATIONS, INC., AND
                                                   WYNDHAM HOTELS AND RESORTS,
19        V.                                       LLC'S NOTICE OF MOTION AND
                                                   MOTION TO DISMISS COMPLAINT
20 WYNDHAM INTERNATIONAL, INC.; WYNDHAM            PURSUANT TO RULE 12(B)(6) AND
   WORLDWIDE OPERATIONS, INC.; WYNDHAM            MOTION TO STRIKE CLASS
21 HOTELS AND RESORTS, LLC; AND DOES 1             ALLEGATIONS PURSUANT TO RULE
   THROUGH 10, INCLUSIVE.                          12(F); MEMORANDUM OF POINTS AND
22                                                 AUTHORITIES IN SUPPORT THEREOF
               DEFENDANTS.
23                                                 **[Request for Judicial Notice and Declaration
                                                   of Nancy Stagg filed herewith]**
24
                                                   Date:          December 6, 2012
25                                                 Time:          11:00 a.m.
                                                   Courtroom:     4
26                                                 Judge:         Hon. Kandis A. Westmore
27

28

# TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................... 2

II.    FACTUAL BACKGROUND ...................................................................... 2

III.   STATUTORY SCHEME: PENAL CODE SECTION 630 *ET SEQ.* ..................... 2

IV.    LEGAL STANDARD ................................................................................. 2
       A.    Motion to Dismiss ............................................................................. 2
       B.    Motion to Strike Class Allegations ................................................... 2

V.     THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF
       PENAL CODE SECTIONS 632 and 632.7 ................................................. 2

VI.    THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS ....................... 2
       A.    The Class Definitions are Defective ................................................. 2
       B.    When Aggregated on a Class Basis, Statutory Damages Under
             Section 637.2 Are Unconstitutional ................................................ 2

VII.   CONCLUSION ........................................................................................ 2

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Adashunas v. Negley,*
    626 F.2d 600 (7th Cir. 1980) ........................................................................10, 12

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................................4-5

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696 (9th Cir. 1990) ................................................................................4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) .............................................................................................4

*Berndt v. Cal. Dep't of Corr.,*
    2010 U.S. Dist. LEXIS 57833 (N.D. Cal. May 19, 2010) ....................................10

*Bishop v. Saab Auto. A.B.,*
    1996 U.S. Dist. LEXIS 22890 (C.D. Cal. Feb. 16, 1996).......................................5

*Denney v. Deutsche Bank AG,*
    443 F.3d 253 (2d. Cir. 2006)................................................................................12

*Fantasy, Inc. v. Fogerty,*
    984 F.2d 1524 (9th Cir. 1993) ..............................................................................5

*Faulkner v. ADT Security Services, Inc.,*
    2011 U.S. Dist. LEXIS 50993 (N.D. Cal. May 12, 2011) ...................................6-8

*Fogerty v. Fantasy, Inc.,*
    510 U.S. 517 (1994).............................................................................................5

*Hovsepian v. Apple, Inc.,*
    2009 U.S. Dist. LEXIS 117562 (N.D. Cal. Dec. 17, 2009)....................................5

*In re Napster, Inc. Copyright Litig.,*
    2005 U.S. Dist. LEXIS 11498 (N.D. Cal. Jun. 1, 2005)......................................16

*Kline v. Coldwell, Banker & Co.,*
    508 F.2d 226 (9th Cir. 1974) ..............................................................................15

*Mazur v. eBay Inc.,*
    257 F.R.D. 563 (N.D. Cal. 2009)........................................................................11

*Nader v. Capital One Bank, N.A.,*
    Case No. 12-CV-10265-DSF-RZ, Doc No. 51 (C.D. Cal. Oct. 1, 2012) .............6-8

*Oshana v. Coca-Cola*,
   225 F.R.D. 575 (N.D. Ill. 2005).............................................................10

*Oshana v. Coca-Cola*,
   472 F.3d 506 (7th Cir. 2006) ..............................................................10

*Parker v. Time Warner Entm't. Co.*,
   331 F.3d 13 (2d Cir. 2003)..................................................................15

*Rodriguez v Gates*,
   2002 U.S. Dist. LEXIS 10654 (C.D. Cal. 2002).................................10

*Sajfr v. BBG Communs., Inc.*,
   2012 U.S. Dist. LEXIS 15198 (S.D. Cal. Jan. 10, 2012)......................8

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009)............................................5, 12

*Schwartz v. Upper Deck Co.*,
   183 F.R.D. 672 (S.D. Cal. 1999) .........................................................10

*Spencer v. Beavex, Inc.*,
   2006 U.S. Dist. LEXIS 98565 (S.D. Cal. Dec. 15, 2006)....................10

*United States v. Bajakajian*,
   524 U.S. 321 (1998).......................................................................15-16

*Wilson v. Home Depot U.S.A., Inc.*,
   225 F.R.D. 198 (W.D. Tex. 2004) .......................................................14

*Young v. Hilton Worldwide, Inc.*,
   2012 U.S. Dist. LEXIS 84163 (C.D. Cal. June 18, 2012) ..................6-8

*Zapka v. Coca-Cola*,
   2000 U.S. Dist. LEXIS 16552 (N.D. Ill. Oct. 26, 2000).....................12

*Zucco Partners LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ................................................................4

**CALIFORNIA CASES**

*Flanagan v. Flanagan*,
   27 Cal. 4th 766 (2002) ........................................................3, 6-7, 11

*Forest E. Olson, Inc. v. Sup. Ct.*,
   63 Cal. App. 3d 188 (1976) ................................................................14

*Frio v. Sup. Ct.*,
   203 Cal. App. 3d 1480, 1489 (1988) ...................................................6

iii

*Johnson v. Ford Motor Co.*,
  35 Cal. 4th 1191 (2005) ...........................................................................17

*Kearney v. Salomon Smith Barney, Inc.*,
  117 Cal. App. 4th 446 (2004) ..................................................................16

*Kearney v. Salomon Smith Barney, Inc.*,
  39 Cal. 4th 95 (2006) .........................................................................Passim

*Kight v. Cashcall, Inc.*,
  200 Cal. App. 4th 1377 (2011) ................................................................12

*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*,
  37 Cal. 4th 707 (2005) .............................................................................15

*Royer v. Steinberg*,
  90 Cal. App. 3d 490 (1979) ......................................................................11

*State of Washington v. Fowler*,
  157 Wash. 2d 387 (2006) ..........................................................................17

**STATE STATUTES**

18 Pa. Cons. Stat. § 5704 ...............................................................................17

California Penal Code section 630 *et seq.* ...............................................2-3, 15

California Penal Code section 632.........................................................Passim

California Penal Code section 632(a) ..............................................................3

California Penal Code section 632(c) .........................................................3, 6

California Penal Code section 637.2...............................................................15

California Penal Code section 632.7(a) ...........................................................4

California Penal Code section 632.7(c)(2).....................................................11

**RULES**

Federal Rule of Civil Procedure 8(a) ...............................................................4

Federal Rule of Civil Procedure 12(b)(6) ........................................................4

Federal Rule of Civil Procedure 12(f) .............................................................5

Federal Rule of Civil Procedure 23 ...................................................2, 9, 13-14

Federal Rule of Civil Procedure 23(a) ........................................................5, 13

iv

Federal Rule of Civil Procedure 23(b) ........................................................................13

Federal Rule of Civil Procedure 23(b) ....................................................................5, 13

Federal Rule of Civil Procedure 23(b)(3) ............................................................ 13-14

**MISCELLANEOUS**

Andrew B. Serwin, *Information Security and Privacy*: A Guide to Federal and State Law
    Compliance (West 2012) .....................................................................................16

CACI No. 1721 ...........................................................................................................11

*Manual for Complex Litigation*, Fourth (2004) .........................................................10

DEFENDANTS' MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO. C 12-CV-05083-KAW ADR

4841-0421-2241.2

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on December 6, 2012 at 11:00 a.m. or as soon thereafter as the matter may be heard in Department 4 of the above-entitled Court located at 1301 Clay Street, Oakland, California 94612, Defendants Wyndham International, Inc. ("WII"), Wyndham Worldwide Operations, Inc ("WWO"), and Wyndham Hotels and Resorts, LLC ("WHR") (collectively "Defendants"), through their counsel, will and hereby do respectfully move this Court to:

(1)     Enter an order dismissing the Complaint for failure to state a claim; and

(2)     Enter an order striking the class allegations of the Complaint alleged against Defendants, for the reasons discussed herein.

## MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS

Defendants' Motion to Dismiss Complaint and Motion to Strike Class Allegations are based upon the Memorandum of Points and Authorities herein, Request for Judicial Notice and Exhibits thereto filed herewith, Declaration of Nancy Stagg In Support of Defendants' Motions, any Reply brief that may be filed, the pleadings and papers on file in this action, including Defendants' Notice of Removal and accompanying Declaration of Douglas Bergquist, and such other matters as the Court may take judicial notice or consider relevant.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Roberts seeks to represent a class of wireless telephone users, and separately, a class of landline telephone users, located in California who allegedly had their calls with Defendants recorded without disclosure.  Defendants respectfully request that their Motion to Dismiss for Failure to State a Claim and Motion to Strike Class Allegations be granted, for the following reasons:

- The Complaint fails to plead sufficient facts demonstrating that a "confidential communication" occurred, as required under the Penal Code.  Rather, the only facts that are pled do not conceivably support an "objectively reasonable expectation" that Plaintiff's calls with a hotel call center staffed by live agents, for the purpose of making "hotel rate" inquiries, were confidential.

- The case cannot proceed on a class basis.  On its face, the putative classes are not ascertainable, are overbroad and do not meet the requirements of Rule 23.

- The statutory penalty under Penal Code section 630 *et seq.*, when aggregated on a class basis with an admitted lack of actual harm, is unconstitutional as an excessive fine and violation of due process.

A passing glance at the Complaint reveals that it is stock full of legal conclusions and has very little by way of substantive facts.  Defendants invite the Court to compare Plaintiff Robert's Complaint with complaints filed in other Penal Code 630 *et seq.* cases that have been found insufficient to state a cause of action.[1]  Accordingly, the Complaint must be dismissed.

## II.   FACTUAL BACKGROUND

Wyndham® is a globally recognized brand with more than 100 hotels in 14 countries around the world.  *See* Doc No. 2.  The Complaint alleges that California callers can dial toll-free numbers to reach Defendants' reservation call center staffed by its employees and live agents, and "all Wyndham hotels" can be reached in this fashion.  (Complaint ¶¶ 14, 15.)  The Complaint alleges that Defendants' agents at the call center record telephone conversations with

---

[1] *See* Defendants' concurrently filed Request for Judicial Notice ("RJN").

DEFENDANTS' MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO. C 12-CV-05083-KAW ADR

4841-0421-2241.2

consumers.  (Complaint ¶ 17.)  Plaintiff vaguely alleges that she made calls on a landline and a cell phone to Defendants' toll-free customer service line "to inquire about hotel rates and/or to make reservations."  (Complaint ¶ 18.)  Plaintiff posits that she disclosed "sensitive" information in the form of her name **and/or** credit card information (in connection with her hotel reservation).  (Complaint ¶ 18 (emphasis added).)

While Plaintiff alleges that she and other callers did not "consent" to call recording and were not informed of it, Plaintiff then draws the legal conclusion that the call recording "necessarily occurred without the callers' knowledge or consent."  (Complaint ¶ 19.)  Finally, Plaintiff does not claim to have suffered any actual harm, but seeks "$5,000 in statutory damages" for herself and Class members.  (Complaint ¶ 41.)

## III.   STATUTORY SCHEME: PENAL CODE SECTION 630 *ET SEQ.*

California Penal Code section 632(a) imposes liability on "[e]very person who, intentionally and without the consent of all parties to a *confidential communication* . . . records the confidential communication."  (Emphasis added.)  A "confidential communication" includes "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering . . . or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code section 632(c).  The statutory protection extends to "any conversation under circumstances showing that a party desires it not to be overheard or recorded" but "excludes a conversation under circumstances where the party reasonably believes it will be overheard or recorded."  *Flanagan v. Flanagan,* 27 Cal. 4th 766, 776-77 (2002).

In addition, a caller must be calling from and residing in one of the two-party consent states in order to qualify for statutory damages.  *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 104, 120 (2006) (finding that "the principal purpose of section 632 is to protect the privacy of confidential communications of California residents *while they are in California,*" and "California clearly has an interest in protecting the privacy of telephone conversations of

DEFENDANTS' MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO. C 12-CV-05083-KAW ADR

California residents while they are in California sufficient to permit this state, as a constitutional matter to exercise legislative jurisdiction over such activity").

California Penal Code section 632.7(a) imposes liability on:

> Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone. . . .

Under *Kearney*, cell phone callers would still need to establish that they are residing in and calling from a two-party consent state. *See* 39 Cal. 4th at 104 (finding that in a context where recordings were made out-of-state, California's interest in protecting privacy exists when the caller is "*in California*").

## IV.   LEGAL STANDARD

### A.   Motion to Dismiss

Rule 12(b)(6) dismissal is appropriate where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on a motion to dismiss, the Court may consider the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.  *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Under Rule 8(a), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Id.* (alteration in original; citation and internal quotation marks omitted).  A complaint must "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  This means that the complaint must plead "factual content

4

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." *Id.* at 679 (alteration in original; internal quotation marks and citation omitted).

### B.   Motion to Strike Class Allegations

Federal Rule of Civil Procedure 12(f) provides that the Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *overruled on other grounds, Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994).

Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), the Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained. In order to certify a class action, the class must be ascertainable and defined in such a way that anyone within it would have standing. *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (striking class allegations prior to discovery as it was plain from the pleadings that a class could not be certified); *Hovsepian v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 117562, *18-*19 (N.D. Cal. Dec. 17, 2009) (granting Apple's motion to strike class claims); *Bishop v. Saab Auto. A.B.,* 1996 U.S. Dist. LEXIS 22890, at *13-*14 (C.D. Cal. Feb. 16, 1996). In addition, the requirements under Federal Rule of Civil Procedure 23(a) must be satisfied.[2] Finally, Plaintiff must satisfy one of the more stringent prerequisites set forth in Rule

---

[2] Fed. R. Civ. P. 23(a): One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or

4841-0421-2241.2

23(b).

## V.   THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF PENAL CODE SECTIONS 632 and 632.7

### A.   Plaintiff Fails to Plead Sufficient Facts to Demonstrate That a "Confidential" Communication Occurred, As Required under Penal Code section 632

Penal Code section 632's prohibition on intentional call recording without consent applies only to "confidential" communications.  Penal Code § 632(c); *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 117 (2006); *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776-77 (2002). A "confidential" communication depends on whether the caller has an objectively reasonable expectation that the communication is not being overheard or recorded.  *Young v. Hilton Worldwide, Inc.*, 2012 U.S. Dist. LEXIS 84163, *3 (C.D. Cal. June 18, 2012); *Faulkner v. ADT Security Services, Inc.*, 2011 U.S. Dist. LEXIS 50993, *11 (N.D. Cal. May 12, 2011); *Nader v. Capital One Bank, N.A.*, Case No. 12-CV-10265-DSF-RZ, Doc No. 51 (C.D. Cal. Oct. 1, 2012), RJN, Ex. 1.

Several courts have recently determined that plaintiffs who engaged in routine calls with a service organization in section 632 cases had no expectation of privacy in their allegedly improperly recorded phone calls.  In *Faulkner v. ADT Security Services, Inc.*, 2011 U.S. Dist. LEXIS 50993 (N.D. Cal. May 12, 2011), the plaintiff alleged that he called home security provider ADT to dispute a billing charge and was not notified that the call was being recorded. *Id.* at *2-3.  In granting a 12(b)(6) motion, the court held that despite plaintiff's own subjective beliefs and allegations that he "desire[d] [the call] to be confined to the parties thereto," plaintiff possessed no reasonable expectation of confidentiality in his call.  *Id.* at *8.  The court distinguished cases like *Flanagan* and *Frio*,[3] which involved reasonable allegations of confidential communications, and explained:

> Here, Plaintiff called ADT "to dispute a charge assessed by ADT." Plaintiff has not alleged what circumstances would support an expectation of privacy in such a call.  This telephone call did not concern "personal financial affairs" as in

defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

[3]   *Frio v. Sup. Ct.*, 203 Cal. App. 3d 1480, 1489 (1988).

6

> *Kearney*, private family matters as in *Flanagan*, or other circumstances that
> would create a reasonable expectation that the conversation would not be
> recorded.

*Id.* at *10-*11.  The court ultimately held that "[b]ased on the nature of ADT's business, i.e., home security, and the character of the telephone call, i.e., a billing dispute, an ADT customer calling ADT to dispute a charge would not have an objectively reasonable expectation that the call would not be recorded or overheard."  *Id.* at *11 (granting motion to dismiss and denying leave to amend as futile).

Similarly, in *Hilton*, 2012 U.S. Dist. LEXIS 84163 at *3, plaintiff claimed that defendant violated Penal Code section 632 by recording a telephone conversation he had with a Hilton customer service agent without his consent.  Hilton Complaint[4] ¶¶ 1, 2.  The call was made to Hilton's "1-800 HAMPTON" central hotel reservation line, and the purpose of Young's call was to "update his credit card information that was on file."  Hilton Complaint ¶¶ 14, 19.  Young claimed that he had a reasonable expectation of privacy that his telephone conversation would be private between the parties on the telephone, and that the alleged recording was highly offensive to a reasonable person.  Hilton Complaint ¶ 21.

The District Court for the Central District of California found on a Motion to Dismiss that Young

> . . . had no objectively reasonable expectation that his conversation with the 1-800
> Hampton number would not be overheard or recorded.  Plaintiff's subjective
> beliefs that his telephone call was not being recorded are insufficient to support
> the objective determination whether the conversation was confidential . . . .

2012 U.S. Dist. LEXIS 84163 at *2-*3.  The court analyzed the circumstances of the call, contrasting with *Kearney* and *Flanagan*, and concluded that "Plaintiff knew, or should have known, that it would be necessary to share [reservation and billing] information with others who were not parties to the telephone conversation . . ."  *Id.* at *3.  Thus, the court granted defendant's motion to dismiss.

Finally, in a well-reasoned opinion, the court in *Nader v. Capital One Bank, N.A.*,[5]

---

[4] RJN, Ex. 3 ("Hilton Complaint").
[5] RJN, Ex. 1 ("Capital One Order").

7

4841-0421-2241.2

determined that the plaintiff had failed to plead sufficient factual allegations in his Complaint to show that a confidential communication had occurred.  Like the instant case, plaintiff Nader had merely pled the legal conclusion that "the Class had an objectively reasonable expectation that their telephone conversations were confidential communications that would not be overheard or recorded."  *Compare* Capital One Complaint ¶ 9 *with* Complaint ¶ 20 ("Plaintiff had a reasonable expectation that her telephone conversations with Defendants' employees and agents, were, and would remain, private. . . .").  Citing *Kight v. Cashcall, Inc.*, 200 Cal. App. 4th 1377, 1396 (2011), the *Capital One* court discussed how a showing of "confidentiality" involves

> . . . numerous specific factors, such as whether the call was initiated by the consumer or whether a corporate employee telephoned a customer, the length of the customer-business relationship, the customer's prior experiences with business communications, and the nature and timing of any recorded disclosures. *Id.* at 1396.

Capital One Order at 4.

In this case, the factual and legal allegations made by Plaintiff Roberts are essentially indistinguishable from *ADT, Hilton,* and *Capital One*.  All involve facially implausible privacy claims based on customer calls with business call centers to address a routine matter.  The courts in *ADT* and *Hilton* appropriately determined that the plaintiffs must demonstrate an "objectively reasonable expectation" that the call would not be overheard or recorded – and found that the plaintiffs could not sustain this burden based on the allegations of customer calls related to reservations or billing charges.[6]  The *Capital One* court held that plaintiffs had not met their burden to provide sufficient factual content showing that their communications were confidential.

Here, Plaintiff has not alleged sufficient facts to support a Penal Code violation.  Rather, based on Plaintiff's own Complaint, Plaintiff alleges that she initiated calls to a "reservation call

---

[6] *See also Sajfr v. BBG Communs., Inc.*, 2012 U.S. Dist. LEXIS 15198, *18-*19 (S.D. Cal. Jan. 10, 2012) (noting that in the context of alleged recorded calls, case law and legislative history of Penal Code section 632 indicate that "service-observing" is permissible and in the public's best interest, and the plaintiffs had no reasonable expectation of privacy when they called defendant to discuss their phone bills).

center," through toll-free numbers available to the public, where callers could reach hundreds of Wyndham® hotels, staffed by the corporation's employees and live agents, for the purpose of making hotel rate inquiries and/or hotel reservations.  These pled facts cannot conceivably support a reasonable expectation of privacy or the occurrence of a "confidential" communication.  Consequently, Defendants respectfully submit that Plaintiff has failed to plead a cause of action and the Complaint must be dismissed.

## VI.    THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS

Plaintiff purports to represent two putative classes.  The first proposed class (referred to herein as the "Wireless Class") is defined as:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with the toll-free reservation telephone numbers from a ***cellular or cordless telephone located in California*** and whose calls with the toll-free reservation telephone numbers were recorded and/or monitored by Defendants surreptitiously or without disclosure.  (Complaint ¶ 21 (emphasis added).)

The second proposed class (referred to herein as the "Landline Class") is defined as:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with the toll-free reservation telephone numbers using a ***hardwired landline telephone*** located in California and whose calls were recorded and/or eavesdropped upon by Defendants surreptitiously or without disclosure.  (Complaint ¶ 22 (emphasis added).)

As discussed in detail below, this case cannot and should not proceed on a class basis.  The Class members are not ascertainable, the Classes are overly broad and include members who lack standing under the California Penal Code as a matter of law, and the action cannot be certified as a class under Rule 23 for numerous other reasons.  In various other contexts, courts have held that a minimum statutory damages scheme, when aggregated, can be unconstitutional and disproportionate to the alleged actual harm.  Accordingly, the class allegations must be stricken.

/ / /

/ / /

DEFENDANTS' MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO. C 12-CV-05083-KAW ADR

4841-0421-2241.2

A.      **The Class Definitions are Defective**

1.      *Class Members Cannot Be Ascertained*

In order to state a class action claim upon which relief can be granted, there must be alleged at the minimum (1) a reasonably defined class of plaintiffs, (2) all of whom have suffered a constitutional or statutory violation (3) inflicted by the defendants.  *Adashunas v. Negley*, 626 F.2d 600, 603 (7th Cir. 1980) (discussing the logistical difficulties with identifying the "not properly identified" children with learning disabilities).  "[C]ourts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed." *Berndt v. Cal. Dep't of Corr.*, 2010 U.S. Dist. LEXIS 57833, *4-5 (N.D. Cal. May 19, 2010); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (quoting *Elliott v. ITT Corp.*, 150 F.R.D. 569, 573-74 (N.D. Ill. 1992)).  "A class definition should be precise, objective and presently ascertainable." *Rodriguez v Gates*, 2002 U.S. Dist. LEXIS 10654, *8 (C.D. Cal. 2002); *see also* Manual for Complex Litigation, Fourth, § 21.222 at 270-71 (2004).  The class definition must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member.  *Spencer v. Beavex, Inc.*, 2006 U.S. Dist. LEXIS 98565, *19-*20 (S.D. Cal. Dec. 15, 2006) ("The Court must be able to determine class members without having to answer numerous fact-intensive questions.").  An identifiable class does not exist if membership in the class is contingent on the state of mind of the prospective members.  *Oshana v. Coca-Cola*, 225 F.R.D. 575, 579 (N.D. Ill. 2005) (affirmed in *Oshana v. Coca-Cola*, 472 F.3d 506 (7th Cir. 2006)).

Here, the putative classes quite plainly lack ascertainability.  There is no administratively feasible way to identify individuals who called Defendants "from a cellular or cordless telephone located in California," without individualized proof.  No business records or systems can distinguish whether an incoming call is made from a cellular or cordless telephone (versus a landline), and furthermore, whether a wireless device is *physically located* in California.  The very nature of a wireless device and the ease of interstate travel is that cell phones may be, and frequently are, used out of state.  Many individuals retain a California cell phone number while living out-of-state.  Further, cordless telephones are simply landline telephones where a handset

10

1   unit connects to a base in an individual's home or office.  *See* Penal Code § 632.7(c)(2) (defining

2   "cordless telephone").  Without individualized inquiry and proof, there is no way for any

3   external party to determine whether a caller is dialing from a "cordless telephone."  *See generally*

4   *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009) (disavowing any reliance on self-

5   identification of membership in the class).

6        Moreover, Plaintiff's class definitions improperly conflate a "lack of recording

7   disclosure" with an individual's "non-consent" to call recording.  Penal Code sections 632 and

8   632.7 only impose liability for call recording when the other party to the communication does

9   not "consent" to the recording or monitoring.  While the giving of a recording disclaimer

10   effectuates consent to call recording, *Kearney,* 39 Cal. 4th at 118, it is not true that the lack of a

11   recording disclaimer necessarily means that the caller did not consent to call recording.

12        Importantly, "consent" is a complete defense in this case, and requires individualized

13   inquiries.[7]  *See* CACI No. 1721 ("Defense of Consent"); *Royer v. Steinberg*, 90 Cal. App. 3d

14   490, 499 (1979) ("One of the primary purposes of the doctrine of consent . . . is to prevent a

15   party from inviting or inducing indiscretion and thereby laying the foundation of a lawsuit for his

16   own pecuniary gain.").  Even without a recording disclaimer, callers may be aware of the

17   common business practice of call recording, or individuals' actual conversations may clearly

18   indicate that the caller consented to call recording, for example, if the caller *asked* for the call to

19   be recorded for review by a supervisor, was made in public or under other circumstances where

20   consent could be implied (as could be expected for travelers making hotel reservations or where

21   someone else has called on behalf of a business or frequent traveler).

22        The classes are also defined to include individuals where the recording was done

23   "surreptitiously."  A "surreptitious" call recording is a final conclusion that necessarily requires

24   proof regarding the caller's lack of knowledge that the call was being recorded and desire that

25   the call *not* be recorded.  Like classes in other federal cases that are defined by the putative class

26

27   ―――――――――――――――――

28   [7] *See, e.g., Flanagan*, 26 Cal. 4th at 771 (jury determination on each one of 27 recorded calls to determine liability, with witness testimony: "Michael testified that Honorine had forbidden John to speak with him, and Michael considered all of his conversations with his father to be confidential.  **He did not know his calls were being recorded**.") (emphasis added).

11

1   members being "deceived" by defendants' conduct, the requirement of "surreptitious recording"

2   is contingent on each class member's state of mind.  *See Zapka v. Coca-Cola*, 2000 U.S. Dist.

3   LEXIS 16552, *8 (N.D. Ill. Oct. 26, 2000) ("If the class is defined to include only those

4   consumers who were allegedly deceived by defendant's marketing practices into believing that

5   fountain Diet Coke does not contain saccharin, the membership of each class is contingent on

6   each class member's state of mind.").

7       Finally, Penal Code section 632's emphasis on protecting "confidential" communications

8   necessarily requires an inquiry into the state of mind of all participants to a telephone

9   conversation, as well as the circumstances surrounding each and every call.  The determination

10   of whether there is a reasonable expectation of privacy "is generally a question of fact that may

11   depend on numerous specific factors . . ."  *Kight v. Cashcall, Inc.*, 200 Cal. App. 4th 1377, 1396

12   (2011)).  Accordingly, there is no administratively feasible way, without significant

13   individualized inquiry, to determine class membership here.

14   **2.**       ***The Class Definition is Overbroad***

15       "[N]o class may be certified that contains members lacking Article III standing . . . The

16   class must therefore be defined in such a way that anyone within it would have standing."

17   *Denney v. Deutsche Bank AG,* 443 F.3d 253, 264 (2d. Cir. 2006); *see also Adashunas*, 626 F.2d

18   at 604 (affirming the denial of a plaintiff class because it was not "reasonably clear that the

19   proposed class members have all suffered a constitutional or statutory violation warranting some

20   relief"); *Sanders*, 672 F. Supp. 2d at 991 (striking a class definition that included all persons

21   within the United States who owned a 20-inch Aluminum iMac because it necessarily included

22   individuals who suffered no harm and lacked standing to bring any claims).

23       Plaintiff's class definitions are facially overbroad.  As discussed above, they include

24   people who consented to the call recording.  Assuming *arguendo* that a recording disclosure was

25   not given, there are numerous individuals who nevertheless consented to their call being

26   recorded.  These would include people who are familiar with the routine business practice of call

27   recording for quality assurance and training, people who requested that their calls be recorded,

28

12

4841-0421-2241.2

1   and people whose conversations occurred in a public place or other circumstances that indicate

2   that the caller had no expectation of privacy and/or expected that the call was being overheard.

3        Moreover, because class membership cannot be ascertained – there are no records of

4   incoming calls made via "cellular or cordless telephone[s] located in California" – the classes are

5   defective and would be overbroad in application.  Any business records that showed incoming

6   telephone calls would not be limited to wireless devices (nor would they distinguish calls from

7   "hardwire landline" telephones) and would include people who were not present in California

8   and not residents of a two-party consent state.  Thus, the classes would include individuals who

9   lack standing and have no right to bring an action asserting a Penal Code violation.  *Kearney*, 39

10  Cal. 4th at 104.  The overbreadth of the class definition is especially troublesome given the

11  potential severity of the penalty and constitutional implications.  *See infra*, Section B.  As such,

12  the action should not be permitted to proceed on a class basis.

### 3.        *The Class Cannot Be Certified Under Rule 23*

14       To bring a class action, a plaintiff must satisfy both Rules 23(a) and 23(b) of the Federal

15  Rules of Civil Procedure.  Under Rule 23(a), a plaintiff must show that: (1) the class is so

16  numerous that joinder of all members is impracticable, (2) there are questions of law or fact

17  common to the class, (3) the claims or defenses of the representative parties will fairly and

18  adequately protect the interests of the class, and (4) the representative parties will fairly and

19  adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  In addition, the plaintiff must

20  demonstrate that one of the requirements of Rule 23(b) is met.  Since Plaintiff requests statutory

21  damages, she must satisfy the requirements of Rule 23(b)(3), requiring a finding that questions of

22  law or fact common to purported class members predominate over any questions affecting only

23  individual members and that a class action is superior to other available methods for fairly and

24  efficiently adjudicating the controversy.  *See* Fed. R. Civ. P. 23(b)(3).  Facts pertinent to such

25  findings include: (a) the class members' interest in individually controlling the prosecution or

26  defense of separate actions; (b) the extent and nature of any litigation concerning the controversy

27  already begun by or against class members; (c) the desirability or undesirability of concentrating

28  the litigation of the claims in a particular forum; and (d) the likely difficulties in managing a

13

1   class action.  *Id.*  Under Rule 23, Plaintiff bears the burden of making a prima facie showing that

2   the requirements are met.

3        It can be readily determined, at the outset, that this case cannot and should not proceed on

4   a class basis.  The Wireless Class pled by Plaintiff would encompass class members who were

5   actually calling from a state that does not afford "two party consent" protection and thus would

6   not have a meritorious claim under the two party consent laws involved in this action.  Without

7   resort to individualized mini-trials, there is no adequate way to establish an individual's physical

8   location at the time of making a call through a wireless device.  In addition, for the Landline

9   Class (assuming there was some way to distinguish calls from a "landline" as opposed to from a

10  wireless device, which of course there is not), questions can be raised as to whether the class

11  members' calls (as Plaintiff pleads, calls largely making simple inquiries into hotel room rates or

12  to make hotel reservations) evidence circumstances in which there could be an objectively

13  reasonable expectation that their calls are not being overheard or recorded.

14       There is also the significant question of "knowledge."  When an individual *knows* that the

15  call is being recorded, the caller is not entitled to protection under the California Penal Code.

16  *Forest E. Olson, Inc. v. Sup. Ct.*, 63 Cal. App. 3d 188, 191 (1976) (holding that a participant to a

17  telephonic communication is exempted from the prohibition against recording if the other

18  participant to the communication *knows* that it is being recorded).  Thus, there would be

19  overwhelming individualized questions as to each putative class members' knowledge of, and

20  consent to, alleged call recording.  *See Wilson v. Home Depot U.S.A., Inc.*, 225 F.R.D. 198, 202

21  (W.D. Tex. 2004) ("knowledge is highly individualistic and cannot be determined on a class

22  wide basis").  As discussed above, many people are familiar with the common business practice

23  that calls may be recorded or monitored for quality assurance and training purposes, or they

24  simply ask right up front whether the call is being recorded.  Accordingly, they would then have

25  "knowledge" of the recording.

26       Further assuming the truth of Plaintiff's allegations, questions would arise as to the

27  constitutionality of an aggregated statutory damage scheme, or alternatively, individualized

28

14

inquiries surrounding payments to individuals who claim to have suffered actual damages.[8]
Thus, it is evident that Plaintiff may not proceed with a Penal Code 630 *et seq.* violation as a
class action, and to do so results in a perversion of legislative intent.

### B.   When Aggregated on a Class Basis, Statutory Damages Under Section 637.2 Are Unconstitutional

A class action is not superior where, as here, the plaintiff seeks "outrageous amounts in
statutory penalt[ies]" to an "absurd and stultifying extreme."[9]  *Kline v. Coldwell, Banker & Co.*,
508 F.2d 226, 234-35 (9th Cir. 1974) (citing various district court cases where class action
treatment was denied involving a statutory minimum penalty scheme).  When aggregated on a
class basis, statutory damages under Section 637.2 are unconstitutional in application under
either the California or U.S. Constitution as "excessive fines," or are imposed without due
process of law.  *See People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707, 728
(2005) ("[A] civil penalty [is] subject both to the state and the federal constitutional bans on
excessive fines as well as state and federal provisions barring violations of due process).
Combining a minimum statutory damages scheme with the class action mechanism "may expand
the potential statutory damages so far beyond the actual damages suffered that the statutory
damages come to resemble punitive damages – yet ones that are awarded as a matter of strict
liability, rather than for the egregious conduct typically necessary to support a punitive damages
award."  *Parker v. Time Warner Entm't. Co.*, 331 F.3d 13, 22 (2d Cir. 2003) (acknowledging the
"legitimate concern that the potential for a devastatingly large damages award, out of all
reasonable proportion to the actual harm suffered by members of the plaintiff class, may raise
due process issues").

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the
principle of proportionality."  *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).  To

---

[8] Penal Code section 637.2 states, in pertinent part:
(a) Any person who has been injured by a violation of this chapter may bring an action against
    the person who committed the violation for the greater of the following amounts:
    (1)   Five thousand dollars ($5,000).
    (2)   Three times the amount of actual damages, if any, sustained by the plaintiff.
[9] *See* Notice of Removal filed by Defendants, Doc No. 1, for call volume information.

15

determine whether the penalty is proportional, courts examine: (1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay.  *Id.* at 337-338 (finding the forfeiture of $357,144 for transporting that amount of money out of the country without filing a customs report was an excessive fine).  Similarly, under the due process clause, statutory damages are subject to "the 'guideposts' that the Supreme Court has identified in the context of reviewing the reasonableness of a jury award of punitive damages."  *In re Napster, Inc. Copyright Litig.*, 2005 U.S. Dist. LEXIS 11498, *37-*40 (N.D. Cal. Jun. 1, 2005) (stating "the court recognizes that under certain circumstances, large awards of statutory damages can raise due process concerns," and citing *State Farm Mut. Auto. Ins. Co. v. Campbell and Barneck*, 538 U.S. 408, 418 (2003)).

These principles have direct application to Plaintiff's claims in this case, and an analysis of these factors demonstrate that a large damage award against Defendants for the conduct involved here would present fundamental constitutional issues.  As pled, Plaintiff has suffered no actual harm and seeks only the statutory penalty for herself and the Class.  It can safely be assumed that the vast majority (if not all) of putative class members will also have suffered no harm.

In addition, the culpability of Defendants would be minimal.  Plaintiff does not allege that Defendants used the alleged recorded calls for any specific malicious purpose; indeed, the context of the phone calls for hotel rate inquiries and reservations suggest that the purpose of any recording would be for quality assurance and/or training purposes.  Also, until 2006 it was at best unclear whether California Penal Code section 632 even applied to out-of-state recordings.  In fact, the *Kearney* case overturned a 2004 appellate court opinion that the California statute did *not* apply to a foreign company.  *Kearney v. Salomon Smith Barney, Inc.*, 117 Cal. App. 4th 446 (2004).  Defendants' alleged liability does not arise from conduct that is obviously or inherently wrong.[10]  Even at the pleading stage, accepting the Complaint's allegations as true, it can be discerned that Defendants' level of culpability is low.

---

[10] All but twelve states permit call recording with "one-party" consent.  ANDREW B. SERWIN, INFORMATION SECURITY AND PRIVACY: A GUIDE TO FEDERAL AND STATE LAW COMPLIANCE 435 (West 2012).

DEFENDANTS' MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO. C 12-CV-05083-KAW ADR

4841-0421-2241.2

1    Aside from the purely technical nature of the alleged wrongs in this case, the Court would
2 also need to analyze whether Defendants profited by its alleged wrongdoing as part of its
3 culpability determination.  "[The] scale and profitability [of a defendant's conduct]... remain
4 relevant to reprehensibility and hence to the size of award warranted."  *Johnson v. Ford Motor*
5 *Co.*, 35 Cal. 4th 1191 (2005).  Plaintiff does not allege that Defendants used the recordings for
6 any specific reason and, in fact, most recordings were never used or listened to by a single
7 person.  Thus, there is little relationship between the harm and the statutory damages potentially
8 available in this case.

9    Finally, most states require only "one-party" consent to call recording, and impose no
10 penalty under like circumstances.  Only 11 other states are "two-party" consent, and some have
11 exceptions applicable to a business enterprise.  *E.g.,* 18 Pa. Cons. Stat. § 5704 (Pennsylvania
12 exception for "the personnel of a business engaged in telephone marketing or telephone customer
13 service . . . . where such interception is made for the sole purpose of training, quality control or
14 monitoring by the business").  Still other states permit compliance with the law of the state
15 where the recording was made.  *E.g., State of Washington v. Fowler*, 157 Wash. 2d 387 (2006)
16 (no violation where recording was made in Oregon).  Therefore, Plaintiff's claim, when brought
17 on behalf of a class of thousands of individuals, would impose an unconstitutional and
18 disproportionate penalty on Defendants.

19 **VII.    CONCLUSION**

20    For all the foregoing reasons, the Complaint should be dismissed.  The Complaint fails to
21 plead sufficient facts showing the occurrence of a "confidential" communication, and Plaintiff
22 has not suffered an invasion of privacy.  Alternatively, the Court should not allow the case to
23 proceed on a class basis, since it is apparent from the face of the pleadings that the putative
24 classes are defective and an aggregated minimum statutory damage scheme would grossly
25 violate Defendants' constitutional rights.

26

27

28

DEFENDANTS' MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO. C 12-CV-05083-KAW ADR

4841-0421-2241.2

Dated:  October 9, 2012

**FOLEY & LARDNER LLP**
NANCY L. STAGG
ANDREW B. SERWIN
EILEEN R. RIDLEY
TAMMY H. BOGGS


By: /s/  Nancy L. Stagg
         NANCY L. STAGG
         ATTORNEYS FOR DEFENDANTS WYNDHAM
         INTERNATIONAL, INC., WYNDHAM
         WORLDWIDE OPERATIONS, INC. AND
         WYNDHAM HOTELS AND RESORTS, LLC

18

DEFENDANTS' MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO. C 12-CV-05083-KAW ADR

**CERTIFICATE OF SERVICE**

I hereby certify on this 9th day of October, 2012, that a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.


/s/ Nancy L. Stagg
Nancy L. Stagg

4841-0421-2241.2