1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| JOYCE ROBERTS AND LATROYA SIMPSON, individually and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WYNDHAM INTERNATIONAL, INC. et al,<br><br>Defendants. | Case No. 12-CV-5180-PSG<br><br>**(Re: Docket No. 8)** |
| --- | --- |
| JOYCE ROBERTS, individually and on behalf of classes of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM INTERNATIONAL, INC. et al,<br><br>Defendants. | Case No. 12-CV-5083-PSG<br><br>**(Re: Docket No. 8)** |

**ORDER DENYING MOTIONS TO DISMISS AND DENYING MOTIONS TO STRIKE CLASS ALLEGATIONS**

In these putative class actions Defendants Wyndham International, et al ("Defendants")

move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the complaints brought by Plaintiff Joyce

Roberts alone and Plaintiffs Latroya Simpson ("Simpson") and Joyce Roberts ("Roberts") together

1

(collectively "Plaintiffs").[1]  Defendants also move in the alternative to strike the class allegations in Plaintiffs' complaints.  Having considered the parties' papers and their oral arguments, the court DENIES Defendants' motions to dismiss and DENIES Defendants' motions to strike.

### I.    BACKGROUND

Unless otherwise noted, the court draws the relevant facts from Plaintiffs' complaints.  On July 18, 2012, Plaintiffs filed a complaint against Defendants in Alameda County Superior Court on behalf of themselves and other individuals similarly situated.[2]  In the complaint, Plaintiffs alleged that Defendants have a policy of "recording and/or intercepting and/or eavesdropping upon calls" made to its central reservations phone number "without the consent of all parties."[3] Defendants removed the case to this court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[4]

Roberts alleges that "[w]ithin the last year" she called Defendants' telephone numbers "using a cellular telephone" to "inquire about hotel rates and/or to make hotel reservations."[5] "[D]uring her phone calls with Defendants, [Roberts] shared sensitive personal information with Defendants, including her name and/or credit card information."[6]  Roberts also alleges that "[w]ithin the last year" she called Defendants' telephone numbers "using a hardwired landline telephone."[7]  As with her cellular telephone calls, Roberts inquired about "hotel rates and/or to

---

[1] The two complaints and Defendants' papers to dismiss each of them are nearly identical. *Compare* Docket Nos. 1 and 8 in Case No. 12-5083 *with* Docket Nos. 1 and 8 in Case No. 12-5180. At the hearing, Defendants' counsel admitted the issues in the two cases are essentially the same. Accordingly, the court considers Defendants' motions together.

[2] *See* Docket No. 1-1 Ex. A

[3] *See id.* ¶ 1.

[4] *See* Docket No. 1-1.

[5] *See* Docket No. 1-1 Ex. A ¶ 22(a).

[6] *See id.*

[7] *See id.* ¶ 22(b).

United States District Court
For the Northern District of California

make hotel reservations" and likewise shared "sensitive personal information" including her "name and/or her credit card information."[8]

Simpson alleges that "[d]uring February through July 2011" she called another of Defendants' telephone numbers "from California using her cellular telephone."[9]  Simpson also called "to inquire about hotel rates and/or to make reservations" and thereby "shared sensitive personal information with Defendants, including her name and/or credit card information."[10]

According to Plaintiffs, during their calls to Defendants' numbers, "Defendants failed to disclose to Plaintiffs that their telephone conversations with Defendants were being recorded and/or monitored and/or eavesdropped upon."[11]  Plaintiffs thus "did not give and could not have given consent for the telephone calls to be recorded, monitored, or eavesdropped upon because they were unaware that Defendants were engaged in that practice during the telephone calls."[12] They further allege that Defendants failed to notify any callers to their numbers and so "recording and/or monitoring and/or eavesdropping necessarily occurred without the callers' knowledge or consent."[13]

Plaintiffs contend that "because there was no warning that calls would be recorded or monitored or eavesdropped upon," they had "a reasonable expectation that their telephone conversations with Defendants' employees and agents were, and would remain, private and confined to the parties on the telephone."[14]  Plaintiffs also assert that Defendants' "recording

---

[8] *See id.*

[9] *See id.* ¶ 23.

[10] *See id.*

[11] *See id.* ¶ 24.

[12] *See id.*

[13] *See id.*

[14] *See id.* ¶ 25.

3

and/or monitoring and/or eavesdropping without their consent is highly offensive to Plaintiffs and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Classes."[15]

Plaintiffs allege that through these actions Defendants violated California Penal Code Sections 632 and 632.7.[16]  Section 632 prohibits a person from "intentionally and without consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication."  Section 632.7 prohibits the interception and intentional recording "without consent of all parties to a communication" of calls between "two cellular radio phones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."  Plaintiffs bring their causes of action pursuant to California Penal Code Section 637.2, which provides a cause of action for victims of violations of any section of the California Invasion of Privacy Act, of which Sections 632 and 632.7 are a part.

In their complaint, Plaintiffs seek to represent two classes of callers.  Plaintiffs define the first class, which they label "the Class," as follows:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with the Wyndham telephone numbers from a cellular or cordless telephone located in California and whose calls were recorded and/or monitored by Defendants surreptitiously or without disclosure.[17]

Plaintiffs define the second class, which they label the "PC § 632 Class," as follows:

> All California residents who, at any during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with the Wyndham telephone numbers using a hardwired landline telephone located in California and whose calls were recorded and/or eavesdropped upon by Defendants surreptitiously or without disclosure.[18]

---

[15] *See id.*

[16] *See id.* ¶¶ 41-53.

[17] *See id.* ¶ 26.

[18] *See id.* ¶ 27.

4

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

Plaintiffs contend that common questions dominate the claims brought on behalf of the Class, including in particular whether Defendants have a policy of recording class members' calls without their consent in violation of California Penal Code Section 632.7.[19]  Plaintiffs also contend that common questions dominate the claims brought on behalf of the PC § 632 Class, namely whether Defendants have a policy of recording or eavesdropping on class members' calls without their consent in violation of California Penal Code Section 632.[20]

Plaintiffs assert that the classes "contain numerous members and are clearly ascertainable" using Defendants' telephone records and other telephone service providers' records.[21]  They contend that they are adequate representatives for the classes and that their claims are typical of the classes' members.[22]  Plaintiffs claim as damages the civil penalties of $5,000 per violation provided under California Penal Code Section 637.2.[23]

Defendants now move this court to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and in the alternative to strike Plaintiffs' class allegations pursuant to Fed. R. Civ. P. 12(f).[24]

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[25]  If a plaintiff fails to proffer "enough facts to state a claim to relief that is

---

[19] *See id.* ¶ 34.

[20] *See id.* ¶ 35.

[21] *See id.* ¶ 28.

[22] *See id.* ¶¶ 33, 36.

[23] *See id.* ¶ 54.

[24] *See* Docket No. 8.

plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[26] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27] Accordingly, under Fed.R.Civ.P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[28]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[29] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[30] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[31] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment."[32]

**B.    Motion to Strike**

Fed. R. Civ. P. 12(f) provides that the court may strike from any pleading "redundant, immaterial, impertinent, or scandalous matter." The purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with

---

[25] Fed. R. Civ. P. 8(a)(2).

[26] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[27] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).

[28] *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir.1990).

[29] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1061 (9th Cir.2008).

[30] *See id.* at 1061.

[31] *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001); *see also Twombly,* 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[32] *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003).

United States District Court
For the Northern District of California

those issues prior to trial."[33]  The court must "view[] the pleadings in the light most favorable to

the non-moving party, and the information will not be stricken unless it is evident that it has no

bearing upon the subject matter of the litigation."[34]   "Any doubt concerning the import of the

allegations to be stricken weighs in favor of denying the motion to strike."[35]

Fed. R. Civ. P. 23(d)(1)(D) provides that the court may "require that the pleadings be

amended to eliminate allegations about representation of absent persons and that the action proceed

accordingly."  Pursuant to Rule 23(d)(1)(D), the court may strike class allegations if the complaint

plainly reflects that a class action cannot be maintained.[36]  As with motions to strike, the court must

take into consideration the early stages of the proceeding and must view the pleadings in the light

most favorable to the non-moving party.[37]  And like Rule 12(f) motions, Rule 23(d)(1)(D) motions

should be granted only when the complaint has obvious defects that cannot be cured through class

discovery and the class certification process.[38]

## III.    DISCUSSION

### A.    Motion to Dismiss

Defendants argue that Plaintiffs fail to allege sufficient facts to sustain a cause of action

under California Penal Code Sections 632 and 632.7.[39]  According to Defendants, both sections

require that Plaintiffs allege an objectively reasonable expectation of privacy in their conversations

---

[33] *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)) (internal citations and quotations omitted).

[34] *Cal. Dept. of Toxic Substances*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

[35] *In re Walmart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007).

[36] *See Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009).

[37] *See In re Walmart Stores, Inc.*, 505 F. Supp. 2d at 615.

[38] *See id.*

[39] *See* Docket No. 8.

7

United States District Court
For the Northern District of California

1

2

3

with Defendants because the sections protect only "confidential communications."[40]  As to the

Section 632.7 claim, Defendants also argue that Plaintiffs failed to plead sufficiently certain facts

to maintain a cause of action. The court considers each claim in turn.

### 1.      Section 632.7 Claim

The court first disposes of the motion to dismiss the Section 632.7 claim.  Section 632.7

does not require that a communication be confidential to be protected against interception or

recording.  The text of the section notably contains no reference to "confidential

communications."[41]  The California Supreme Court noted in *Flanagan v. Flanagan* the broader

scope of Section 632.7 because it protects more than just confidential communications.[42]

Defendants also argue for the first time in their reply brief that Plaintiffs' allegations about

the type of phone Defendants used to answer Plaintiffs' calls were insufficiently specific.[43] In their

complaints, Plaintiffs alleged they had used cellular phones to call phone numbers that ultimately

were received by Defendants "central reservations call center."[44]  According to Defendants,

because Section 632.7 identifies specific types of telephones and protection extends only to

communications between those types of telephones, Plaintiffs had to allege not only what type of

phone they used but also what type of phone Defendants used.[45]  Defendants suggest that recipients

of Plaintiffs' calls hypothetically could have used Voice over Internet Protocol ("VoIP"), which

United States District Court
For the Northern District of California

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[40] *See id.*

[41] *See* Cal. Penal Code § 632.7 ("Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records . . . shall be punished by a fine . . . or by imprisonment.").

[42] 27 Cal. 4th 766, 776 (2002) ("Significantly, [Sections 632.5, 632.6 and 632.7] protect against interception or recording of *any* communication.").

[43] *See* Docket No. 16.

[44] *See* Docket No. 1-1 ¶¶ 15-19.

[45] *See id.*

may not qualify under Section 632.7.  As Defendants see it, Plaintiffs' failure to allege the type of

phone Defendants used, therefore, does not eliminate Defendants' hypothetical situation and is

fatal to Plaintiffs' claim.

Leaving aside for now whether VoIP – which requires internet access and therefore

ostensibly could be construed as a landline form of telephone communication[46] - qualifies under

Section 632.7, the California Supreme Court noted that the amendments to the California Invasion

of Privacy Act, which included Section 632.7, reflected the California Legislature's response "to

the problem of protecting the privacy of parties to calls involving cellular or cordless telephones."[47]

Here, Plaintiffs have alleged a communication involving at least one cellular phone, which satisfies

the California Supreme Court's interpretation of Section 632.7.

Defendants also have not provided any case law supporting their position, and the court

also has not identified any cases where a plaintiff was required to allege the type of phone another

party used as an element of a Section 632.7 claim.  And as Plaintiffs pointed out at the hearing,

they have not had an opportunity to respond to Defendants' new argument.  In light of the dearth of

case law suggesting the telephone format of both parties to a conversation must be alleged for a

Section 632.7 claim, the court declines Defendants' invitation to require that Plaintiffs make such

additional allegations.

Accordingly, Defendants' motion to dismiss the Section 632.7 claim is DENIED.

**2.      Section 632 Claim**

Turning to the Section 632 claim, which does require a communication to be confidential,

Defendants argue that Plaintiffs allegations fail to allege an objectively reasonable expectation of

---

[46] *See* 47 C.F.R. 9.3 ("An interconnected Voice over Internet protocol (VoIP) service is a service
that: (1) Enables real-time, two-way voice communications; (2) Requires a broadband connection
from the user's location; (3) Requires Internet protocol-compatible customer premises equipment
(CPE); and (4) Permits users generally to receive calls that originate on the public switched
telephone network and to terminate calls to the public switched telephone network.").

[47] *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776 (2002).

United States District Court
For the Northern District of California

privacy as required under Section 632.[48]  According to Defendants, Plaintiffs provide only

conclusory allegations that because they were not provided notice that the conversations were

recorded, they had an objectively reasonable expectation of privacy that Defendants were not

recording the calls.[49]  Defendants assert that Plaintiffs' allegations do not support that the

communications in fact were confidential.[50]

      Section 632 was part of the original 1967 enactment of the California Privacy Act,[51] and

Section 632(a) prohibits recording a "confidential communication" "intentionally and without the

consent of all of the parties."  Section 632(c) defines a "confidential communication" as including

"any communication carried on in circumstances as may reasonably indicate that any party to the

communication desires it to be confined to the parties thereto."  Excluded from protection are

communications in "circumstance[s] in which the parties to the communication may reasonably

expect that the communication may be overheard or recorded."[52]

      In *Flanagan*, the California Supreme Court held that a communication is confidential under

Section 632 "if a party to that conversation has an objectively reasonable expectation that the

conversation is not being overheard."[53]  The Court rejected an earlier test that required plaintiffs to

prove that the contents of the communication were confidential.[54]  The Court clarified that Section

---

[48] *See* Docket No. 8.

[49] *See id.*

[50] *See id.*

[51] *See Kearney v. Salomon Smith Barney*, 39 Cal. 4th 95, 115 (2006).

[52] Cal. Penal Code § 632(c).

[53] 27 Cal. 4th at 777.

[54] *See id.* at 774.

10

United States District Court
For the Northern District of California

632 "protects against intentional, nonconsensual recording of telephone conversations regardless of the content of the conversation or the type of telephone involved."[55]

In *Kearney v. Salomon Smith Barney*, the California Supreme Court questioned a lower court's assertion that "even in the absence of an explicit advisement, clients or customers of financial brokers . . . know or have reason to know that their telephone calls with the brokers are being recorded."[56]  The Court noted instead that "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded."[57]

In light of the holding in *Flanagan* and the dicta in *Kearney*, Plaintiffs' allegations, although not the model of specificity and detail, are sufficient.  Plaintiffs have sufficiently alleged that the absence of notice from Defendants that their calls were being recorded gave rise to an objectively reasonable expectation of privacy that the phone calls would not be recorded.  Other courts have held similar allegations to be sufficient.[58]

Defendants point to district court cases that have dismissed similar claims on the grounds that the plaintiffs there failed to allege that their communications were confidential as required under Section 632.[59]  Having reviewed those cases, the court is unpersuaded by their reasoning.  In *Young v. Hilton Worldwide, Inc.*, the court determined that the plaintiff failed to allege an

---

[55] *Id.* at 776.

[56] 39 Cal. 4th at 118 n.10.

[57] *Id.*

[58] *See Simpson v. Best Western Int'l, Inc.*, Case No. 12-cv-04672-JCS, 2012 WL 5499928, at *5-9 (N.D. Cal. Nov. 13, 2012); *Brown v. Defender Sec. Co.*, Case No. 12-7319-CAS (C.D. Cal Oct. 22, 2012).

[59] *See* Docket No. 8.

United States District Court
For the Northern District of California

objectively reasonable expectation of privacy in his communications with the defendant because the plaintiff "knew, or should have known, that it was necessary to share . . . information with others who were not parties to the telephone conversation."[60]  This reasoning directly contrasts the California Supreme Court's holding in *Flanagan* that the proper inquiry is whether the party expected the communication itself to not be recorded, not whether the party expected the content of the communication to remain a secret.

The court's decision in *Faulkner v. ADT Security Services, Inc.* likewise appears to rely impermissibly on the content of the communication to determine that the plaintiff did not have an objectively reasonable expectation of privacy.[61]  In *Faulkner*, the court indicated that it considered the circumstances surrounding the communication to determine whether the plaintiff reasonably believed his communication was confidential.  But the court pointed to the billing dispute that was the content of the plaintiff's communication and compared that content to the family dispute in *Flanagan* and the financial information at issue in *Kearney* to highlight why the plaintiff did not have an objectively reasonable expectation of privacy.[62]

Although the content of the communication is undoubtedly relevant to whether a party had a reasonable expectation of privacy in the communication, it is not dispositive and it should not be. As the California Supreme Court noted in *Ribas v. Clark*, the right protected by Section 632 is not against "betrayal of [a party's] confidence by the other party" but rather Section 632 protects against "simultaneous dissemination to an unannounced second auditor."[63]

---

[60] 2012 U.S. Dist. LEXIS 84163 (C.D. Cal. June 18, 2012).

[61] 2011 U.S. Dist. LEXIS 50993 (N.D. Cal. May 12, 2011).

[62] *See id.*

[63] 38 Cal. 3d 355, 360-61 (1985).  Although *Ribas* dealt with California Penal Code Section 631, the reasoning is applicable to the entire California Invasion of Privacy Act and the California Supreme Court has held as much.  *See Flanagan*, 27 Cal. 4th at 775.

United States District Court
For the Northern District of California

1

2

3

4

Accordingly, Plaintiffs have sufficiently alleged that the absence of notice that their calls were being recorded gave rise to an objectively reasonable expectation of privacy in the communications, regardless of the content of those communications.  Defendants' motion to dismiss Plaintiffs' Section 632 claim is DENIED.

5

**B.      Motion to Strike**

6

7

8

9

10

11

12

Defendants move to strike Plaintiffs' class allegations on the grounds that Plaintiffs cannot maintain a class based on the facts in their complaints.[64]  Defendants point to several defects in Plaintiffs' complaints: (1) the class is unascertainable; (2) the class is overbroad; (3) the class cannot be maintained under Fed. R. Civ. P. 23(b)(3) because individual fact questions dominate; and (4) the statutory damages are unconstitutionally excessive when aggregated as part of a class action.[65]

13

14

15

16

17

18

19

20

21

22

Plaintiffs respond that Defendants' challenge is premature and Defendants' arguments are more properly addressed after class discovery and during the class certification stage.[66]  Plaintiffs further argue that even if Defendants' motion is not premature, they have sufficiently alleged a proper class that is ascertainable, not overbroad, and not dominated by individual fact questions.[67]  As to Defendants' excessive damages argument, Plaintiffs point to the Ninth Circuit's holding in *Bateman v. American Multi-Cinema, Inc.*[68] that excessive damages should not be a factor at the class certification stage.  Plaintiffs assert that the court, therefore, should not consider the potential excessiveness of damages at this earlier stage of a motion to strike class allegations.[69]

23

24

25

26

27

28

[64] *See* Docket No. 8.

[65] *See id.*

[66] *See* Docket No. 15.

[67] *See id.*

[68] 623 F.3d 708 (9th Cir. 2010).

[69] *See* Docket No. 15.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The court agrees that Defendants' arguments are premature.  Defendants' papers highlight that they really seek an early class certification determination, rather than merely striking class allegations.[70]  Defendants argue extensively about whether documents exist that enable Plaintiffs to ascertain through objective criteria the members of the class and whether the class is overbroad as currently defined in light of the mobility of cell phones and California's requirement that to be protected by the California Invasion of Privacy Act, alleged victims must be within California.[71] Defendants make several assertions about how unlikely it is that Plaintiffs will be able to pass muster in defining the class and showing that common questions dominate the individual fact determinations that may be required.[72]

Defendants may be right, but at this stage, the court has only Plaintiffs' pleadings before it. Those pleadings define the two classes as California residents who used cellular phones or cordless phones and California residents who used landline telephones to call Defendants' call center and were recorded without notice or without consent.  Plaintiffs have made sufficient allegations to survive a motion to strike.[73]  Class discovery may serve to refine the class and the allegations and to aid the court in determining whether class certification is appropriate.[74]

---

[70] Many of the cases Defendants cite are from class certification decisions.  *See, e.g., Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075 (N.D. Cal. 2011); *Berndt v. Cal. Dep't of Corr.*, Case No. C 03-3174 VRW, 2010 U.S. Dist. LEXIS 57833 (N.D. Cal. May 19, 2010); *Rodriguez v. Gates*, Case No. 99-13190 GAF, 2002 U.S. Dist. LEXIS 10654 (C.D. Cal. May 30, 2002).  The cases Defendants cite where courts granted motions to strike involved class allegations that were more problematic than Plaintiffs' current class definition.  *See, e.g., Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class allegations regarding iMac "owners" which would include members without standing); *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008) (finding class definition involving "false advertisements" required preliminary legal conclusion).

[71] *See* Docket No. 8.

[72] *See id.*

[73] *See Simpson v. Best Western Int'l, Inc.*, Case No. 12-cv-04672-JCS, 2012 WL 5499928, at *5-9 (N.D. Cal. Nov. 13, 2012).

[74] This case is unlike *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147 (1982), with Defendants cite.  In *Falcon*, the plaintiff sought to represent a class consisting of Mexican-Americans who the

14

Defendants' motion to strike class allegations is DENIED.

Dated: November 29, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

defendant allegedly had discriminated against by failing to hire because of their race. *See id.* at 150-51. The plaintiff, however, had been hired by the defendant in contravention of the argument he made on behalf of the class. *See id.* at 159. Plaintiffs' allegations do not suffer from the same facial defect.