ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California  95630
Telephone: (916) 447-0100
Fax: (916) 933-5533

Attorneys for Plaintiff
JOYCE ROBERTS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTICT OF CALIFORNIA

| | |
|---|---|
| JOYCE ROBERTS, individually and on behalf of classes of similarly situated individuals, | ) Case No.:  5:12-cv-05083-PSG |
| | ) |
| | ) Hon. Magistrate Judge Paul S. Grewal |
| Plaintiff, | ) |
| | ) CLASS ACTION |
| v. | ) |
| | ) **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| WYNDHAM HOTELS AND RESORTS, LLC; and DOES 1 through 10, inclusive, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) |
| | ) |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS ACTION COMPLAINT

Plaintiff Joyce Roberts ("Plaintiff"), on behalf of herself and the two classes ("the Classes") of similarly situated individuals as defined below, alleges on information and belief and the investigation by counsel as follows:

## INTRODUCTION

1.      This class action lawsuit arises out of Defendant Wyndham Hotels and Resorts, LLC's ("Defendant" or "Wyndham") policy and practice of recording and/or intercepting and/or eavesdropping upon calls made or routed to certain call centers operated by Aegis USA, Inc. ("Aegis") on behalf of and as an agent for Wyndham.  During the relevant time period, telephone calls to Wyndham toll-free reservation, rewards, and customer service numbers (collectively, Wyndham's "toll-free telephone numbers") were routed to one of four separate call centers located in Aberdeen, South Dakota; Saint John, New Brunswick, Canada; Manila, Philippines; and Tamil Nadu, India.  The Aberdeen and Saint John call centers were operated by Defendant Wyndham, while the Philippines and India call centers were operated by Aegis as an agent of Wyndham.

2.      Before March 2012, Wyndham recorded incoming telephone calls to its toll-free telephone numbers routed to the Aberdeen and Saint John call centers based on pre-set recording schedules.  Under the recording schedules, Wyndham would record calls to certain toll-free numbers and/or customer service groups only during set hours of the day.  Before August 2011, callers who were routed to the Aberdeen and Saint John call centers during the pre-set "recording" hours and were recorded received a pre-recorded disclosure that their calls may be recorded.  Callers routed to the Aberdeen and Saint John call centers during "non-recording" hours and were not recorded received no warning or disclosure.

3.      Until March 24, 2012, no warning or disclosure was provided to any incoming callers to Wyndham toll-free telephone numbers routed to the Philippines and India call centers that their calls may be recorded.

4.       Wyndham owns numerous toll-free reservation, rewards, and customer service telephone numbers, including 1-866-WYN-RWDS (1-866-996-7937) and other toll-free telephone numbers which connect callers with Wyndham Rewards.  During the relevant time period through

FIRST AMENDED COMPLAINT FOR DAMAGES          2          5:12-cv-05083-PSG

and including March 24, 2012, some callers to Wyndham Rewards toll-free telephone numbers were connected to one or more call centers operated by Aegis.  Also during the relevant time period through and including March 24, 2012, numerous other toll-free telephone numbers related to Wyndham's hotel brands, including, but not limited to, Wyndham Hotels & Resorts, Super 8, Travelodge, Howard Johnson, Ramada, Baymont, Day's Inn, Knight's Inn, Hawthorne, Wingate, and Tryp Hotels, also connected callers to one or more call centers operated by Aegis.

5.     During the relevant time period through and including March 24, 2012, Defendant intentionally and surreptitiously recorded and/or intercepted (i.e., monitored) telephone calls made to Wyndham toll-free telephone numbers that were routed to the Aegis-operated Philippines and India call centers.  Defendant did so without warning or disclosing to callers that their calls might be recorded or intercepted/monitored.  (The terms "intercept" and "monitor" are used interchangeably in this complaint.)

6.     Defendant's policy and practice of recording and intercepting telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*).  Specifically, Defendant's policy and practice violate Penal Code § 632.7, which prohibits the recording or intercepting (i.e., monitoring) of a communication made from a cellular or cordless telephone without the consent of all parties to the communication, and Penal Code § 632, which similarly prohibits the recording or intercepting (i.e. monitoring) of a confidential communication made from a hardwired landline telephone without the consent of all parties to the communication.

7.     As a result of Defendant's violations, all individuals who called a Wyndham toll-free telephone number and were routed to an Aegis-operated call center during the relevant time period through and including March 24, 2012, and were recorded or monitored or eavesdropped upon by Defendant surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

## **PARTIES**

8.     Plaintiff Joyce Roberts is an individual and a resident of Fremont, California, a city within the County of Alameda.

1       9.    Wyndham Hotels and Resorts, LLC ("Wyndham") is a wholly owned subsidiary of

2   Wyndham Hotel Group, LLC, which in turn is a subsidiary of Wyndham Worldwide.  Wyndham is a

3   limited liability company organized under the laws of the State of Delaware with a principal place of

4   business in Parsippany, New Jersey.  Defendant systematically and continuously does business in

5   California and with California residents.

6       10.    "Defendant" means and refers to Defendant Wyndham, and the fictitiously named

7   Defendants, each and all of them.

8       11.    Plaintiff is informed and believes and on that ground alleges that, at all relevant times,

9   each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling

10  shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in

11  interest of some or all of the other Defendants, and was engaged with some or all of the other

12  Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other

13  Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is

14  informed and believes and on that ground alleges that each Defendant acted pursuant to and within

15  the scope of the relationships alleged above, and that each knew or should have known about and

16  authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

17      **JURISDICTION AND VENUE**

18      12.    This Court has subject matter jurisdiction over this action under California Penal Code

19  §§ 632, 632.7 and 637.2.

20      13.    This Court has personal jurisdiction over the parties because Defendant systematically

21  and continually has conducted business in the State of California.  Likewise, Plaintiff's rights were

22  violated in the State of California and her claims arose out of her contact with Defendant from

23  California.

24      14.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part

25  of the events or omissions giving rise to the claims occurred within this District.

26      **FACTUAL ALLEGATIONS COMMON TO THE CLASS**

27      15.    Plaintiff is informed and believes and on that ground alleges that Wyndham Hotels and

28  Resorts, Super 8, Travelodge, Howard Johnson, Ramada, Day's Inn, Baymont, Knight's Inn,

Hawthorne, Microtel Inn & Suites, Wingate, and Tryp Hotels, and possibly others, all are hotel brands owned by Defendant Wyndham.  Plaintiff is further informed and believes and on that ground alleges that Wyndham operates Wyndham Rewards, a loyalty program associated with all of its branded hotels.

16.     Plaintiff is informed and believes and on that ground alleges that the toll-free reservation and customer service telephone numbers associated with each of Wyndham's hotel brands connect callers to one of the call centers operated by Defendant or its agent, Aegis.  All Wyndham hotels and related brand hotels, including franchises, are required to participate in the toll-free telephone numbers.  Plaintiff is further informed and believes and on that ground alleges that the toll-free telephone numbers associated with Defendant's Wyndham Rewards loyalty program connect callers to one of the call centers operated by Defendant or its agent, Aegis.  Plaintiff is informed and believes and on that ground alleges that Defendant's employees and agents at the four call centers receive incoming calls originating from within the United States, including from California callers.

17.     Plaintiff is informed and believes and on that ground alleges that, at all relevant times through and including March 24, 2012, and without warning callers that their calls could be recorded or monitored, Defendant and its agent, Aegis, intentionally used technology consisting of hardware and/or software to carry out a practice and policy of recording and/or intercepting (i.e., monitoring) and/or eavesdropping upon those calls that were made to Wyndham toll-free telephone numbers and routed to the Aegis-operated Philippines and India call centers.

18.     Plaintiff is informed and believes and on that ground alleges that Defendant's employees and agents at the Philippines and India call centers were directed, trained, and instructed to, and did, record and/or monitor and/or eavesdrop upon telephone calls between the Wyndham toll-free telephone numbers and callers, including California callers.

19.     During the relevant time period through and including March 24, 2012, Plaintiff called the Wyndham toll-free reservation telephone numbers numerous times from California using a hardwired landline and a cellular telephone.  Plaintiff called the Wyndham toll-free reservation telephone numbers to inquire about hotel rates and/or to make reservations.  On numerous occasions, Plaintiff's calls were routed to one or more of the Aegis-operated call centers and recorded without

any warning to Plaintiff that her call would be recorded.

20.     During Plaintiff's telephone calls to Defendant and its agent, Aegis, Defendant failed to disclose to Plaintiff that her telephone conversations were being recorded and/or monitored. Plaintiff did not give and could not have given consent for the telephone calls to be recorded, monitored or eavesdropped upon because she was unaware that Defendant and its agent, Aegis, were engaged in that practice during the telephone calls.  Plaintiff is informed and believes and on that ground alleges that callers who called the Wyndham toll-free telephone numbers during the relevant time period through and including March 24, 2012 and were routed to one of the Aegis-operated call centers were not informed by Defendant or anyone else that their calls were being recorded and/or monitored and/or eavesdropped upon.  Thus, that recording and/or monitoring and/or eavesdropping necessarily occurred without the callers' knowledge or consent.

21.     Because there was no warning that calls would be recorded or monitored or eavesdropped upon, Plaintiff had a reasonable expectation that her telephone conversations with Defendant's employees and agents were, and would remain, private and confined to the parties on the telephone.  That recording and/or monitoring and/or eavesdropping without her consent is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Classes.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the class (the "Class") defined as follows:

> All California residents who, between March 1, 2011 and March 24, 2012, inclusive, called one or more of Wyndham's toll-free telephone numbers from a cellular or cordless telephone while located within the State of California and whose calls were transferred to the Philippines or India call centers operated by Aegis as an agent of Wyndham and recorded without any warning or disclosure at the call outset, except for any calls specifically associated with the Howard Johnson Brand.

23.     Plaintiff also brings this action on behalf of herself and the additional class (the "PC § 632 Class") defined as follows:

All California residents who, between March 1, 2011 and March 24, 2012, inclusive, called one or more of Wyndham's toll-free telephone numbers using a hardwired landline telephone while located within the State of California and whose calls were transferred to the Philippines or India call centers operated by Aegis as an agent of Wyndham and recorded without any warning or disclosure at the call outset, except for any calls specifically associated with the Howard Johnson Brand.

24.     The Class that Plaintiff seeks to represent and the PC § 632 Class that Plaintiff seeks to represent contain numerous members and are clearly ascertainable including, without limitation, by using the records of Defendant and its agent, Aegis, and/or the telephone company records of Defendant and its agent, Aegis, and/or other toll-free service provider's records regarding calls to the Wyndham toll-free telephone numbers routed to the Aegis-operated call centers to determine the size of the Class and the PC § 632 Class and to determine the identities of individual Class members and PC § 632 Class members.  Plaintiff reserves the right to amend or modify the Class and the PC § 632 Class definitions and to add subclasses or limitations to particular issues.

25.     By its unlawful actions, Defendant has violated Plaintiff's and the Class's and the PC § 632 Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq.*  The questions raised are, therefore, of common or general interest to the Class and the PC § 632 Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

26.     Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers from the same violations of the law as other putative Class members.  Similarly, Plaintiff's claims are typical of those of the PC § 632 Class, as Plaintiff now suffers from the same violations of the law as other putative PC § 632 Class members.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions to represent her and the Class and the PC § 632 Class, and Plaintiff will fairly and adequately represent the interests of the Class and the PC § 632 Class.

27.     This action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and

the proposed Class and the PC § 632 Class are ascertainable.

**Numerosity**

28.     Based on information and belief, the Class and the PC § 632 Class consist of tens of thousands of individuals, making joinder of individual cases impracticable.

**Typicality**

29.     Plaintiff's claims are typical of the claims of all of the other members of the Class and the PC § 632 Class.  Plaintiff's claims and the Class and the PC § 632 Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other Class and PC § 632 Class members.

**Common Questions of Law and Fact**

30.      There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.   Those common questions of law and fact include, without limitation, the following:

      a.     Whether Defendant and its agent, Aegis, had a policy or practice of recording and/or intercepting telephone calls made to the Wyndham toll-free telephone numbers that were routed to the Aegis-operated Philippines and India call centers;

      b.     Whether, on or before March 24, 2012, Defendant and its agent, Aegis, had a policy or practice of not disclosing to callers who were routed to the Aegis-operated call centers that their calls might be recorded and/or monitored;

      c.     Whether, on or before March 24, 2012, Defendant and its agent, Aegis, had a policy or practice of not obtaining callers' consent to record and/or monitor telephone calls made to the Wyndham toll-free telephone numbers that were routed to the Aegis-operated call centers;

      d.     Whether Defendant violated California Penal Code § 632.7 by recording and/or monitoring, without warning or disclosure, telephone conversations between callers using cellular and cordless telephones within California and the Wyndham toll-free telephone numbers;

e.   Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for each violation of Penal Code § 632.7.

31.   There are questions of law and fact common to the PC § 632 Class that predominate over any questions affecting only individual PC § 632 Class members.  Those common questions of law and fact include, without limitation, the following:

a.   Whether Defendant and its agent, Aegis, had a policy or practice of recording and/or eavesdropping upon telephone calls made to the Wyndham toll-free telephone numbers that were routed to the Aegis-operated Philippines and India call centers;

b.   Whether, on or before March 24, 2012, Defendant and its agent, Aegis, had a policy or practice of not disclosing to callers who were routed to the Aegis-operated call centers that their calls might be recorded and/or eavesdropped upon;

c.   Whether, on or before March 24, 2012, Defendant and its agent, Aegis, had a policy or practice of not obtaining callers' consent to record and/or eavesdrop upon telephone calls made to the Wyndham toll-free telephone numbers that were routed to the Aegis- operated call centers;

d.   Whether Defendant violated California Penal Code § 632 by recording and/or eavesdropping, without warning or disclosure, upon telephone conversations between callers using hardwired telephones within California and the Wyndham toll-free telephone numbers;

e.   Whether PC § 632 Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for each violation of Penal Code § 632.

**<u>Adequacy</u>**

32.   Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and the PC § 632 Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the other Class and PC § 632 Class

members and have the financial resources to do so.  Neither Plaintiff nor her counsel have any interests adverse to those of the other Class or PC § 632 Class members.

**<u>Superiority</u>**

33.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class and/or PC § 632 Class members is impracticable and questions of law and fact common to the Class and the PC § 632 Class predominate over any questions affecting only individual members of the Class and/or the PC § 632 Class.  Even if every individual Class and/or PC § 632 Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.  Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties and protect the rights of each Class and PC § 632 Class member.  Further, it will prevent the very real harm that would be suffered by numerous putative Class and PC § 632 Class members who simply will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage as their reward for obeying the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

34.     The prosecution of separate actions by individual Class and PC § 632 Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class and PC § 632 Class members not parties to those adjudications or that would substantially impair or impede the ability of those non-party Class or PC § 632 Class members to protect their interests.

35.     The prosecution of individual actions by Class and PC § 632 Class members would establish inconsistent standards of conduct for Defendant.

36.     Defendant has acted or refused to act in respects generally applicable to the Class and the PC § 632 Class, thereby making appropriate final and injunctive relief or corresponding

1   declaratory relief with regard to members of the Class and/or the PC § 632 Class as a whole as
2   requested herein.   Likewise, Defendant's conduct as described above is unlawful, is capable of
3   repetition, and will continue unless restrained and enjoined by the Court.

4   **FIRST CAUSE OF ACTION**

5   **Unlawful Recording and Intercepting of Communications against Defendant**

6   **(Violation of California Penal Code § 632.7)**

7        37.      Plaintiff incorporates each allegation set forth above as if fully set forth herein and
8   further alleges as follows.

9        38.      Plaintiff participated in numerous telephone calls that she made to one or more
10  Wyndham toll-free telephone numbers while within the State of California and that were routed to
11  one of the Aegis-operated call centers.  Plaintiff used a cellular telephone to engage in at least some
12  of those conversations.

13       39.      Plaintiff is informed and believes and on that ground alleges that, at all relevant times,
14  Defendant and its agent, Aegis, had a policy and practice of using hardware and/or software that
15  enabled them to surreptitiously record and/or monitor conversations with Plaintiff and Class members
16  who used cellular or cordless telephones to place calls to Wyndham's toll-free telephone numbers and
17  were routed to one of the Aegis-operated call centers.

18       40.      Plaintiff is informed and believes and on that ground alleges that, at all relevant times
19  through and including March 24, 2012, Defendant and its agent, Aegis, had and followed a policy and
20  practice of intentionally and surreptitiously recording and/or monitoring Plaintiff's and Class
21  members' cellular and cordless telephone calls that were placed to Wyndham's toll-free telephone
22  numbers and routed to one of the Aegis-operated call centers.

23       41.      Because, at all relevant times before March 24, 2012, Defendant and its agent, Aegis,
24  had and followed a policy and practice of not disclosing to Plaintiff or Class members that their
25  cellular and cordless telephone calls to the Wyndham toll-free telephone numbers that were routed to
26  one of the Aegis-operated call centers were recorded and/or monitored, Defendant and its agent,
27  Aegis, did not obtain, and could not have obtained, Plaintiff's or Class members' express or implied
28  advance consent to the recording or monitoring of those conversations.  As a result, Plaintiff and

Class members had an objectively reasonable expectation that their calls were not being recorded and/or monitored.  That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place.  As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls."  (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

42.     Defendant's conduct as described above violated California Penal Code § 632.7(a). Under Penal Code § 637.2, Plaintiff and Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.  Plaintiff and Class members also are entitled to injunctive relief to enjoin further violations.

## SECOND CAUSE OF ACTION

### Unlawful Recording of and Eavesdropping upon Confidential Communications

### against Defendant

### (Violation of California Penal Code § 632)

43.     Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

44.     Plaintiff participated in numerous telephone calls that she made to one or more Wyndham toll-free telephone numbers while within the State of California and that were routed to one of the Aegis-operated call centers.  Plaintiff used a hardwired landline telephone to engage in at least some of those conversations.

45.     Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendant and its agent, Aegis, had a policy and practice of using hardware and/or software that

1   enabled them to surreptitiously record and/or monitor conversations with Plaintiff and PC § 632 Class

2   members who used hardwired landline telephones to place calls to Wyndham's toll-free telephone

3   numbers and were routed to one of the Aegis-operated call centers.

4          46.    Plaintiff is informed and believes and on that ground alleges that, at all relevant times

5   through and including March 24, 2012, Defendant and its agent, Aegis, had and followed a policy and

6   practice of intentionally and surreptitiously recording and/or eavesdropping upon Plaintiff's and PC §

7   632 Class members' telephone calls that were placed to Wyndham toll-free telephone numbers and

8   routed to one of the Aegis-operated call centers.

9          47.    Because, at all relevant times through and including March 24, 2012, Defendant and

10  its agent, Aegis, had and followed a policy and practice of not disclosing to Plaintiff or PC § 632

11  Class members that their telephone calls to Wyndham toll-free telephone numbers that were routed to

12  one of the Aegis-operated call centers would be recorded and/or eavesdropped upon, Defendant and

13  its agent, Aegis, did not obtain, and could not have obtained, Plaintiff's or PC § 632 Class members'

14  express or implied advance consent to the recording or eavesdropping of those conversations.

15         48.    Plaintiff is informed and believes and on that ground alleges that the telephone calls

16  that were made to Wyndham toll-free telephone numbers and routed to one of the Aegis-operated call

17  centers and were surreptitiously recorded and/or eavesdropped upon by Defendant and its agent,

18  Aegis, were "confidential communications" within the meaning of California Penal Code § 632(c) in

19  that Plaintiff and PC § 632 Class members desired and expected the telephone communications as a

20  whole (i.e., both sides of the conversation, taken together) to be confined to the parties to those calls

21  and not recorded, monitored, and/or further disseminated.  Because Defendant and its agent, Aegis,

22  never disclosed to them that their calls were being recorded and/or eavesdropped upon and their

23  consent for recording and/or eavesdropping upon their calls never was sought, Plaintiff and PC § 632

24  Class members had an objectively reasonable expectation that their calls were not being recorded

25  and/or eavesdropped upon.  That expectation and its objective reasonableness arise, in part, from the

26  objective offensiveness of surreptitiously recording people's conversations, the absence of even a

27  simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease

with which such a message could have been put in place.  As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls."  (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

49.  Defendant's conduct as described above violated California Penal Code § 632(a).  Under Penal Code § 637.2, Plaintiff and PC § 632 Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.  Plaintiff and PC § 632 Class members also are entitled to injunctive relief to enjoin further violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and members of the Class and the PC § 632 Class, prays for the following relief:

a.  An order certifying the Class and appointing Plaintiff representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

b.  An order certifying the PC § 632 Class and appointing Plaintiff as representative of the PC § 632 Class, and appointing counsel for Plaintiff as lead counsel for the PC § 632 Class;

c.  An order declaring that the actions of Defendant, as described above, violate California Penal Code § 632.7;

d.  An order declaring that the actions of Defendant, as described above, violate California Penal Code § 632;

e.  A judgment for and award of statutory damages to Plaintiff and the members of the Class and the PC § 632 Class pursuant to California Penal Code § 637.2;

1   f.      A permanent injunction under Penal Code § 637.2 enjoining Defendant from engaging

2           in further conduct in violation of California Penal Code § 630, *et seq;*

3   g.      Payment of costs of the suit;

4   h.      Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

5   i.      An award of pre- and post-judgment interest to the extent allowed by law; and

6   j.      For such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated:  February 2, 2015                 **KELLER GROVER LLP**

_/s/ Eric A. Grover_

Eric A. Grover
Attorneys for Plaintiff


## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated:  February 2, 2015                 **KELLER GROVER LLP**

_/s/ Eric A. Grover_

Eric A. Grover
Attorneys for Plaintiff