NANCY L. STAGG, CA Bar No. 157034
    nstagg@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendant
WYNDHAM HOTELS AND RESORTS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE ROBERTS, individually and on behalf of classes of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>WYNDHAM INTERNATIONAL, INC.; WYNDHAM WORLDWIDE OPERATIONS, INC.; WYNDHAM HOTELS AND RESORTS, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 12-CV-05083-PSG<br><br>**NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF RANDALL A. SNYDER; MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT**<br><br>CLASS ACTION<br><br>Date:        September 1, 2015<br>Time:        10:00 a.m.<br>Place:       Courtroom 5<br>Judge:      Hon. Paul S. Grewal |

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT
RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 12-CV-05083-PSG

4815-4791-3509.3

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. SNYDER'S LIMITED OPINION DOES NOT SATISFY FRE 702 REQUIREMENTS ......... 2

III. PLAINTIFF'S MOTION RELIES LITTLE ON SNYDER'S OPINION ................................. 3

IV. LEGAL STANDARD ............................................................................................. 3

V. SNYDER'S TESTIMONY IS NOT BASED UPON SUFFICIENT FACTS OR DATA
AS REQUIRED BY FRE 702(B) ............................................................................. 5

    A. SNYDER'S OPINION RELIES ON UNSUPPORTED ASSUMPTIONS .................... 5

        1. The Aegis Call List Is Limited ................................................. 5

        2. Snyder Assumes Telecommunication Carriers Retain Records ...................... 6

            a. Plaintiff Did Not Issue a Notice To Carriers To Maintain
Records ................................................................................ 7

        3. Snyder Incorrectly Assumed Plaintiff Used A Phone She Owned .................. 7

    B. SNYDER DELETED CERTAIN OPINIONS HE PROVIDED IN SIMILAR
CASES ................................................................................................ 8

        1. Snyder Deleted His Prior Opinion Regarding the Calling Location .............. 8

        2. Snyder Deleted His Prior Opinion Regarding Subpoenaing CDRs ................. 9

    C. SNYDER TESTIFIED THAT FACTS RELATED TO PLAINTIFF ARE
"IRRELEVANT" TO HIS OPINION ....................................................... 9

VI. SNYDER'S METHODOLOGY IS NOT BASED UPON RELIABLE PRINCIPLES OR
METHODS AS REQUIRED BY FRE 702(C) ............................................................ 10

    A. SNYDER HAS NO EXPERIENCE WITH HIS PROPOSED METHODOLOGY ...... 10

    B. SNYDER'S METHOD WOULD NOT IDENTIFY IF A CLASS MEMBER
USED A CORDLESS PHONE ................................................................ 11

    C. SNYDER'S METHOD ONLY IDENTIFIES THE SUBSCRIBER, NOT THE
CALLER'S IDENTITY ......................................................................... 11

    D. SNYDER'S METHOD RELIES ON A.B. DATA, WHO THEN RELIES ON A
DATA PROCESSOR ............................................................................ 11

    E. SNYDER'S METHOD REQUIRES CALL BY CALL ANALYSIS TO
DETERMINE CALLER, LOCATION, AND TELEPHONE DEVICE ................... 13

    F. SNYDER HAS NEVER ISSUED SUBPOENAS TO A TELECOM COMPANY ...... 13

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A.
SNYDER; MEMORANDUM OR POINTS AND AUTHORITIES
-i-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

VII.  SNYDER HAS NOT APPLIED HIS METHODOLOGY TO THE FACTS OF THIS CASE ........................................................................................................ 14

    A.  SNYDER'S METHODOLOGY WOULD NOT IDENTIFY PLAINTIFF AS A CLASS MEMBER .................................................................................... 14

    B.  SNYDER OFFERS LEGAL CONCLUSIONS REGARDING SUBPOENA POWER ................................................................................................... 14

    C.  SNYDER ONLY OPINES ON CELLULAR PORTION OF PROPOSED CLASS .... 15

    D.  SNYDER DOES NOT OPINE ON WHETHER CALLS WERE PLACED WITHIN CALIFORNIA ..................................................................... 15

    E.  SNYDER DOES NOT OPINE ON THE LANDLINE VERSUS CORDLESS DISTINCTION ................................................................. 15

    F.  SNYDER RELIES ON THE EXPERIENCE OF THIRD PARTY DATA PROCESSORS ............................................................................... 15

VIII.  A HEARING IS APPROPRIATE IF THE COURT IS INCLINED TO DENY THIS MOTION ................................................................................................... 16

IX.  CONCLUSION ................................................................................................... 16

4815-4791-3509.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Boyd v. City and County of San Francisco*,
   576 F.3d 938 (9th Cir. 2009) ...................................................................................4

*In re ConAgra Foods, Inc.*,
   2014 WL 4104405 (C.D. Cal. Aug. 1, 2014)..........................................................5

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)........................................................................................ *passim*

*Domingo ex rel. Domingo v. T.K.*,
   289 F.3d 600 (9th Cir. 2002) ...................................................................................4

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ...................................................................................4

*G.F. Co. v. Pan Ocean Shipping Co., Ltd.*,
   23 F.3d 1498 (9th Cir. 1994) .................................................................................14

*Hangarter v. Provident Life and Conduct Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) .................................................................................14

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999)...............................................................................................1, 4

*McCabe v. Intercontinental Hotels Group Resources, Inc., et al*,
   Case No. 3:12-cv-04818-NC (N.D. Cal.) ...............................................1, 8, 9, 15

*In re Oracle Corp. Sec. Litig.*,
   627 F.3d 376 (9th Cir. 2010) ...................................................................................4

*Perez v. State Farm Mut. Auto. Ins. Co.*,
   2012 WL 3116355 (N.D. Cal. July 31, 2012)..........................................................4

*United States v. Hermanek*,
   289 F.3d 1076 (9th Cir. 2002) .................................................................................4

*United States v. Scholl*,
   166 F.3d 964 (9th Cir. 1999) .................................................................................14

**Federal Statutes**

Fed. R. Evid. 702 ...............................................................................................2, 3, 4, 16

4815-4791-3509.3

Fed. R. Evid. 702(a) ................................................................................................ 2, 7, 12

Fed. R. Evid. 702(b) ................................................................................................ 3, 5, 10

Fed. R. Evid. 702(c) ........................................................................................................ 3

Fed. R. Evid. 702(d) ....................................................................................................... 3

Fed. R. Evid.703 ............................................................................................................. 1

**State Statutes**

Cal. Pen. Code §632 ....................................................................................................... 7

Cal. Penal Code §632.7 ......................................................................................... *passim*

**TO PLAINTIFF AND HIS ATTORNEYS ON RECORD:**

PLEASE TAKE NOTICE that on September 1, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 – 4th Floor of this Court, located at 280 South 1st Street, San Jose, CA 95113, the Honorable Paul S. Grewal presiding, defendant Wyndham Hotels and Resorts, LLC ("WHR"), will and hereby does move this Court for an Order excluding the expert report and testimony of Randall A. Snyder, pursuant to Rules 702 and 703 of the Federal Rules of Evidence.

This motion is made on the grounds that Plaintiff Joyce Roberts has failed to carry her burden of establishing that the opinions offered by Mr. Snyder are sufficiently reliable to be admitted. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

This Motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Nancy L. Stagg dated June 19, 2015 (D.I. 77-1), in Support of WHR's Opposition to Plaintiff's Motion for Class Certification and the exhibits thereto filed (D.I. 77-2) (Stagg Decl."), all of the records on file in this action, and upon such other and further evidence or argument that the Court may permit at the hearing in this matter.

DATED: June 19, 2015                    **FOLEY & LARDNER LLP**


                                        */s/ Nancy L. Stagg*
                                        Nancy L. Stagg
                                        Attorneys for Defendant
                                        WYNDHAM  HOTELS AND RESORTS, LLC

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OR POINTS AND AUTHORITIES
-1-                                    Case No. 12-CV-05083-PSG

4815-4791-3509.3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On first glance, Plaintiff seems to introduce Randall Snyder's expert Declaration to support ascertainability of the two proposed classes Snyder quotes in his declaration.  Snyder's ten-page Declaration and fifty pages of exhibits purport to opine on the ascertainability of the cellular and cordless putative classes.  But upon a closer reading, and after deposing Snyder, it is clear that Plaintiff only asked Snyder to opine on one factor of the class: whether a telephone number was assigned to a cellular telephone on a given date.  This is the only expert opinion Snyder provides, and the only one Plaintiff asked him to provide.  The remainder of Snyder's Declaration touches on other putative class factors, such as geolocation, but offers no opinion.

This surplusage is likely due to Snyder's recycling of his expert declaration from another case in this court, filed by plaintiff's counsel, attempting to certify a similar Cal. Penal Code §632.7 class (*McCabe v. Intercontinental Hotels Group Resources, Inc., et al*, Case No. 3:12-cv-04818-NC (N.D. Cal.)).[1]  But in *McCabe*, he offered several more opinions regarding ascertainability.  Here, Snyder deleted all but one of those opinions due to the motion by the defendant in *McCabe* to exclude his expert report and testimony.  Attempting to avoid the same challenge here, Snyder removed his opinions, but left the statements on which they were based.  Those statements provide no support for Snyder's sole opinion in this case, or for ascertainability of Plaintiff's proposed classes.

What remains of Snyder's Declaration is an unverified description of what information telecommunication carriers and third-party information service companies possess, and what he believes they can do with that information.  Snyder does not possess any of this information, would not obtain it from these third parties, has no experience with this information himself, and has not tested the

---

[1] Snyder's Curriculum Vitae lists 95 litigation expert engagements (including this case).  *See* Declaration of Randall A. Snyder In Support of Plaintiff's Motion for Class Certification (Dkt. No. 73-3) ("Snyder Decl.") at ¶ 5, Ex. A.  Snyder has served as an expert in a case per month for the last 8 years.  This is clearly his primary occupation.  Snyder admittedly derives 100% of his income from his work as an expert consulting on litigation matters. Stagg Decl., Ex. C, at 16: 6-16 (Snyder Depo.).  90% of his testimony is on the Plaintiff side.  Id. at 16: 17-21.  Snyder Decl., Ex. A at p. 8.  There have been significant changes in the phone industry over the last four years.  Stagg Decl., Ex. C, at 23: 9-13 (Snyder Depo.).  He has not published in this area in over ten years.  *See* Snyder Decl., Ex. A.

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OR POINTS AND AUTHORITIES
-1-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

1   processes used by these third parties.

2   Most striking is that Snyder is not even aware that his proposed method for ascertaining those

3   class members who used a cellular phone, **would not identify Plaintiff, the purported class**

4   **representative.**  He did not know that Plaintiff called Travelodge® and Wyndham Rewards® using

5   telephone numbers she did not own.  Snyder's proposed method only identifies the owner, or subscriber,

6   of the cellular telephone number, not the actual caller covered by §632.7.

7   Snyder's Declaration, and subsequent Deposition, make clear that even his limited opinion fails

8   to satisfy the requirements of FRE 702 and *Daubert*.  Plaintiff's attempt to avoid a challenge to Snyder's

9   opinion failed.

10  **II.     SNYDER'S LIMITED OPINION DOES NOT SATISFY FRE 702 REQUIREMENTS**

11  Plaintiff moves to certify two classes under §632.7.  The first consists of persons who called

12  Travelodge® and Wyndham Rewards® between March 1, 2011 and March 23, 2012, on a California

13  area code cellular phone, from California, were transferred to a call center in either Manila, Philippines,

14  or India, and recorded without warning.  Snyder Decl. at ¶ 2(a).  The second consists of a similar group

15  of persons, except they called on a cordless telephone.  Id. at ¶ 2(b).  While these purported classes

16  contain a myriad of problems, Plaintiff only presents Snyder in support of ascertaining the identity of the

17  potential cellular class members.  *See* Motion at fns. 57, 58, 88, 103, 115.

18  While not apparent from his Declaration, Snyder made it clear at his deposition that his job in the

19  case, "was simply to describe what you can do given a telephone number."  Stagg Decl., Ex. C, at 28:1-8

20  (Snyder Depo.).  "I was simply asked to provide my opinions, given a group or set or a list of telephone

21  numbers, if it was possible to determine whether that telephone number was associated with a wireless

22  or a wireline carrier at some given point of time in the past and other information that you can obtain

23  from that numbers -- from those numbers to help identify who was associated with those numbers at any

24  time of the past."  Id., at 30: 14-21.  Snyder did not opine on the ascertainability of the class: "So

25  whether an individual number is a class member or their behavior, I wasn't asked to analyze or look at

26  or opine on or give an opinion on or anything."  Id., at 69: 21-23.

27  Afraid of challenges to Snyder's opinions, Plaintiff's counsel hamstrung Snyder to such an

28  extent that his opinion is unsupported and will not help the trier of fact.  FRE 702(a).  Plaintiff's counsel

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-2-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

did not inform Snyder that a complete list of telephone numbers does not exist. So, Snyder's opinion is not based on sufficient facts or data. FRE 702(b). Plaintiff's counsel did not subpoena telecommunication carriers for their records during the class period, or even for their retention policies. Snyder must rely on an unverified "leaked" Department of Justice ("DOJ") document from 2011 purporting to state the retention policies for eight carriers, several of whom no longer exist. Plaintiff's counsel did not even provide Snyder with a copy of Plaintiff's own deposition; Snyder had to take the allegations in the First Amended Complaint as true. Stagg Decl., Ex. C, at 47:6-11; 48:9-10 (Snyder Depo.). Snyder failed to apply his methodology to the facts of this case. FRE 702(d). As a result, Snyder cannot offer a reliable method for identifying a cellular number. FRE 702(c).

## III. PLAINTIFF'S MOTION RELIES LITTLE ON SNYDER'S OPINION

Plaintiff's Motion for Class Certification only relies on Snyder's opinion to state what third-party databases can provide regarding class member information. Plaintiff cites to Snyder for the statement that "class action administrators such as A.B. Data" can determine which telephone numbers were cellular and which were wireline. Motion at 11:1-3, fn. 57. Next, Snyder provides support for the statement that A.B. Data can coordinate with a "vendor such as LexisNexis" to identify the owner of a telephone number. Id. at 11:4-7, fn. 58. Snyder also states that third-party information services companies collect and maintain data. Id. at 16:9-11, fn. 88. According to Snyder, these third-party information services can "scrub" WHR's list for cellular telephone numbers. Id. at 18:15-18, fn. 103. Plaintiff also states that cellular carriers maintain subscriber information for three to five years based on Snyder's "leaked" DOJ document. Id. at 16:9-11, fn. 87. These third parties can also provide additional information regarding the subscriber. Id. at 20:9-11, fn. 115. All of Snyder's statements are also "supported" by citations to Plaintiff's other expert, Anya Verkhovskaya, the Chief Operating Officer of third-party information services company, A.B. Data. Id. at fns. 57, 58, 88.

## IV. LEGAL STANDARD

Pursuant to Fed. R. Evid. 702, experts must be qualified, "by knowledge, skill, experience, training, or education." Expert opinions are admissible only if, "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-3-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

reliable principles and methods; and (d) the witness has applied the principles and methods reliably to the facts of the case."  FRE 702.  *Daubert* requires courts to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue."  509 U.S. 579, at 592-93.  The court acts as a "gatekeeper" to ensure that expert testimony is both relevant and reliable.  Id. at 597.

A district court has broad latitude in deciding how to measure reliability and in making the ultimate reliability determination.  *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999). When evaluating expert testimony, courts may consider: "(a) whether the theory or technique can and has been tested; (b) whether the theory or technique has been subjected to peer review and publication; (c) the known or potential rate of error for the technique; and (d) the theory or technique's general degree of acceptance in the relevant scientific community."  *Boyd v. City and County of San Francisco*, 576 F.3d 938, 945 (9th Cir. 2009) (citing *Daubert*, 509 U.S. at 593-94). These factors are not intended to be exclusive.  *See Kumho*, 526 U.S. 137 at 158.  The court's focus must be "on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

Although this inquiry is flexible (*see Kumho Tire*, 526 U.S. at 150), there is no presumption of admissibility.  To the contrary, the burden is on the proponent of the evidence to show that the material is admissible as presented.  *See In re Oracle Corp. Sec. Litig*., 627 F.3d 376, 385 (9th Cir. 2010); *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("Under Rule 702, the proffered expert must establish that reliable principles and methods underlie the particular conclusions offered."); *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002).  Expert testimony offered in support of class certification must satisfy the admissibility standards of *Daubert I* and Federal Rule of Evidence 702. *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 982 (9th Cir. 2011) (district court correctly applied *Daubert* evidentiary standard to plaintiffs' proposed expert testimony at class certification stage); *Perez v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 3116355, at *6 (N.D. Cal. July 31, 2012) (excluding expert report and denying certification where report did not enable court to determine which potential class members had been injured, "as would be necessary to establish an ascertainable class which could be certified").

A court must consider a party's challenge to an expert whose opinion is offered in support of a

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-4-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

motion for class certification before ruling on the merits of the class certification motion.  *See In re ConAgra Foods, Inc.*, 2014 WL 4104405, at *2 (C.D. Cal. Aug. 1, 2014).

## V.    SNYDER'S TESTIMONY IS NOT BASED UPON SUFFICIENT FACTS OR DATA AS REQUIRED BY FRE 702(B)

### A.    Snyder's Opinion Relies on Unsupported Assumptions

#### 1.    The Aegis Call List Is Limited

Snyder's methodology and opinion are based on the faulty presumption that he will be provided a "list or database of telephone numbers."  Snyder Decl. at ¶ 8.  Both Plaintiff and Snyder assume that defendant Wyndham Hotels and Resorts, LLC ("WHR"), possesses a list of all calls received between March 1, 2011 through March 23, 2012, that were transferred to call centers in the Philippines and/or India operated by Aegis that were recorded.  Snyder Dec. at ¶ 2.  Snyder's methodology and opinion requires this list of telephone numbers.  Snyder Decl. at ¶¶ 3, 25.  Plaintiff only asked Snyder to opine on two things: (1) "opine on the methodology and process whereby a list of telephone numbers can be analyzed to determine whether" it was a cellular telephone (Snyder Decl. at ¶ 3); and (2) "regarding the ability to identify and ascertain members of the proposed Cellular Class based solely on their telephone numbers."  Snyder Decl. at ¶ 3.  Both of these opinions assume, and require, a list of telephone numbers will be provided to Snyder.

As WHR's Opposition to Motion for Class Certification states, no Aegis recorded call data exist from March and April 2011.  Opp. at IV.C.3.  This timeframe composes sixteen percent (16%) of the proposed class.  Snyder does not address this lack of telephone records because he assumed, based on Plaintiff's opinion request, that a telephone call list for the entire proposed class would be provided to him.  Further, no recorded call data exist for Aegis's India-based operations.  Opp. at IV.C.4.  Because no India recorded call data exists, it is impossible to determine how many calls during the proposed timeframe were routed to India and recorded.

Without a complete recorded call list for the proposed class, Snyder's opinion is based on a false assumption.  Snyder had insufficient facts and data to render an opinion on the ascertainability of the proposed class.

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-5-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

## 2.    Snyder Assumes Telecommunication Carriers Retain Records

Plaintiff attempts to certify a class during the time period March 2011-March 2012.  Snyder declares that, "All cellular telecommunications carriers record, maintain and store detailed information about all of their subscribers."  Snyder Decl. at ¶ 19.  In opining that carriers retain call detail records ("CDRs"), Snyder attaches a document he declares is "publicly available," despite it saying "Law Enforcement Use Only."  Snyder Decl., Ex. B.  However, at deposition, Snyder admits this is a "leaked" document from the Internet, and not issued publicly by the DOJ.  Stagg Decl., Ex. C, at 21: 14-21 (Snyder Depo.).  Without any foundation, Snyder declares that he has, "no reason to believe that this information is not reliable and accurate."  Snyder Decl. at ¶ 21.  Snyder has never confirmed that this is an accurate document.  Stagg Decl., Ex. C, at 22: 15-18; 24:14-17 (Snyder Depo.).  This document is also dated March 2011.  Id.  Since that is the beginning of the proposed class period, this document does not establish what the carriers' retention policies were during the entirety of the proposed class period.  Nor does it establish what the retention policies were at the end of the proposed class period, when Plaintiff filed suit, or what they are now.  Snyder also states that some of these carriers no longer exist due to consolidation.  Id., at 23:9-13.

Snyder then attaches three carrier-specific documents of unknown origin or date.  Snyder, Exs. C, D, & E.  These documents do not address the carriers' retention policies.  Rather, they merely, "describe[] the cellular call detail information" purportedly available from that carrier.  Snyder Decl. at ¶ 21.

Snyder's opinion is dependent on CDRs being available from carriers for the March 2011-March 2012 timeframe.  Snyder Decl. ¶ 23.  He further relies on a "leaked" DOJ document regarding eight carriers in existence in March 2011 for the assumption that all carriers will have retained the CDRs for March 2011-March 2012 and provide them to Plaintiff via subpoena.  Id.  But, Snyder has never issued such subpoenas, and no basis exists for his assumption that they are available through subpoena.  He has only "worked with counsel who have obtained such information" for him.  Id.

Despite the improvidence of Snyder's reliance on a "leaked" DOJ document as the basis for his opinion, that document shows that potential class members' records are likely **not** to be retained by their carriers.  Based on Snyder's Exhibit B, as of March 2011, six of the eight carriers (Verizon,

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-6-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

Sprint/Nextel, TracFone, Cricket, MetroPCS, and US Cellular) did not retain CDRs for longer than 2 years. Snyder Decl., Ex. B. The two carriers who did retain CDRs for 5 years, only did so for "post-paid" users, not "pre-paid" users. Snyder, Ex. B at p. 1.

### a.   Plaintiff Did Not Issue a Notice To Carriers To Maintain Records

Neither Snyder, nor Plaintiff's counsel, issued a notice to telecommunications carriers to retain CDRs from the class period of potential class members. Stagg Decl., Ex. C, at 27: 23-25; 28: 9-13 (Snyder Depo.). Had either done so in 2012, when this action was filed, those CDRs *might* have been available. But now, based on Snyder's own Declaration, many, if not all, of those CDRs no longer exist. Snyder's Exhibit B shows that only two of the eight carriers listed retain CDRs beyond two years.

Snyder's opinion based on obtaining CDRs from carriers for the proposed class period is not based on sufficient facts or data, as required by FRE 702(a).

### 3.   Snyder Incorrectly Assumed Plaintiff Used A Phone She Owned

Snyder's entire opinion assumes that the class member calling Travelodge® or Wyndham Rewards® was the owner/subscriber of that phone number. Not only is this assumption unsupported, **it is not even true of Plaintiff**. Opp. at IV.E. Of course, Snyder is not aware of this because he never read Plaintiff's deposition. Stagg Decl., Ex. C, at 18:24- 19: 3; 47: 6-11 (Snyder Depo.).

Snyder's declaration repeatedly states that he, only by using a third-party data processor or subpoena to a carrier, can identify the "subscriber" of a phone number. Snyder Decl. at ¶¶ 15, 23, 24. However, Snyder never addresses the reality that the subscriber of a telephone number is not always the person placing calls from that phone. Sections 632 and 632.7 apply only to the parties to the call, regardless of whether he/she is the subscriber. See Cal. Pen. Code §§632 and 632.7.

To wit, Plaintiff testified that when she called Travelodge® and Wyndham Rewards®, she did not use her own phone. Stagg Decl., Ex. A. at 14:3 – 15:9; 42:10-20 (Roberts Depo.). Rather, she used both her mother's and her boyfriend's phones. Id. Never once did she call from any phone number for which she was the subscriber. Id.

Snyder does not address, or explain, how identifying a *subscriber* would assist in identifying a potential class member under Section 632.7 who *actually made the call* to Travelodge® and Wyndham Rewards®.

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-7-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

### B. <u>Snyder Deleted Certain Opinions He Provided In Similar Cases</u>

Snyder has served as an expert in 94 other actions. Snyder Decl., Ex. A. His declarations in these other actions are strikingly similar to his declaration here, as would be expected for education, experience, etc. They are also similar in respect to Snyder's opinions and basis for his testimony; also not unexpected.

Of note though are Snyder's omissions here compared to a declaration he submitted less than a year ago, in this very court, in an action with this very Plaintiff's counsel, supporting a very similar proposed class. *See* Stagg Decl., Ex. J (Exhibit 4 to the Synder Deposition).[2] That declaration is the exact same length as Snyder's Declaration here, 28 paragraphs. The defendant in the other case moved to exclude Snyder's declaration. The parties there settled before the Court ruled on the motion to exclude or the motion for class certification.

#### 1. **Snyder Deleted His Prior Opinion Regarding the Calling Location**

Notably, Snyder deletes his "expert opinion that, for the cellular telephone numbers derived, it is possible to determine whether each party's calling location was within or outside California." *See* Stagg Decl., Ex. J (Exhibit 4 to the Synder Deposition) at ¶ 7. Snyder also deletes his statement that, "In cases where the cell site information is no longer available, the identification code of the switching system is still available as it is an information element included in the standard CDRs. Thus, even when the cell site information no longer is available, it still is possible to determine whether a call originated from within California." Id. at ¶ 19. He also no longer opines, "that call detail record information can be obtained that reveals whether a proposed member of the class was within California at the time an alleged call was made." Id. at ¶ 25.

Because §632.7 requires that a class member make the call while physically located within California, such deletions are significant. Not only is Snyder now not willing to opine that the location of a call can be determined, Plaintiff has not presented an expert opinion on determining a caller's geolocation.

---

[2] *McCabe v. Intercontinental Hotels Group Resources, Inc., et al.*, Case No. 3:12-cv-04818-NC (N.D. Cal.), Dkt. No. 80-8.

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-8-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

### 2.   Snyder Deleted His Prior Opinion Regarding Subpoenaing CDRs

Snyder also deletes his prior statement under penalty of perjury that, "CDRs including this data, and potentially additional data if requested, can be obtained and produced by the wireless carriers via subpoena using only the cellular telephone number as the unique identifying piece of data that will serve as the information for a detailed call record search." *See* Stagg Decl., Ex. J (Exhibit 4 to the Synder Deposition) at ¶ 18.  Snyder also deleted his statement that, "Each of the cellular carriers can be subpoenaed or one of the appropriate third-party information service companies can be contracted to produce subscriber identifying information for the date an alleged call violation occurred. That information can include name, address and other information, and be retrieved based solely on the provided cellular telephone number representing a particular subscriber." Id. at ¶ 24.

Seemingly due to the challenge to his declaration in the *McCabe* matter, Snyder has deleted several statements regarding the location from which calls were made and the ability to subpoena records from carriers.  Snyder also significantly limited his opinion in this matter, electing to limit his opinion to determining whether a number was a cellular number on a given date, and the number's porting history.  Snyder Decl. ¶25.  Although Plaintiff may try to explain away these differences by stating counsel only asked Snyder to opine on such a limited basis, what Plaintiff cannot explain is how Snyder still reached the same ultimate opinion in this matter as in *McCabe*, but based on far less foundation as a result of the deletions.

### C.   Snyder Testified That Facts Related to Plaintiff Are "Irrelevant" To His Opinion

Snyder never read Plaintiff's deposition testimony.  His Declaration lists the documents he based his opinion upon and does not list Plaintiff's deposition.  Snyder Decl. at ¶ 4.  Snyder confirms this at his deposition.  Stagg Decl., Ex. C, at 18:24- 19: 3; 47: 6-11 (Snyder Depo.).  Snyder testifies that the type of telephone Plaintiff used is "irrelevant to [him]."  Id., at 47: 12-15.  He also testified:

> "Q.  So as we sit here today, you have no idea whether she used a cellular
> telephone, a cordless telephone, or a landline telephone?
> A.  No."

Id., at 47: 19-22.  Also "irrelevant" to Snyder's opinion was whether Plaintiff owned a cellular or landline telephone.  Id., at 47:19-22.  Another "irrelevant" fact was whether Plaintiff used a device that

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-9-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

she was the subscriber or owner of.  Id. at 47: 23–48:1.  Snyder did not know whether Plaintiff was in California when she made the calls to Travelodge® and Wyndham Rewards®.  Id., at 48:6-14.  Nor did Snyder care whether Plaintiff was the subscriber to those telephone numbers:

> "Q. So you don't know what device she was using, whether she was the owner or subscriber or where she was when she made the call to defendant?
>
> A.  No.  I was simply asked, if you have a telephone number, what information can you get from it; that's all."

Id., at 48:15-20.

It becomes apparent why Snyder is a professional expert, plaintiffs' counsels can count on his opinion to be the same regardless of the facts of their case.  He does not need to spend time, or charge, for reviewing the actual facts of the case.  In fact, Snyder stated he, "assume[s] that the complaint is the truth."  Id., at 48: 10.  So, not only is Snyder's opinion not based on sufficient facts or data, it is not based on **any** facts or data particular to this case.

Snyder does not know if any CDRs even exist for Plaintiff, much less the proposed classes.  Id., at 28: 9-13.   Plaintiff's counsel in this case did not provide Snyder with any information regarding bill copies, payment histories, or subscriber identifying information to review.  Id., at 58:11-14 (referring to Snyder Decl. at ¶ 23).

Snyder's Declaration, opinion, and testimony should be excluded and stricken as it does not satisfy the requirements of FRE 702(b).

## VI.    SNYDER'S METHODOLOGY IS NOT BASED UPON RELIABLE PRINCIPLES OR METHODS AS REQUIRED BY FRE 702(C)

### A.    Snyder Has No Experience With His Proposed Methodology

Snyder has no experience with his proposed methodology to ascertain the identity of class members using only telephone numbers.  He does not state that he has ever utilized such a method, in this case or any other.  Snyder only states that "information services companies" can scrub an electronic list or database to determine which are cellular numbers.  Snyder Decl. at ¶ 18.  Snyder does not know whether or not the CDRs related to the proposed class and Plaintiff even exist with wireless carriers.

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-10-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

Stagg Decl., Ex. C, at 28: 9-13 (Snyder Depo.).

## B.   Snyder's Method Would Not Identify If A Class Member Used a Cordless Phone

Plaintiff proposes a class comprised of persons who called Travelodge® and Wyndham Rewards® using a cordless telephone.  Motion at p. 1.  Snyder admits that determining that a particular number is a wired line, and not a cellular, will not identify whether a number is a cordless phone:

> "Q.  Do you have any opinions in this case at all with regard to the ability
>
> to ascertain who would be in the cordless class?
>
> A.  No.  I wasn't asked to opine on that.
>
> Q.  Have you ever done that in another case?
>
> A.  I've been informally asked the question, not as a formal opinion with
>
> good data to analyze, but if something like that could be done I've been
>
> asked that.
>
> Q.  And can it, in your opinion?
>
> A.  To an extent, to an extent.  It's hard to determine that by some
>
> independent technical means that is sure proof.  However, almost
>
> everyone uses a cordless phone today.  Right? . . . ."

Stagg Decl., Ex. C, at 33: 24-34:12 (Snyder Depo.).

Moreover, a particular phone number would not identify whether a particular call on that wired line was from a cordless phone if the household has both wired and cordless phones.

## C.   Snyder's Method Only Identifies the Subscriber, Not the Caller's Identity

Snyder admits that his method can only identify the subscriber, and not the identity of who placed a particular call on that number.  Snyder Decl. at ¶¶ 15, 23, 24.  But Plaintiff's proposed class definition includes only persons who made the call, not the subscriber for the phone number from which the call was placed.  Such an analysis results in an overbroad class.

## D.   Snyder's Method Relies On A.B. Data, Who Then Relies On A Data Processor

At its heart, Snyder's opinion is a description of what information he believes other third parties would possess.  He opines on what information telecommunication carriers would possess.  Snyder Decl. at ¶ 19.  He opines on what information certain "third-party information service companies" would

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-11-                                    Case No. 12-CV-05083-PSG

4815-4791-3509.3

1  possess.  Snyder Decl. at ¶ 24.

2       Yet, Snyder never opines that he possesses this information, much less that he has requested it.

3  He does not even opine on what he would do with this information, if he possessed it.  Rather, he

4  describes what one of these third party companies would do with their own information, but not

5  identifying which one in particular.

6       In fact, he describes all of this as a "common and straightforward administrative process."

7  Snyder Decl. at ¶ 25.  In his ten page declaration, Snyder never once says what he does, or would do.

8  Snyder does not even attempt to state that he has applied the principles and methods to the fact of

9  Plaintiff's case.  It is unclear what expertise Snyder is offering.  It seems the declaration Plaintiff is

10  attempting to, and should be, putting forward is that of a "third-party information services companies."

11       To wit, Plaintiff does introduce the expert opinion of Anya Verkhovskaya of A.B. Data, Ltd.

12  Snyder declares that A.B. Data maintains a "complete database, updated daily, of all telephone number

13  sand related information used in North America."  Stagg Decl., Ex. C, at 17 (Snyder Depo.).  However,

14  Verkhovskaya herself does not testify to that A.B. Data maintains such a database.  In fact,

15  Verkhovskaya states that A.B. Data would itself utilize another third-party company, such as

16  LexisNexis®.  Declaration of Anya Verkhovskaya of A.B. Data, Ltd. In Support Of Plaintiff's Motion

17  For Class Certification [Doc. 73-1] at ¶ 16.  Despite his reliance on third parties, Snyder does not know

18  whether A.B. Data, or anyone else, did any analysis for this case.  Stagg Decl., Ex. C, at 45: 8-12

19  (Snyder Depo.).  Snyder has never reviewed the methodology or process that A.B. Data uses to correlate

20  a given telephone number to a subscriber.  Id., at 47: 2-5 (Snyder Depo.).

21       As to Snyder, it is unclear how his testimony will assist the trier of fact in understanding the

22  evidence or in determining a fact at issue.  FRE 702(a); *Daubert I*, 509 U.S. at 591.  All six citations in

23  Plaintiff's Motion to Snyder's Declaration, are coupled with a citation to Verkhovskaya's Declaration

24  "supporting" the same statement.

25       Snyder even testified at his deposition that, "whether or not these are cellular or landline

26  telephones" "is obtainable by thousands of companies that do that every day."  Stagg Decl., Ex. C, at

27  40:5-9 (Snyder Depo.).  "They could do that without me," Snyder testified.  Id.  at 40:7.

28       A baseball fan has watched enough baseball to describe how a batter hits a fastball.  But that

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A.
SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-12-                            Case No. 12-CV-05083-PSG

does not mean the fan can hit a fastball.  Synder's expert opinion does not even describe how the batter - the data processor - will hit a fastball (*i.e.*, identify the class).

E.     **Snyder's Method Requires Call by Call Analysis To Determine Caller, Location, and Telephone Device**

Utilizing Snyder's method does not overcome the individualized inquiry required to determine whether each person identified is a class member.  Even if Snyder's method is utilized, and performs as he states, it will fail to identify: 1) who made the call to Travelodge® or Wyndham Rewards®; 2) where the caller was geographically located when making the call; and, 3) if the caller used a non-cellular phone, whether that phone was cordless.[3]  An individualized inquiry as to these two (or three) characteristics will need to be conducted for each phone number Snyder's method identifies.  Plaintiff and his experts propose self-identification, but this presents its own problems, as discussed in WHR's Opposition to Class Certification and the Motion to Exclude Expert Opinion of Anya Verkhovskaya. *See* Opp. at IV.A & IV.B.5; WHR's Motion to Exclude Verkhovskaya at V.B – C & VI.A – D.

The only step Snyder's method possibly makes toward ascertaining the proposed class is determining whether a telephone number was "a cellular telephone number on a given date."  Snyder Decl. at ¶ 25.  That is insufficient to ascertain the proposed classes.

F.     **Snyder Has Never Issued Subpoenas to a Telecom Company**

Snyder's declaration relies heavily on Plaintiff's ability to subpoena documents from third party communication carriers.  In support of this method for obtaining information, Snyder simply states: "All of this detailed and recorded information for each subscriber can be obtained via subpoena using only the cellular telephone number as the unique identifying piece of data required for a detailed subscriber search."   Snyder Decl. at ¶ 23.

However, Snyder admits he has never subpoenaed such information.  Snyder does not know if CDRs have even been subpoenaed in this case.  Stagg Decl., Ex. C, at 27: 23-25 (Snyder Depo.). Instead, he states, "I have personally worked with counsel who have obtained such information for me to review in litigation matters where I was retained as an expert."  Snyder Decl. at ¶ 23.  Thus, Snyder has

---

[3] Synder's opinion completely ignores the large issue of whether the caller consented to recording. *See* Opp. at IV.A.2.

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-13-                              Case No. 12-CV-05083-PSG

4815-4791-3509.3

no experience or foundation to make such a statement here.  He just assumes that an individual's phone records can be subpoenaed in civil litigation without violating federal and state privacy laws. (Interestingly, alleged violation of phone privacy laws are the basis for Plaintiff's action here.)

## VII.   SNYDER HAS NOT APPLIED HIS METHODOLOGY TO THE FACTS OF THIS CASE

### A.   Snyder's Methodology Would Not Identify Plaintiff As a Class Member

Snyder has not applied his method to Plaintiff or the phone numbers she used to call Travelodge® and Wyndham Rewards®.  Snyder admits he did not read Plaintiff's deposition transcript. If he did, he would learn that Plaintiff did not call Travelodge® or Wyndham Rewards® from a phone number for which she is the subscriber or owner.

Since Plaintiff never called Travelodge® or Wyndham Rewards® from a phone for which she was the subscriber, Snyder's proposed method would never identify Plaintiff, the purported class representative, as a member of Plaintiff's own proposed class.  Snyder's method would instead identify two other individuals from whom plaintiff borrowed phones, Plaintiff's mother and Plaintiff's boyfriend, who may or may not be class members.  For Plaintiff to offer an expert's methodology that would not identify herself, the class representative, as a class member is bewildering.

### B.   Snyder Offers Legal Conclusions Regarding Subpoena Power

Snyder states that certain information can be obtained by subpoena from cellular carriers. Snyder has never issued such a subpoena.  This statement is a legal conclusion regarding what can, and cannot, be obtained from a third party through a subpoena.

An expert's testimony on issues of law is inadmissible.  *Hangarter v. Provident Life and Conduct Ins. Co*., 373 F.3d 998, 1016 (9th Cir. 2004) (*citing Mukhtar v. Cal. State Univ. Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002)); *G.F. Co. v. Pan Ocean Shipping Co., Ltd*., 23 F.3d 1498, 1507 (9th Cir. 1994) ("We have 'condemned the practice of attempting to introduce law as evidence.'") (quoting *United States v. Unruh*, 855 F.2d 1363, 1376 (9th Cir. 1988)). This is because "[e]xperts 'interpret and analyze factual evidence. They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient . . . .'" *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999) (quoting *United States v. Brodie*, 858 F.2d 492, 496-97 (9th Cir. 1988)).

///

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-14-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

### C.   Snyder Only Opines on Cellular Portion of Proposed Class

Snyder states in his declaration that Plaintiff only asked him to opine on the methodology to analyze a list telephone numbers, "to determine whether each telephone number was assigned to a cellular telephone." Snyder Decl. at ¶ 3. Plaintiff did not ask Snyder to opine on identifying landline or cordless telephone numbers. At deposition, he had no opinion "with regard to the ability to ascertain who would be in the cordless class." Stagg Decl., Ex. C, at 33: 24-34:2 (Snyder Depo.). Thus, Snyder's opinion does not apply to the cordless class Plaintiff is attempting to certify under §632.7. Plaintiff attempts to offer Verkhovskaya's opinion on ascertaining the cordless class, but it suffers from similar defects.

### D.   Snyder Does Not Opine on Whether Calls Were Placed Within California

Section 632.7 requires that a call be made from within California. In a single paragraph, Snyder makes a statement regarding the location of a cellular caller when a call is placed (Snyder Decl. at ¶ 20), but he does not offer an expert opinion on this, nor provide a method for determining where a caller was when he/she called Travelodge® or Wyndham Rewards®. This incongruity is explained by Snyder's deletion of the opinion he proffered on call location in the *McCabe* matter after defendant there challenged it. Snyder is careful here to testify that he did not, "form an opinion as to the ability of wireless carrier records to determine someone's physical location at the time they made the call." Stagg Decl., Ex. C, at 31: 9-16 (Snyder Depo.).

### E.   Snyder Does Not Opine on the Landline Versus Cordless Distinction

Snyder's Declaration does not opine on, or even address, how to determine if a landline phone is cordless. The only time he mentions "cordless" is in the recital of the class definition and the definition of §632.7. Snyder testifies that he has no opinion on, "the ability to ascertain who would be in the cordless class." Stagg Decl., Ex. C, at 33: 24-34:2 (Snyder Depo.). Despite Plaintiff proposing cordless callers as a distinct and separate class, neither of Plaintiff's experts provide a method for determining whether a call was made with a cordless phone or not, except for through self-identification.

### F.   Snyder Relies on The Experience Of Third Party Data Processors

When asked at his deposition if he could determine who the caller was to Travelodge® or Wyndham Rewards' toll-free numbers based on the information Plaintiff provided to him, Snyder

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-15-                                    Case No. 12-CV-05083-PSG

4815-4791-3509.3

testified at length that "once you have a given telephone number, it's a very straight forward process." Stagg Decl., Ex. C, at 35: 8- 36: 6 (Snyder Depo.).  Snyder based this testimony on his experience.  Id., at 36: 7-8.  However, **Snyder has never actually performed this "straightforward process."**  Id., at 36: 12-24.  He has only worked with people who have done it.  Id.  And the companies who have done it were administering class actions, not ascertaining classes.  Id., at 36: 16-24.  Further, Snyder has never verified that these companies' processes lead to the identification of the *caller* (versus subscriber).  Id., at 38: 2-12.  Snyder has also never performed an analysis on A.B. Data's level of accuracy.  Id., at 56: 19-23.  Such reliance fails to satisfy FRE 702's requirements for reliable principles and application to the facts of the case.

**VIII.   A HEARING IS APPROPRIATE IF THE COURT IS INCLINED TO DENY THIS MOTION**

If the Court decides not to exclude Mr. Snyder's testimony and declaration on the record before it, a *Daubert* hearing should be held to allow WHR the opportunity to explore the principles and methodologies that underlie Mr. Snyder's conclusions. It is well established in the Ninth Circuit that courts should give the parties an opportunity to present their views regarding the admissibility of expert testimony when it is disputed. "Where the opposing party . . . raises a material dispute as to the admissibility of expert scientific evidence, the district court must hold an *in limine* hearing (a so-called *Daubert* hearing) to consider the conflicting evidence and make findings about the soundness and reliability of the methodology employed by the scientific experts." *Daubert II*, 43 F.3d at 1319 n.10.

**IX.   CONCLUSION**

WHR respectfully requests that the expert opinion and testimony of Randall Snyder be stricken and excluded from Plaintiff's Motion for Class Certification and this action.

DATED:  June 19, 2015                    **FOLEY & LARDNER LLP**

*/s/ Nancy L. Stagg*
Nancy L. Stagg
Attorneys for Defendant
WYNDHAM  HOTELS AND RESORTS, LLC

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OF POINTS AND AUTHORITIES
-16-
Case No. 12-CV-05083-PSG

4815-4791-3509.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2015, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing has been sent to all counsel of record who are deemed to have consent to electronic service via the Court's CM/ECF system.

__/s/ Nancy L. Stagg_____
NANCY L. STAGG

NOTICE OF MOTION AND MOTION TO STRIKE REPORT OF PLAINTIFF'S EXPERT RANDALL A. SNYDER; MEMORANDUM OR POINTS AND AUTHORITIES
-17-                                          Case No. 12-CV-05083-PSG

4815-4791-3509.3