ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone:   (415) 543-1305
Facsimile:    (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,**
 **A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone:   (916) 447-0100
Facsimile:    (916) 933-5533

Attorneys for Plaintiff
JOYCE ROBERTS

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE ROBERTS, individually and on behalf of classes of similarly situated individuals, | Case No:  5:12-cv-05083-PSG |
| Plaintiff, | Hon. Magistrate Judge Paul S. Grewal |
| | CLASS ACTION |
| v. | **DECLARATION OF ERIC A. GROVER IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| WYNDHAM HOTELS AND RESORTS, LLC; and DOES 1 through 10, inclusive, | Date:    March 22, 2016 |
| Defendants. | Time:   10:00 a.m. |
| | Ctrm:   5, 4th Floor |

GROVER DECLARATION ISO MOTION FOR
 PRELIMINARY APPROVAL

CASE NO. 5:12-CV-05083-PSG

1  I, ERIC A. GROVER, declare as follows:

2  1. I am an attorney duly admitted to the practice of law in the State of California and

3  before this Court. I am a partner in the law firm Keller Grover LLP, counsel for Plaintiff Joyce

4  Roberts (hereinafter "Plaintiff" or "Settlement Class Representative") and proposed co-Class

5  Counsel in this action. I have personal knowledge of the facts stated herein and, if called as a

6  witness, I could and would testify competently to the facts set forth below.

7  **Class Counsel's Experience:**

8  2. Between September 1988 and October 2005, I was first an associate and then a

9  shareholder in the firm Littler Mendelson, P.C. Littler is the largest law firm in the United States

10  specializing in labor and employment law. During my 17 years at Littler, I practiced extensively

11  in all areas of labor and employment law, including wage and hour law and class action defense.

12  I also have extensive litigation experience, including numerous arbitrations and trying a number

13  of cases to verdict in state and federal courts.

14  3. In the time I worked at Littler, I worked on many class action matters. The

15  following is a list of various class action matters for which I was the lead or co-lead defense

16  attorney:

17  a. *DLSE v. UI Video* (Blockbuster) (Alameda County) (Failure to provide uniforms.);

18  b. *Vickery, et al. v. Cinema Seven, Inc.* (San Francisco County) (Independent contractor vs. employee status, overtime, minimum wage and expense reimbursement claims.);

19  

20  c. *ILWU, et al. v. DMS Messenger Services, et al.* (San Francisco County) (Overtime, minimum wage, expense reimbursement and waiting time penalties.);

21  

22  d. *Shields, et al. v. Lyon's Restaurants* (San Diego County) (Manager misclassification.);

23  

24  e. *O'Donnell, et al. v. Starving Students Movers* (Marin County) (Overtime, minimum wage and waiting time penalties.);

25  f. *Cross, et al. v. Compass* (Sacramento County) (Overtime and waiting time penalties.);

26  

27  g. *Flowers, et al. v. Starving Students Movers* (San Joaquin County) (Overtime, minimum wage and waiting time penalties.);

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

h.     *Chen v. DMX Music, Inc.* (San Francisco County) (Improper chargebacks on commission payments.);

i.     *Tiffany, et al. v. Hometown Buffet* (San Francisco County) (Manager misclassification.);

j.     *Leoni, et al. v. Jetsetter Express, Inc.* (San Joaquin County) (Manager misclassification.);

k.     *Solano v. Clark Pest Control* (Los Angeles County) (Technician/salesperson misclassification.);

l.     *Guglielmino, et al. v. McKee Foods Corp.* (USDC-ND) (Independent contractor vs. employee status.); and

m.     *Evets v. Guess?, Inc.* (San Francisco County) (Manager misclassification.).

4.     Between October 15, 2005 and the present, I have been practicing law at Keller Grover LLP.  At Keller Grover, approximately 95% of my time is spent representing Plaintiff in employment, privacy and data breach class action matters.  I currently am lead counsel or co-lead counsel on more than 15 different class actions.  I have been named Class Counsel in numerous recent wage and hour, privacy and data breach class action matters, including:

a.     *Watson v. Ann Taylor Stores Corp.*, Los Angeles County Case No. BC342729;

b.     *Novak v. Retail Brand Alliance, Inc., et al.*, Alameda County Case No. RG 05-223254;

c.     *Jos. A. Banks Overtime Cases* (Coordinated Proceeding of *Palmtag v. Jos. A. Bank Clothiers, Inc.* and *McClure v. Jos A. Bank Clothiers, Inc.*, Solano County Case No. JCCP NO. 4479);

d.     *Diaz v. Best Buy Stores, L.P.*, Alameda County Case No. Case No. RG 06-264187;

e.     *Lozoya v. PA Acquisition Corp.*, et al, Alameda County Case No. RG 06-258395;

f.     *Krispy Kreme Overtime Cases* (Coordinated Proceeding of *Avina v. Krispy Kreme Doughnut Corp. et al.* and *Hashimoto v. Krispy Kreme Doughnut Corp., et al.*, Alameda County Case No. JCCP No.  4489);

g.     *Walgreens Overtime Cases* (Coordinated Proceeding of *Lebrecque v. Walgreen Healthcare Plus* and *Wright v. Walgreen Co.*, Los Angeles County Case No. JCCP 4387);

h.     *Gring v. Claire's Boutique's, Inc.*, Alameda County Case No. RG 05-247759;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

i.   *Greene v. Federated Retail Holdings, Inc.* San Francisco County Case No. CGC 06-449456;

j.   *Stermer v. L'Occitane, Inc.*, San Francisco County Case No. CGC 06-456056;

k.   *Wilde v. Catalina Restaurant Group, Inc. et al.*, Los Angeles County Case No. BC347513;

l.   *Rogers v. Accentcare, Inc.*, Alameda County Case No. RG 05-237683;

m.   *Fleming v. Dollar Tree Stores, Inc.*, United States District Court, Northern District of California Case No. Case No.  C 06-cv-03409 MJJ;

n.   *Corrado v. Valero Services, Inc.*, Alameda County Case No. RG 07-322134;

o.   *Stenroos v. Core-Mark International, Inc.*, San Mateo County Case No. CIV 451198;

p.   *Ford v. Pilot Travel Centers LLC*, United States District Court, Northern District of California Case No. C-07-cv-02715 TEH;

q.   *Elsbury v. Pizza Hut of Southeast Kansas, Inc.*, United States District Court, Eastern District of California Case No. EDCV 07-00695 SGL (JCRx);

r.   *Brior v. AE Retail West LLC*, San Francisco County Case No. CGC 06-455422;

s.   *Moore v. Genesco, Inc. et al.*, Alameda County Case No. RG 06-270570;

t.   *Stermer v. Ulta Salon, Cosmetics & Fragrance, Inc.*, San Francisco County Case No. CGC 08-427014;

u.   *Lauzon v. Club Monaco U.S., LLC, Polo Retail, LLC, and Polo Ralph Lauren Corporation*, San Francisco County Case No. CGC 06-449963;

v.   *Davenport v. Union Bank of California, N.A. and Unionbanc Investment Services LLC*, United States District Court, Central District of California Case No. 2:07-cv-00001 FMC (VBKx);

w.   *Jacobs v. Les Schwab Tire Centers of California, Inc., et al.*, San Francisco Superior Court Case No. CGC 08-478372;

x.   *Daniel Arias v. Praxair Distribution, Inc., et al.*, San Francisco Superior Court Case No. CGC 08-474506;

y.   *Flores, et al. v. Zale Delaware, Inc.*, United States District Court, Northern District of California Case No. 07-cv-00539 TEH;

z.   *Payan et al. v. MetroPCS, Inc.*, San Francisco County Case No. CGC 08-476703;

aa.   *Njoku v. Ecko Direct, LLC*, San Francisco County Case No. CGC 07-469480;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

bb.   *Wiggins v. Cingular Wireless Employee Services, LLC*, San Francisco County Case No. CGC 08-477763;

cc.   *Lee v. Marshalls of CA LLC*, Alameda County Case No. RG 07-337021;

dd.   *Flores v. Cintas Corporation No. 2, Inc.*, Los Angeles County Case No. BC400422;

ee.   *Drew v. HCR Manor Care Medical Services of Florida, LLC, et al.*, San Francisco County Case No. CGC 09-490181;

ff.   *Ireland, et al. v. National Distribution Centers, L.P., et al.*, San Francisco County Case No. CGC 09-493709;

gg.   *Lim-Hui v. Carter's Retail, Inc.*, San Francisco County Case No: CGC 09-484456;

hh.   *Sefton v. OshKosh B'Gosh, Inc.*, San Francisco County Case No. CGC 09-484496;

ii.   *Murphy v. Check n' Go of California, Inc.*, San Francisco County Case No. CGC 06-449394;

jj.   *Wireless Advocates Wage and Hour Cases* (Coordinated Proceedings of *Turner, et al v. Wireless Advocates LLC, Reyna, et al. v. Wireless Advocates LLC* and *Burk v. Wireless Advocates LLC*), Los Angeles County Case No. JCCP 4600;

kk.   *Matrix Service Wage and Hour Cases* (Coordinated Proceeding of *Hickman v. Matrix Service, Inc.* and *Alexander, et al. v. Matrix Service Company, et al.*), Alameda County Case No. JCCP 4610;

ll.   *Sullivan v. Kelly Services, Inc.,* United States District Court, Northern District of California Case No. 08-cv-3893 CW;

mm.   *Strickland, et al. v. Timec Company, Inc., et al.*, San Francisco County Case No. CGC 10-501832;

nn.   *Davis and Duke v. Plant Performance Services LLC, et al.,* Alameda County Case No. RG 10-501301;

oo.   *Jordan v. Directory Distributing Associates, Inc.,* San Francisco County Case No. CGC 10-500633;

pp.   *Martin v. Total Safety U.S., Inc.,* Alameda County Case No. RG 10-533750;

qq.   *Placer Title Company Wage and Hour Cases* (Coordinated Proceedings of *Shults v. Placer Title Co.* and *Nazeri v. Placer Title Co.*), Sacramento County Case No. JCCP 4567;

rr.   *Martin, et al. v. Starcon International, Inc.,* Contra Costa County Superior Court Case No. MSC10-01071;

ss.   *Meyer v. Irwin Industries, Inc.,* ADRS Case No. 11-3844-RAH;

tt.   *Lazarin, et al. v. Total Western, Inc.,* JAMS Case No. 1100067385;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

uu.  *Potter v. Zale Delaware, Inc.,* Alameda County Superior Court Case No. RG 10-548469;

vv.  *Canales, et al. v. Electrical & Instrumentation Unlimited of California, Inc.*, Kern County Superior Court Case. No. S-1500-CV-271947 WDP;

ww.  *Schechter and Porter v. ISYS Solutions, Inc.,* Alameda County Superior Court Case No. RG 10-550517;

xx.  *Gomez v. Pizza Hut of Southeast Kansas, Inc.*, San Bernardino County Superior Court Case No. CIVVS900679;

yy.  *Hernandez v. Bodell Construction* Company, Alameda County Superior Court Case No. RG12-624600;

zz.  *Gilliam v. Matrix Energy Services, Inc.*, Alameda County Superior Court Case No. RG11-592345;

aaa.  *Tate v. Wyatt Field Services Co.*, Alameda County Superior Court Case No. RG 10-522846;

bbb.  *Becerra, et al. v. RadioShack Corporation,* United States District Court, Northern District of California Case No. C-11-cv-03586 YGR;

ccc.  *Vasquez, et al. v. Turnaround Welding Services, Inc.,* Contra Costa Superior Court Case No. MSC12-00340;

ddd.  *Betten and Lafa v. Diamond Wireless, LLC,* United States District Court, Central District of California Case No. 2:13-cv-02885 CBM;

eee.  *Martin v. AltairStrickland LLC*, Alameda County Superior Court Case No. RG11 575618;

fff.  *Miller v. Southwest Airlines Co.*, United States District Court, Northern District of California Case No. C-12-cv-5978-CRB;

ggg.  *Nguyen v. Equilon Enterprises LLC*, United States District Court, Northern District of California Case No. 4:12-cv-04650-YGR;

hhh.  *Saunders v. StubHub Inc.*, San Francisco County Superior Court Case No. CGC-12-517707;

iii.  *Oregel v. PacPizza, LLC*, Contra Costa County Superior Court Case No. MSC12-01454;

jjj.  *Torres, et al. v. San Joaquin Community Hospital*, JAMS Case No. 1220043288;

kkk.  *Hulsey v. San Joaquin Community Hospital*, JAMS Case No. 1210030884;

lll.  *DeLeon, et al. v. NCR Corp.*, San Bernardino County Superior Court Case No. CIVDS1403274;

mmm.  *Springer, et al. v. Stanford Hospital and Clinics, et al.*, Los Angeles County Superior Court Case No. BC470522;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

nnn.     *Ginn, et al. v. Certified Safety, Specialists LLC et al.*, Contra Costa County Superior Court Case No. C11-0969;

ooo.     *Clothier v. SPAR Marketing Services, Inc.*, Alameda County Superior Court Case No. RG12-639317;

ppp.     *St. Joseph Health System Medical Information Cases,* Orange County Superior Court JCCP Case No. 4716;

qqq.     *Everhart and Everhart v. Advantage Sales & Marketing, LLC*, Alameda County Superior Court Case No. RG14-712100;

rrr.     *Miller v. Hitachi America, Ltd.*, San Mateo County Superior Court Case No. CIV 526430;

sss.     *Johnson and Storey v. Mobility Plus Transportation LLC, et al.*, San Francisco County Superior Court Case No. CGC-13-532872; and

ttt.     *Tripp and Solberg v. Crossmark, Inc., et al.,* United States District Court, Northern District of California Case No.  3:12-cv-04818-NC.

uuu.     *Miller v. Hitachi America, Ltd.*, San Mateo Superior Court Case No. CIV 526430;

vvv.     *McCabe, et al.* v. *Six Continents Hotels, Inc.*, United States District Court, Northern District of California Case No. 12-cv-04818-NC; and

www.     *Wheelock v. Hyundai*, Orange County Superior Court, Case No:  30-2011-00522293-CU-BT-CJC.

**Factual and Procedural Background:**

5.     A true and correct copy of the Settlement Agreement and Release ("Settlement Agreement") entered into by Plaintiff and Defendant Wyndham Hotels and Resorts, LLC ("WHR") and proposed defendant Wyndham Hotel Group, LLC (collectively "Defendants"), is attached hereto as **Exhibit 1**.  The Settlement Agreement is discussed below.

6.     Plaintiff Roberts filed her initial complaint on July 17, 2012 against original defendants Wyndham International, Inc., Wyndham Worldwide Operations, Inc. and Wyndham Hotels and Resorts, LLC in Alameda County Superior Court.  On October 1, 2012, Defendants removed the action to this Court.  On October 17, 2012, the Court ordered this action related to two other cases – *Roberts and Simpson v. Wyndham, Int'l, Inc. et al*, Case No. 12-cv-05180-EDL and *Simpson v. Ramada Worldwide, Inc.*, Case No. 12-cv-05029-PSG.  The plaintiffs in the three related actions thereafter voluntarily dismissed the claims against Wyndham International, Inc.,

1   Wyndham Worldwide Operations, Inc., and Ramada Worldwide, Inc. on May 15, 2013.  Plaintiff

2   Simpson also dismissed her claims against Wyndham Hotels and Resorts, LLC.

3       7.      On February 2, 2015, following a contested motion, Plaintiff and Settlement Class

4   Representative Roberts filed the First Amended Complaint.  The First Amended Complaint

5   alleges unlawful call-recording claims on behalf of California residents who made hardwired

6   landline, cellular or cordless telephone calls to Defendants that were routed to certain call centers

7   operated by Defendants' vendor, Aegis USA, Inc., now known as TPUSA-FHCS, Inc. ("Aegis"),

8   and recorded without notice or consent in violation of California Penal Code §§ 632 and 632.7.

9       8.      As part of the settlement, the Parties have agreed to seek the Court's permission to

10  file a Second Amended Complaint adding Wyndham Hotel Group, LLC as an additional named

11  defendant.  In the Second Amended Complaint, Plaintiff alleges unlawful call recording claims

12  on behalf of a putative class of California residents who made hardwired landline, cellular or

13  cordless telephone calls to Defendants that were routed to certain call centers operated by Aegis

14  and recorded without consent in violation of California Penal Code § 632.7.  A clean version of

15  the proposed Second Amended Complaint is attached as Exhibit G to the Settlement Agreement.

16  A redlined version of the proposed Second Amended Complaint is attached hereto as **Exhibit 2.**

17      9.      Defendants have vigorously denied all of the allegations in their entirety.  To date,

18  no class has been certified and no court has made a finding of any wrongdoing on the part of

19  Defendants or that Defendants otherwise acted improperly or in violation of any state law, rule

20  or regulation, with respect to the issues presented in the litigation.

21      10.     The Parties conducted significant discovery during the litigation.  Plaintiff

22  propounded multiple sets of written discovery and reviewed nearly 4,000 pages of documents

23  produced by Defendants and Aegis.  Plaintiff took five depositions.  Defendants also propounded

24  written discovery, deposed Plaintiff Roberts and deposed two experts named by Plaintiff in

25  connection with class certification.

26      11.     The Parties also have engaged in substantive motion practice.  Defendants filed a

27  motion to dismiss the original complaint and motions to exclude Plaintiff's expert witnesses.

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1    Plaintiff Roberts filed two motions seeking permission to amend the complaint and filed a class

2    certification motion.  Defendant WHR opposed Plaintiff's motion for class certification.

3         12.    The Parties participated in an initial mediation session in October 2014, which was

4    unsuccessful.  The Parties thereafter continued with discovery and Plaintiff filed a motion for

5    class certification on April 27, 2015.   While awaiting a hearing on the fully briefed class

6    certification motion, motions to exclude experts and Plaintiff's motion to amend the scheduling

7    order to allow for an amendment to the complaint, the Parties agreed to attempt mediation a

8    second time. On September 1, 2015, the Parties engaged in an all-day mediation session with the

9    Hon. Louis M. Meisinger (Ret.), formerly of the Los Angeles County Superior Court and a

10   former Executive Vice-President and General Counsel of The Walt Disney Company.  Although

11   the Parties did not reach an agreement at the mediation sessions, in response to Judge

12   Meisinger's proposal, the Parties reached a tentative agreement several days after the mediation

13   session.  All terms of the Parties' settlement are set forth in the Settlement Agreement, which is

14   **Exhibit 1**.

15        13.    The Settlement Agreement provides for a Settlement Class defined as:  All natural

16   persons who were California residents and who, while physically located in California, placed a

17   call to one of Defendants' toll free telephone numbers at any time during the period from May 1,

18   2011 through March 23, 2012, inclusive, were routed to an Aegis-operated call center, spoke

19   with a representative, and did not receive notice that their call was being recorded.  Excluded

20   from the Settlement Class are: (1) all such calls to Howard Johnson toll free telephone numbers

21   during the Class Period, which calls are covered by the settlement in *Stone v. Howard Johnson*

22   *International, Inc.*, USDC CD CA Case No. 12-CV-01684 PSG (MANx); and (2) persons who

23   validly opt out of the settlement.

24   **Class Counsel's Assessment of the Fairness of the Settlement:**

25        14.    As will be explained in more detail below, based on my years of experience and

26   my own independent investigation and evaluation, I am of the opinion that settlement for the

27   consideration and on the terms set forth in the Settlement Agreement is fair, reasonable, and

28   adequate and it is in the best interests of the Settlement Class in light of all known facts and

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1   circumstances and the expense and risk inherent in litigation.  Moreover, I am familiar with class

2   actions involving California Invasion of Privacy Act issues and have a strong understanding of

3   the trends in both the likelihood of certification and the value of settlement.

4          15.     Defendants have raised numerous defenses to the class claims.  Defendants have

5   argued, among other things, Section 632.7 does not apply to calls answered by VoIP devices or

6   computers, the California Invasion Privacy Act exempts call recording done for "service

7   observing" purposes, and a class-wide damage award would violate the Due Process Clause.

8          16.     In addition, Defendants also have argued that a class is not ascertainable and that

9   individual issues would predominate over common issues.  Defendants, for example, have

10  argued that ascertainability, commonality and predominance cannot be established because

11  Plaintiff cannot establish on a class basis which callers called Defendants' toll-free phone

12  numbers, their location at the time of the call, which calls were made from cordless telephones,

13  whether the caller consented to the recording, and what type of device was used to answer the

14  call.  Based on these arguments, Defendants contend that Plaintiff would have lost the contested

15  class certification motion.

16         17.     When compared in per capita terms, the proposed settlement in this action

17  compares favorably against 10 telephone recording settlements that received final approval.  By

18  "per capita terms," I am referring to a comparison of the maximum settlement amount divided

19  by the total number potential class members.   The settlement in this case provides that

20  Defendants will pay a total settlement amount of $7,325,000 to resolve the claims covered by the

21  settlement.  Based on a review of their call center records, Defendants estimated that incoming

22  calls from approximately 185,000 calls from 115,770 unique telephone numbers with California

23  Area Codes were routed to one of Defendants' call centers during the Class Period.  This results

24  in a per capita value of $63.27 per potential class member.

25              a.     In *Skurov. BMW of North America, LLC,* USDC CD Case No. 10-cv-8672

26                     GW, the settlement involved 40,000 class members and gave them the

27                     option of selecting a six month extension of the BMW Assist basic safety

28                     plan or making a cash claim.  If all class members selected the cash option,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

the per capita value of the cash option would be $7.50 ($300,000/40,000 class members).

b.   In *Marenco v. Visa Inc.,* USDC CD Case No. 10-cv-8022 DMG, the court approved an $18,000,000 settlement for a class that numbered 600,000. Thus, the per capita monetary recovery in that case was $30 per class member ($18,000,000/600,000 class members).

c.   *Batmanghelich v. Sirius XM Radio, Inc.,* USDC CD Case No. 09-cv-9190 VBF settled for $9,480,000.  The class size exceeded 1,700,000.  At 1,700,000 class members, the per capita monetary recovery in that case was $5.77 per class member ($9,480,000/1,700,000 class members).

d.   In *Greenberg v. E-Trade Financial Corporation,* Los Angeles County Superior Court Case No. BC360152, the court approved a $7,500,000 settlement covering as many as 1,400,000 class members, which resulting in a per capita monetary recovery of $5.38 per class member ($7,500,000/1,000,000 class members).

e.    In *Nader v. Capital One Bank (USA)*, *N.A.,* USDC CD Cal. Case No. 2:12-cv-01265-DSF, the court approved a settlement of $3,000,000 for 1,100,000 class members, equating to a per capita recovery of $2.73 per class member ($3,000,000/1,100,000 class members).

f.   In *Cohorst v. BRE Properties, Inc. et al.,* USDC SD Cal. Case No. 10-cv-2666, the court approved a $5,500,000 settlement covering as many as 1,170,584 class members.  In per capita terms, recovery in that case amounted to approximately $4.70 per potential class member ($5,500,000/1,170,584 potential class members).

g.   In *Knell v. FIA Card Services,* USDC SD Cal. Case No. 12-CV-00426-AJB-WVG, the court approved a $2,750,000 settlement covering 3,650,000 class members.  This resulted in a per capita recovery of $0.75 per class member ($2,750,000/3,650,000 class members).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

h.      *Hoffman v. Bank of America,* USDC SD Cal. Case No. Case No. 3:12-cv-00539-JAH-DHB, settled for $2,600,000.   The class size exceeded 1,400,000.  At 1,400,000 class members, the per capita monetary recovery in that case was $1.86 per class member ($2,600,000/1,400,000 class members).

i.      In *Mount v. Wells Fargo.,* Los Angeles Superior Court Case No. BC395959, the court approved a $5,600,000 settlement covering as many as 600,000 class members.   In per capita terms, recovery in that case amounted to approximately $9.33 per class member ($5,600,000/600,000 class members).

j.      *McCabe v. Six Continents Hotels, Inc.,* USDC ND CA Case 3:12-cv-04818-NC settled for $11,700,000.  The class size was 698,000, making the per capita recovery $16.76 per class member ($11,700,000/698,000 class members).

18.      As further described below, based on that knowledge, I am of the opinion that the settlement is fair, reasonable and adequate and is in the best interests of the Settlement Class.

19.      The settlement is a good compromise for the damages of absent Settlement Class Members.  The settlement provides that Defendants will pay a total non-reversionary settlement amount of $7,325,000 to resolve the claims covered by the settlement.   After subtracting out approximately $275,000 to pay the costs of notice and administration, the amounts allocated to the fees and costs of Settlement Class Counsel (fees not to exceed $1,831,250 plus actual out-of-pocket costs, which are currently estimated not to exceed $60,000), and the Settlement Class Representative enhancement award (not to exceed $15,000), all of the remaining funds, referred to as the Net Settlement Fund, – which is estimated to be $5,143,750 -- will be available for distribution to the Settlement Class Members who file timely and valid claims.

20.      The settlement provides that each Settlement Class Member who submits a valid and timely claim will receive a settlement payment from the Net Settlement Fund based on the number of qualifying calls that person made and a *per call* value determined by the formula set

forth in the Settlement Agreement. The *per call* value is determined by dividing the Net Settlement Fund by the aggregate number of Recorded Calls,[1] which Defendants estimate to be approximately 185,000, made by Settlement Class Members who submit valid and timely Claim Forms. The resulting quotient, determined in dollars and cents, then shall be multiplied by the number of Recorded Calls made by or otherwise attributable to Settlement Class Members who submit valid and timely Claim Forms to determine the amount of the settlement payment each Authorized Claimant shall receive. By way of example, if the Net Settlement Fund equals $5,143,750 and the aggregate number of Recorded calls made by Settlement Class Members who submit valid and timely Claim Forms is 18,500, the per-call settlement value would be $278.04. In this example, a Settlement Class Member who had made 10 qualifying calls would be entitled to a settlement payment of $2,780.40.

21. The settlement provides that settlement checks issued to participating Settlement Class Members will be valid for 90 days after the last check is issued. If there are uncashed checks after that period, the Parties have agreed that any remaining funds shall be paid to the proposed *cy pres* beneficiary, Privacy Rights Clearinghouse, subject to the Court's approval.

22. Privacy Rights Clearinghouse is a California nonprofit whose "mission is to engage, educate and empower individuals to protect their privacy." The organization works to raise consumer awareness of how technology affects personal privacy and empowers consumers to take action to protect their own personal information by providing tips on privacy protection.[2]

23. This litigation is designed to directly benefit the privacy rights of Settlement Class Members. The proposed *cy pres* beneficiary has as part of its mission the advancement of

---

[1] The Settlement Agreement defines "Recorded Calls" as every call routed through the call recording software at the Aegis-operated call centers during the Class Period. Excluding calls to Howard Johnson toll free telephone numbers covered by the *Stone* settlement, Defendants have determined that approximately 185,000 of the calls routed through the call recording software during the Class Period were made by telephone numbers with a California Area Code. These Recorded Calls were made by approximately 115,770 unique telephone numbers with a California Area Code. Ex. 1 at ¶ 3.5.

[2] See Privacy Rights Clearinghouse's website for additional information: http://www.privacyrights.org.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1    privacy protections. Therefore, the proposed *cy pres* beneficiary is aligned with the purpose of

2    the lawsuit and provides indirect benefits to the Settlement Class Members.

3        24.    Defendants will not have a reversionary interest in any portion of the $7,325,000

4    Gross Settlement Amount.

5        25.    The settlement gives all Settlement Class Members the opportunity to request

6    exclusion from the settlement or object to the settlement terms.

7        26.    The settlement also provides the Settlement Class Representative with a

8    reasonable enhancement of not more than $15,000 for the risks, time and effort Plaintiff Roberts

9    expended in coming forward to provide invaluable information in support of the claims alleged

10   in the complaint.

11       27.    The settlement provides a fair notice procedure that includes email notification,

12   U.S. mail notification via postcard, a settlement website, online banner and Facebook

13   advertising, newspaper and magazine publication, publication through TopClassAction.com and

14   a press release, all of which is intended to ensure that the largest practical number of Settlement

15   Class Members will receive notice of the Settlement. The proposed class notice materials

16   explain in plain language the nature of the lawsuit, the terms of the settlement, Class Members'

17   rights, and the steps necessary to submit a claim, request exclusion, and/or object to the

18   settlement.

19       28.    The Settlement Agreement provides that, excluding telephone numbers associated

20   with their franchised hotels, Defendants shall compile a list of the unique telephone numbers

21   associated with each telephone call made to Defendants' toll free telephone numbers (excluding

22   calls to Howard Johnson toll free telephone numbers) from a California Area Code during the

23   Class Period that was captured by the call recording software at the Aegis-operated call centers.

24   Defendants then will cross-reference that list of unique telephone numbers, which is estimated to

25   be approximately 115,770, through their customer-related databases and search for names,

26   mailing addresses, and additional telephone numbers associated with the list. Additionally,

27   Defendants will determine the number of telephone calls that each of these unique telephone

28   numbers made to Defendants' toll free telephone numbers (excluding calls to Howard Johnson

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1    toll free telephone numbers) that was captured by the call recording software at the Aegis-

2    operated call centers during the Class Period.  All of the information collected by Defendants,

3    taken in total, shall be referred to as the Potential Class Member Contact List.

4          29.     Under the Settlement Agreement, no more than 45 days after the Court enters an

5    Order granting preliminary approval, Defendants must provide the Potential Class Member

6    Contact List to Rust Consulting (the "Claims Administrator"), the Claims Administrator selected

7    by the Parties.  Rust Consulting will run reverse directory searches on the phone numbers that

8    Defendants provides in order to obtain the names and/or mailing addresses associated with each

9    telephone number for which no name or mailing address was provided.  Rust Consulting will

10   also run all of the addresses though the National Change of Address or comparable database

11   before mailing the Settlement Class Notice Postcard (in the form of Exhibit C to the Settlement

12   Agreement).

13        30.    Not later than 75 days after the Court enters an order granting preliminary

14   approval, Rust Consulting must send to each of the email addresses the Settlement Class Email

15   Notice (in the form of Exhibit D to the Settlement Agreement).

16        31.    Not later than 75 calendar days after the Court enters an order granting preliminary

17   approval, the Claims Administrator must mail the Settlement Class Notice Postcard (in the form

18   of Exhibit C to the Settlement Agreement) via U.S. mail to each Settlement Class Member with

19   an identified mailing address.   In my experience with other class settlement notice programs,

20   postcard notices are not only far cheaper to prepare and mail versus a multi-page long form

21   notice, studies by the United States Postal Service ("USPS") and the Direct Marketing

22   Association[3] provide research reporting that consumers are more likely to read short, engaging

23   materials in contrast to longer forms of communication.  The USPS Household Diary[4] reports

24   and compares how consumers treat and interact with various types of mail and provides

25   behavioral trends concerning mail treatment over time.  While research confirms that a majority

26   [3] Direct Marketing Association Statistical Fact Book ("DMA) 2009, p. 39 Usefulness of direct
     mail piece and shape, postcards.  Also see page 42, (DMA 2009) Standard Mail (A) Response to
27   Advertising by Shape – Reporting USPS 2008 Study.

28   [4] USPS Household Diary Study 2011, p 149, table A3-31 and A3-32 and A3-34.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1  of consumers are looking at their mail, of particular relevance in the USPS study is an

2  examination of mail by shape and type including, among others, letters, larger than letter size

3  and postcards. The study found that postcards exceed any other form of direct mail in the "*found*

4  *useful*" and "*read by a member of the household*" category.

5         32.    Not later than 50 calendar days after the Court enters the preliminary approval

6  order, the Claims Administrator will publish a website on the internet at the

7  URL www.CARecordedCallSettlement.com (or a similar name if that one is not available)

8  ("Settlement Website") which shall set forth a summary of the settlement terms, state the

9  means by which Settlement Class Members may communicate with the Claims

10  Administrator (including but not limited to the Claims Administrator's business name,

11  address, telephone number, and e-mail address), and contain a set of Frequently Asked

12  Questions and corresponding answers, instructions on how to submit a Claim Form (both

13  electronically and by mail) and the deadline associated therewith, instructions on how to

14  object to, and opt out of, the settlement and the deadlines associated therewith.   The

15  Settlement Website also shall provide, free of charge, a viewable, printable and

16  downloadable copy, in PDF file format, of each of the following documents:   this

17  Agreement; the Second Amended Complaint; the Answer to the Second Amended Complaint;

18  the Court's order preliminarily approving the Class Action Settlement and certifying the

19  Settlement Class; the Claim Form (Settlement Agreement, Exhibit A); the Long-form Settlement

20  Class Notice (Settlement Agreement, Exhibit B); the Motion for an award of attorney's fees,

21  litigation costs, administration costs, and the Settlement Class Representative's enhancement

22  award, and the Motion for final approval.   The Settlement Website shall remain active for 180

23  calendar days after the Settlement Effective Date.

24         33.    Additionally, 50 calendar days after the entry of the preliminarily approval order,

25  Rust Consulting, in conjunction with Kinsella Media, LLC, will initiate an on-line Facebook and

26  banner advertising campaign that will continue for 115 days.   The on-line program will be

27  targeted to reach adults in California.   The online program will appear across numerous websites

28  of diverse interests and contact that are part of the *Advertsing.com* network and Facebook.   The

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1
2
3

banner and Facebook ads will include a live link to the Settlement Website.  Filed herewith is a Declaration from Alicia Gehring of Kinsella Media explaining the media portion of the proposed notice program.

4
5
6

34.     Kinsella Media also will issue a press release substantially in the form of Settlement Agreement Exhibit F through PR Newswire California and ensure that notice of the settlement is posted on TopClassActions.com.

7
8
9
10
11
12
13
14
15

35.     Between 75 and 90 days after the entry of the preliminarily approval order, Kinsella Media will cause the Publication Notice (Settlement Agreement Exhibit F) to be published in the following publications, which are distributed throughout the counties of San Francisco, Alameda, Santa Clara, Monterey, Los Angeles, Orange, and San Diego:  *San Francisco Weekly, East Bay Express, Metro Silicon Valley, Bay Area Report, Monterey County Weekly, San Diego Reader, Orange County Weekly,* and *LA Weekly.*  Also, between 75 and 90 days after entry of the Court's order preliminarily approving the Class Action Settlement, Kinsella Media shall cause the Publication Notice to be published in Parade Magazine's California edition.

16
17
18

36.     As explained in the Gehring Declaration, in combination with direct mail and email efforts, the paid media program will reach an estimated 70% of California adults age 18 and over an average of 1.6 times each.

19
20
21
22
23

37.     My firm and co-counsel conducted an extensive investigation of the factual allegations involved in this case.  We reviewed thousands of documents that Defendants and Aegis produced and obtained relevant evidence by deposing five witnesses.  As part of the settlement negotiations, we also engaged in meaningful discussions with counsel for the Defendants.

24
25
26
27

38.     I am of the opinion that the settlement for each participating class member is fair, reasonable, and adequate, given the inherent risks of litigation, the risk relative to class certification, the amount that each Class Member could recover at trial, and the costs of pursuing such litigation.  The settlement is the result of extensive, arms'-length negotiations.

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

39.     The fairness of the settlement is further demonstrated by the uncertainty and risks to the Plaintiff involved both in not obtaining class certification or prevailing on the merits. Defendants adamantly dispute Plaintiff's ability to certify the class and prove that Defendants are liable to the class for their call recording practices.  Were a class not certified, it is unlikely that few, if any, additional putative class members would maintain individual actions against Defendants.

**Suitability of the Settlement Class for Certification**

40.     To date, no class has been certified.  The Settlement Agreement reached among the Parties contains a provision under which the Parties stipulate to the Court's provisional certification of the Settlement Class, but does so for purposes of this settlement only.

41.     As one of the proposed Class Counsel, I believe that Plaintiff could successfully prove that this action meets the requirements of class certification; however, I understand that counsel for Defendants disagrees.

42.     The proposed Settlement Class is ascertainable because the members are identifiable from Defendants' records and computer systems, as discussed above.

43.     Further, the size of the proposed class is sufficiently numerous to warrant certification.  According to Defendants' records, the Settlement Class is estimated to include as many as 115,770 individuals.

44.     The proposed Settlement Class Members' claims all stem from a common set of circumstances.  All of the Settlement Class Members made calls to one of Defendants' toll-free customer service telephone numbers from a telephone while located in California during the Class Period.  Plaintiff contend that all Settlement Class Members were subject to call recording policies and practices that applied to all calls routed to an Aegis-operated call center.  Whether Defendants' uniform practices and policies violated Penal Code §§ 632 and 632.7 creates questions of law and fact common to all Settlement Class Members.  All Settlement Class Members seek the same legal remedies under Penal Code §637.2.  Under these circumstances, the requirements that common questions of law and/or fact exist among the Class Members and will predominate over individual questions are satisfied for purposes of certifying the proposed

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1    Class for settlement.

2    45.    Plaintiff Roberts, the proposed Settlement Class Representative, like all of the

3    proposed Settlement Class Members, made calls during the Class Period to certain one or more

4    of Defendants' toll-free customer-service lines from a telephone while located in California that

5    were allegedly recorded without consent.  Thus, the Plaintiff's claims arise from the same course

6    of conduct from which the Settlement Class Members' claims arise.

7    46.    Plaintiff also has demonstrated that she will aggressively and competently assert

8    the interests of the Settlement Class Members.  Plaintiff has been actively involved in the

9    litigation and retained competent counsel who are experienced in litigating class action claims,

10   including those involving alleged violations of the California Invasion of Privacy Act, Penal

11   Code §§ 630, *et seq.*

12   **Named Plaintiff's Enhancement:**

13   47.    It is appropriate to recognize the contributions of the Settlement Class

14   Representative in prosecuting this litigation.  I am of the opinion that it is fair and reasonable

15   that Plaintiff Roberts receive a $15,000 enhancement payment. Plaintiff Roberts is the proposed

16   Settlement Class Representative and has actively and aggressively represented the proposed

17   class throughout this litigation.  Plaintiff was an essential element in the successful prosecution

18   and ultimate settlement of this case and has been and always was available to provide her input

19   on the litigation and gather evidence and other information that has proved critical to the

20   prosecution.

21   48.    The enhancement amount is fair given the amount of time and effort Plaintiff spent

22   assisting in the prosecution of this case and the personal hardship and pressure she faced as a

23   result of filing this lawsuit against Defendants.

24   49.    Plaintiff will provide a declaration outlining her efforts on behalf of the Settlement

25   Class as part of the motion for attorneys' fees and litigation expenses.

26   **Attorneys' Fees and Costs:**

27   50.    The settlement permits Plaintiff to seek an award of attorneys' fees and litigation

28   expenses in connection with the final approval process. Plaintiff will file a motion seeking

GROVER DECLARATION ISO MOTION FOR PRELIMINARY APPROVAL          - 18 -          CASE NO. 5:12-CV-05083-PSG

1    reasonable attorneys' fees and out-of-pocket costs no later than 15 days before the deadline for

2    objections to the settlement.

3          I declare, under penalty of perjury, under the laws of the United States and the State of

4    California, that the foregoing is true and correct.  Executed this 16th day of February 2016 at San

5    Francisco, California.

6

7                                                    /s/*Eric A. Grover*

                                                     ERIC A. GROVER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861