ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone:   (415) 543-1305
Facsimile:    (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
  A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California  95630
Telephone:   (916) 447-0100
Facsimile:    (916) 933-5533

Attorneys for Plaintiff
JOYCE ROBERTS

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE ROBERTS, individually and on behalf of classes of similarly situated individuals,<br><br>                          Plaintiffs,<br><br>          v.<br><br>WYNDHAM HOTELS AND RESORTS, LLC; and DOES 1 through 10, inclusive,<br><br>                          Defendants. | Case No:  5:12-cv-05083-PSG<br><br>Hon. Magistrate Judge Paul S. Grewal<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date:     March 22, 2016<br>Time:    10:00 a.m.<br>Ctrm:    5, 4th Floor<br><br>Complaint Filed:   July 17, 2012<br>FAC Filed:           February 2, 2015 |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    The Motion for Preliminary Approval of Class Action Settlement, filed by Plaintiff

2  JOYCE ROBERTS ("Plaintiff") came on for hearing regularly in the above captioned court, the

3  Honorable Paul S. Grewal presiding.  All parties appeared by counsel of record.

4    Having fully received and considered the Plaintiff's motion, the Declarations of Eric A.

5  Grover and Scot D. Bernstein, the Declaration of Alicia Gehring of Kinsella Media, the

6  Settlement Agreement and Release ("Settlement Agreement") between Plaintiff and Defendant

7  Wyndham Hotels and Resorts, LLC and proposed defendant Wyndham Hotel Group, LLC

8  (collectively referred to as "Defendants"), the proposed Settlement Class Notices and Claim

9  Form, and the arguments of counsel presented to the Court at the hearing of this motion, and with

10  GOOD CAUSE APPEARING, the Court hereby rules as follows:

11    1.    The Court GRANTS Plaintiff's Motion for Preliminary Approval of Class Action

12        Settlement.

13    2.    The Court GRANTS preliminary approval of the terms and conditions contained in

14        the Settlement Agreement.  The Court finds that the terms of the Settlement

15        Agreement are within the range of possible approval at the final approval hearing.

16        Unless otherwise provided in this Order, all capitalized terms shall have the same

17        meaning as set forth in the Settlement Agreement.

18    3.    The Court FINDS that the following class should be preliminarily certified for

19        settlement purposes only:

20          All natural persons who were California residents and who, while

21          physically located in California: placed a call to one of Defendants' toll

22          free telephone numbers at any time during the period from May 1, 2011

23          through March 23, 2012, inclusive; were routed to an Aegis-operated call

24          center; spoke with a representative; and did not receive notice that their call

25          was being recorded.  Excluded from the Settlement Class are: (1) all such

26          calls to Howard Johnson toll free telephone numbers during the Class

27          Period, which calls are covered by the settlement in *Stone v. Howard*

28

[PROPOSED] ORDER GRANTING PRELIMINARY          - 1 -          CASE NO. 5:12-CV-05083-PSG
APPROVAL OF CLASS SETTLEMENT

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

*Johnson International, Inc.*, USDC CD CA Case No. 12-CV-01684 PSG (MANx); and (2) persons who validly opt out of the settlement.

The Court refers to the class just defined as the "Settlement Class."

4.     The Court APPROVES the filing of the proposed Second Amended Complaint and the adding of Wyndham Hotel Group, LLC as an additional defendant in this action for purposes of this settlement only.  The Second Amended Complaint shall be filed within five days of the date of this Order.  Defendants shall have 10 days thereafter to file an answer to the Second Amended Complaint.

5.     The Court FINDS that, for the purposes of approving this settlement only, the proposed Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the Class are impracticable; (b) there are questions of law or fact common to members of the proposed Class; (c) the claims of the Named Plaintiff are typical of the claims of the members of the proposed Settlement Class and the Named Plaintiff are representative of the Settlement Class; (d) Plaintiff's Counsel Keller Grover LLP and Law Offices of Scot D. Bernstein, A Professional Corporation, will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy.

6.     The Court APPOINTS as Settlement Class Counsel Keller Grover LLP and Law Offices of Scot D. Bernstein, A Professional Corporation.

7.     The Court APPROVES Plaintiff Joyce Roberts as Settlement Class Representative.

8.     The Court APPROVES Rust Consulting as Claims Administrator for the purpose of this settlement and pursuant to the terms contained in the Settlement Agreement.  Rust Consulting is required to submit admissible evidence to support its request for payment as part of the final approval motion.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

9.      The Court APPROVES the Long-form Settlement Class Notice, Settlement Class Notice Postcard, Settlement Class Email Notice, Publication Notice (collectively referred to as the Settlement Class Notices), press release and Claim Form, which are attached hereto as **Exhibits A, B, C, D, E**, **and F** respectively.  The Court finds that the notice procedure set forth in the Settlement Agreement and described in the Declaration of Alicia Gehring of Kinsella Media, which includes the email distribution of the Settlement Class Email Notice, the U.S. mail distribution of the Settlement Class Notice Postcard, the publication of the Settlement Website, an online banner advertising campaign, publications in the newspapers specified in the Settlement Agreement in major California metropolitan regions and the California edition of Parade magazine, notice through TopClassActions.com and issuance of a press release, constitutes the best notice practicable under the circumstances and is in full compliance with the laws of the United States and the requirements of due process.  The Court further finds that the Settlement Class Notices and Claim Form fully and accurately inform Class Members of all material elements of the Settlement Agreement, of each Class Member's right to submit a claim, of each Class Member's right to be excluded from the settlement, and of each Class Member's right to object to the settlement.

10.     The Court DIRECTS Defendants to compile and, no later than 45 days after the date of this Order, provide to the Claims Administrator, in the manner described in the Settlement Agreement, the Potential Class Member Contact List.

11.     The Court DIRECTS the Claims Administrator, after receiving the list from Defendant and no later than 60 calendar days after the entry of this Order, to:  (1) run reverse directory searches in an effort to obtain the names and/or mailing addresses associated with each telephone number for which no name or mailing address was provided; and (2) run all mailing addresses through the United States Postal Service National Change Of Address (or comparable) database.

12.   The Court DIRECTS the Claims Administrator, no later than 50 days after the entry of this Order, to publish the Settlement Website on the Internet at the URL www.CARecordedCallsSettlement.com (or a similar URL if that one is not available)("Settlement Website") which shall set forth a summary of the terms of the settlement, state the means by which Settlement Class Members may communicate with the Claims Administrator (including, but not limited to, the Claims Administrator's business name, address, phone number, and e-mail address), contain a set of Frequently Asked Questions ("FAQs"), instructions on how to submit a Claim Form (both electronically and by mail) and the deadline associated therewith, instructions on how to object and opt-out of the settlement and the deadlines associated therewith, and a toll-free telephone number which Settlement Class members may call to reach the Claims Administrator for questions. The Settlement Website shall also provide, free of charge, a viewable, printable and downloadable copy, in PDF file format, of each of the following documents when they become available: the Settlement Agreement; the Second Amended Complaint; the Answer to the Second Amended Complaint; this order preliminarily approving the Class Action Settlement and certifying the Settlement Class; the Claim Form; the Long-form Settlement Class Notice; the Motion for an award of attorney's fees, litigation costs, administration costs, and the Settlement Class Representatives' enhancement award; and the Motion for Final Approval. The Settlement Website shall remain active for 180 calendar days after the Settlement Effective Date.

13.   The Court DIRECTS the Claims Administrator to send the Settlement Class Email Notice to each of the email addresses provided in the Potential Class Member Contact List no later than 75 days after the entry of this Order.

14.   The Court DIRECTS the Claims Administrator, no later than no later than 75 days after the entry of this Order, to (1) send the Settlement Class Notice Postcard via U.S. Mail to each mailing address in the Potential Class Member Contact List and

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

(2) send the Settlement Class Notice Postcard via U.S. Mail to additional mailing addresses that the Class Administrator was able to locate through reverse directory searches.

15.   The Court DIRECTS the Claims Administrator, no later than 50 days after the entry of this Order, to initiate the online banner advertising campaign, as set forth in the Settlement Agreement.   The Court further DIRECTS the Claims Administrator to ensure that notice of the settlement is posted on TopClassActions.com.

16.   The Court DIRECTS the Claims Administrator, between 75 and 90 days after the entry of this Order, to cause the Publication Notice to be published twice in the following publications, which are distributed throughout the counties of San Francisco, Alameda, Santa Clara, Monterey, Los Angeles, Orange, and San Diego: *San Francisco Examiner, San Francisco Weekly, East Bay Express, Metro Silicon Valley, Bay Area Report, Monterey County Weekly, San Diego Reader, Orange County Weekly,* and *LA Weekly* and once in Parade Magazine's California edition.

17.   The Claims Administrator shall take all other necessary actions in furtherance of obtaining correct mailing address information for Settlement Class Members, determining Settlement Class Members' payment amounts, receiving and processing Class Member opt-outs and objections, and other claims administration functions, as are specified in the Settlement Agreement.

18.   Settlement Class Members who wish to participate in the settlement shall completely fill out and sign (or electronically submit) a Claim Form in the manner provided for in the Settlement Agreement.   Claim Forms submitted by Class Members must be postmarked or received electronically no later than 165 days after entry of this Order, which also means no later than 90 calendar days after the date on which the Claims Administrator sends out the Settlement Class Notice Postcard and Settlement Class Email Notice.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

19. The Court APPROVES the proposed procedure for the Settlement Class Members to submit a request for exclusion from the settlement. Any Settlement Class Member requesting exclusion from the settlement must mail a signed letter requesting exclusion from the settlement to the Claims Administrator so that it is postmarked no later than 165 days after entry of this Order, which also means no later than 90 calendar days after the date on which the Claims Administrator sends out the Postcard Settlement Class Notice and Email Settlement Class Notice. Any Settlement Class Member who submits a valid and timely request for exclusion shall no longer be a member of the Settlement Class, shall be barred from participating in or objecting to this settlement, and shall receive no benefit from this settlement.

20. Any Settlement Class Member who does not submit a valid and timely request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in this action relating to the Settlement Agreement.

21. The Court further ORDERS that, as provided in the Settlement Agreement and under Federal Rule of Civil Procedure 23(e)(5), each Class Member shall be given a full opportunity to object to the Class Action Settlement. As explained in the Settlement Class Notices, any Class Member seeking to object to the settlement shall submit the Objection to the Court no later than 165 calendar days after the entry of this Order. To be considered by the Court, the objection must include: (1) a heading containing the name and case number of the Action; (2) the Settlement Class Member's name and postal address; (3) proof of the objector's membership in the Settlement Class in the form of a statement made under penalty of perjury; (4) a detailed statement of each objection, including, if available, the factual and legal basis for each objection; and (5) a statement of whether the Settlement Class Member intends to appear, either in person or through counsel, at the final approval hearing, and, if through counsel, a statement

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

1    identifying the counsel's name, postal address, telephone number, and email

2    address.

3    22.    Class Counsel shall file a motion for approval of reasonable attorneys' fees,

4          litigation costs, administration costs, and enhancement award for Plaintiff Joyce

5          Roberts no later than 150 calendar days after the entry of this Order, which is 15

6          calendar days before the deadline by which Settlement Class Members may object

7          to or opt out of the settlement.

8    23.    Class Counsel shall file a motion for final approval of the settlement by no later

9          than 175 calendar days after entry of this Order, which is 20 calendar days before

10         the first date that the final approval hearing may be scheduled.

11   24.    The Final Approval Hearing is scheduled for _October 18_____, 2016

12         at 10:00 a.m., which is at least 195 days from the entry of this Order, in Courtroom

13         5 of this Court's San Jose Courthouse, at which time the Court shall finally

14         determine whether the settlement is fair, reasonable and adequate.  The date and

15         time selected for the hearing must appear in the Settlement Class Notice and on the

16         Settlement Website.

17   25.    Except as provided herein and as necessary to effectuate the Settlement

18         Agreement, the action is hereby stayed in its entirety and all currently calendared

19         events are hereby vacated unless and until the Court renders a final decision on

20         approval of the settlement.

21   **IT IS SO ORDERED.**

22

23   Dated: _March 22_____, 2016          _____

24                                          PAUL S. GREWAL
                                            United States Magistrate Judge
25

26

27

28

Respectfully submitted,

Dated:  February 16, 2016                **KELLER GROVER LLP**


By:   _/s/ Eric A. Grover_
      _____
      ERIC A. GROVER
      RACHAEL G. JUNG
      *Counsel for Plaintiff*
      JOYCE ROBERTS

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

# EXHIBIT A

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Joyce Roberts v. Wyndham Hotels and Resorts, LLC, et al.*
**United States District Court for the Northern District of California**
**Case No. 12-cv-05083-PSG**

**READ THIS NOTICE CAREFULLY**
**YOUR LEGAL RIGHTS MAY BE AFFECTED**

California residents who, while physically located in California, called one or more toll-free telephone numbers associated with **Wyndham Rewards®, Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Travelodge®, Ramada®, Knights Inn®, Wingate®, Days Inn®, Super 8®, Baymont®, Hawthorn®, Microtel®, or Tryp®** between May 1, 2011 and March 23, 2012, inclusive, spoke with a representative and were recorded without notice, may be entitled to money from a class action settlement. Please read the rest of this Notice to find out more.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **Participate in the Settlement** | If you wish to receive a Settlement Payment, read this Notice for information on how to file a claim. If you do not file a Claim Form by [insert claim deadline], you will not receive a Settlement Payment. |
| **Exclude Yourself from the Settlement** | If you do not want to participate in the settlement, you must send a letter requesting exclusion postmarked no later than [insert deadline] or else you will be bound by the settlement. |
| **Object to the Settlement** | If you wish to object to the settlement, you must follow the directions in this Notice. |
| **Participate in the Hearing** | If you submit a timely objection to the settlement, you may also indicate in the objection whether you wish to appear in court and be heard at the time of the final fairness hearing. |
| **Do Nothing** | If you do nothing with respect to this Notice, you will not receive any Settlement Payment and you will be bound by the terms of the settlement including the release of claims described below. |

**THESE RIGHTS AND OPTIONS, INCLUDING THE DEADLINES BY WHICH TO EXERCISE THEM, ARE EXPLAINED IN THIS NOTICE BELOW**

## What is the Case About?

This class action case ("the Action") alleges that Wyndham Hotels and Resorts, LLC and Wyndham Hotel Group, LLC ("Defendants") violated California laws that prohibit the recording of telephone calls without notice to or consent of callers.  The case covers calls made by natural persons who were California residents and who, while physically located in California, called one or more toll-free telephone numbers associated with **Wyndham Rewards®, Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Travelodge®, Ramada®, Knights Inn®, Wingate®, Days Inn®, Super 8®, Baymont®, Hawthorn®, Microtel®, or Tryp®** between May 1, 2011 and March 23, 2012, inclusive, were routed to a call center operated by a third-party vendor (Aegis), spoke with a representative and were recorded without notice.

## What is a Class Action?

In a class action, one or more people called Class Representatives (in this case Joyce Roberts) sue on behalf of people who have similar claims.

## Am I a Class Member?

You are a Class Member if you are a California resident and, while physically located in California, you called one or more toll-free telephone numbers associated with **Wyndham Rewards®, Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Travelodge®, Ramada®, Knights Inn®, Wingate®, Days Inn®, Super 8®, Baymont®, Hawthorn®, Microtel®, or Tryp®** between May 1, 2011 and March 23, 2012, inclusive, were routed to an Aegis-operated call center, spoke with a representative and were recorded without notice.

**Please note that not all such calls were routed to an Aegis-operated call center.  Some calls were routed to other call centers operated by Defendants that provided a  call recording warning.  Defendants have records of all telephone numbers that were routed to Aegis-operated call centers and were recorded.  If you received notice of this proposed settlement by postcard or email, there are records indicating that you might be a member of the Class entitled to submit a Claim Form.  You may be a member even if you did not receive notice by postcard or email.  If you are not sure whether you qualify, you can contact the Claims Administrator by calling 1-8xx-xxx-xxxx or by email at [insert email address] to ask whether your telephone number or numbers appear on the list of Aegis-recorded calls.**

## Why is There a Settlement?

Both sides agreed to a settlement to avoid the uncertainty and cost of class certification and a trial and to provide benefits to Class Members more promptly.  The Court did not decide in favor of the Class Representative, Class Members or Defendants, and Defendants deny any liability or wrongdoing of any kind associated with the claims in this class action.

## What Can I Get From The Settlement?

Defendants have agreed to create a settlement fund of $7,325,000.  After class action notice and administration fees and costs, a service payment to the class representative, and Class Counsel's attorneys' fees and costs are deducted, the entire remaining amount will be divided up amongst all Class Members based on the number of qualified calls made by Class Members who submit

timely and valid Claim Forms. Although the actual amount paid out to individual Class Members will depend on the number of Class Members who submit timely and valid Claims Forms, based on claims rates in similar cases, it is estimated that each Class Member who submits a timely and valid Claim Form will receive at least **$150 per qualified call**, but not more than $5,000 per call, although the actual amount may be more or less than this.

<u>**What Do I Need to Do To Receive a Settlement Payment?**</u>

**You must complete a Claim Form and return it to the Claims Administrator on time.** You may obtain a hard copy Claim Form from the Settlement Website, www.CARecordedCallsSettlement.com, by calling 1-8XX-XXX-XXXX, or by writing to the Claims Administrator at [address].  You also may submit a completed Claim Form online at the Settlement Website, www.CARecordedCallsSettlement.com.  A Claim Form will not be considered timely unless it is returned to the Claims Administrator online or sent by mail postmarked no later than [date].

<u>**What Am I Giving Up to Get Settlement Benefits or Stay In the Class?**</u>

Unless you exclude yourself, as described below, you will remain in the Class and be bound by the terms of the settlement and all of the Court's orders regardless of whether you submit a claim form. This means that you can't sue or be part of any other lawsuit against Defendants or other Released Parties (defined below) about the issues in this case. Staying in the Class also means that you agree to the following release of claims, which describes the legal claims that you give up:

      **Release by the Settlement Class.** Upon entry of the Final Approval Order and Judgment, the Settlement Class Representative and each Settlement Class Member, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives, shall be deemed to have and by operation of this Agreement and the Final Approval Order and Judgment shall have fully, finally, irrevocably, and forever released Wyndham Hotels and Resorts, LLC, Wyndham Hotel Group, LLC , Aegis USA, Inc., now known as TPUSA-FHCS, Inc., and, for each, its past or present direct and indirect parents, affiliates and subsidiaries (whether or not wholly owned) and their respective directors, officers, employees, agents, insurers, shareholders, members, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, parents, subsidiaries (whether or not wholly owned), joint ventures, divisions, predecessors, successors, and assigns and each of them (collectively, the "Released Parties") from any and all liabilities, claims, causes of action, damages (whether actual, compensatory, statutory, punitive or of any other type), penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or suspected or unsuspected, that were or reasonably could have been asserted based on the factual allegations contained in the Action, or relate to or arise out of the alleged recording, monitoring, or eavesdropping upon telephone calls made to Defendants or any of the other Released Parties (except for calls to Howard Johnson toll free telephone numbers) prior to March 24, 2012 (collectively, the "Released Claims").  The Released Claims include, but are not limited to, claims that were or reasonably could have been asserted based on the factual allegations contained in the Action alleging violation of any law prohibiting or regulating the monitoring, recording or eavesdropping on telephonic calls without the consent of all parties, including but not limited to any claims under California Penal Code §§ 631, 632, 632.7 and 637.2.  The Released Claims also include but are not limited to claims under any other California or federal statute, code, rule or regulation that regulates or restricts the monitoring, recording or eavesdropping on telephone calls.

## When Can I Expect To Receive My Settlement Payment?

The Court will hold a hearing on [date], to decide whether to give final approval to the settlement.  If the settlement is finally approved, payments may be made as soon as 60 days after this date but, depending on what happens in the case, payments may be delayed. You will be kept informed of the progress of the settlement through the dedicated settlement website at www.CARecordedCallsSettlement.com.  Please be patient.

## Can I Exclude Myself From the Settlement?

If you don't want to receive benefits from this settlement, but you want to keep the right to sue Defendants or any of the Released Parties on your own at your own expense about the issues in this case, then you <u>must</u> take steps to exclude yourself from the settlement. This is also called "opting-out" of the settlement.  To exclude yourself from the settlement, you must send a letter by first class United States mail to the Claims Administrator, containing: (1) the title of the Action; (2) the full name, address, and telephone number of the person requesting exclusion; (3) a statement that you request to be excluded from the Settlement Class.  Also, you are requested but not required to provide: (4) a short statement of the reasons for the request; and (5) the telephone number(s) that you claim to have used in making a call covered by this class action settlement.  Be sure to include your name, address, telephone number, and signature. Your letter requesting exclusion from the settlement <u>must</u> be postmarked no later than [date] and mailed to:

Hotels Call Recording Settlement Exclusions
c/o Rust Consulting
P.O. Box XXXX
City / State, XXXXX

If you request exclusion from the settlement, you will not get any settlement benefits, and you cannot object to the terms of the settlement.  You will not be legally bound by anything that happens in this lawsuit.

## If I Don't Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No. Unless you exclude yourself, you <u>give up any right</u> to sue Defendants and any of the Released Parties for the claims that this settlement resolves.  If you have a pending lawsuit covering these same claims, speak to your lawyer in that case immediately. You must exclude yourself from this settlement to continue your own lawsuit.

## Do I Have a Lawyer in the Case?

The Court has appointed Eric A. Grover of Keller Grover LLP and Scot Bernstein of the Law Offices of Scot D. Bernstein, A Professional Corporation to represent you and other class members as Class Counsel. They will be paid from the settlement fund and you will not be charged for this. If you want to be represented by your own lawyer, you may hire one at your own expense.

## How Will the Lawyers and the Class Representatives Be Paid?

Class Counsel will ask the Court to approve payment of up to $1,831,250 (25% of the $7,325,000 settlement fund) in attorneys' fees and an additional amount for out-of-pocket costs, which is estimated not to exceed $50,000.  The fees would pay Class Counsel for investigating the facts, litigating the case, negotiating the settlement, and following through to make sure that its terms are carried out.  Class Counsel also will ask the Court to approve a payment of $15,000

to Joyce Roberts for her service as Class Representative.  The Court may award less than these amounts.  These amounts, along with the costs of settlement notice and administration, will be paid out of the $7,325,000 settlement fund.  Class Counsel will file with the Court their motion for award of attorneys' fees, litigation costs, administration costs and Class Representative's service payment no later than [date].  After that date, you may view the motion on the settlement website.

## How Do I Tell the Court That I Don't Like the Settlement?

You can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

You must object to the proposed settlement in writing.  All written objections and supporting papers must include: (1) the name and case number of the lawsuit *(Roberts v. Wyndham Hotels and Resorts, LLC, et al.,* USDC ND CA Case No. 12-cv-05083-PSG); (2) the objector's full name and postal address; (3) proof of the objector's membership in the Class; (4) all grounds for the objection including, if available, the factual and legal bases for the objection known to the objector or his or her counsel and the relief the objector is seeking; (5) the identity, postal address, and telephone number for all counsel who represent the objector, if any; and (6) a statement confirming whether the objector or the objector's counsel intends to appear personally at the final fairness hearing.

Objections must be submitted to the Court by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, California 94012 or by filing them in person at any location of the United States District Court for the Northern District of California.  Objections must be postmarked or submitted in person by [insert date] to be considered timely.

## What's the Difference Between Objecting and Excluding?

Objecting is telling the Court that you don't like something about the settlement. You can object only if you stay in the Class.  If you object, you may still submit a Claim Form to receive the benefits of the settlement in the event the objection is overruled and the settlement is approved.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.  You cannot both object to and exclude yourself from the settlement. Any persons who attempt both to object to and exclude themselves from the settlement will be deemed to have excluded themselves and will forfeit the right to object to or participate in the settlement or any of its terms.

## When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a final fairness hearing regarding the settlement at [time] on [date] at San Jose Courthouse, Courtroom 5 – 4th Floor, 280 South 1st Street, San Jose, California. At that hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court also will decide how much to pay to Class Counsel and the Class Representatives.  After the hearing, the Court will decide whether to approve the settlement.  Class Counsel do not know how long those decisions will take.

The final fairness hearing date or time may be changed without further notice.  Any change to the final fairness hearing date or time will be posted on the Settlement Website,  www.CARecordedCallsSettlement.com, and on the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

## Do I Have to Come to the Hearing?

No.  Class Counsel will answer questions the Court may have.  But you are welcome to come at your own expense.  If you submit an objection, you don't have to come to Court to talk about it.  As long as you submit your written objection on time, the Court will consider it.  You also may have your own lawyer attend at your own expense, but doing so is not necessary.

You may ask the Court for permission to speak at the final fairness hearing.  To do so, you must submit an objection and include a statement that you intend to appear in the objection. You cannot speak at the hearing if you excluded yourself from the settlement.

## What Happens if I Do Nothing At All?

If you do nothing, you will remain in the Settlement Class and be bound by the terms of the settlement and all of the Court's orders including the Release.  This also means that you will not receive any settlement benefits and can't sue or be part of any other lawsuit against Defendants or the Released Parties about the issues in this case.

## Are There More Details About the Settlement?

This notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the Settlement Agreement and Release. You can get a copy of the Settlement Agreement and Release and other case documents through the Settlement Website, www.CARecordedCallsSettlement.com, by calling 1-8XX-XXX-XXXX, by writing to the Claims Administrator at [address], by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, California, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  You also can contact Class Counsel:

| | |
|---|---|
| Eric A. Grover, Esq. | Scot Bernstein, Esq. |
| KELLER GROVER LLP | LAW OFFICES OF SCOT D. BERNSTEIN, |
| 1965 Market Street | A PROFESSIONAL CORPORATION |
| San Francisco, California  94103 | 101 Parkshore Drive, Suite 100 |
| Telephone: (415) 543-1305 | Folsom, California 95630 |
| Facsimile: (415) 543-7861 | Telephone:  (916) 447-0100 |
| eagrover@kellergrover.com | Facsimile: (916) 933-5533 |
| | swampadero@sbernsteinlaw.com |

**PLEASE DO NOT CALL THE COURT, THE COURT CLERK'S OFFICE, DEFENDANTS OR DEFENDANTS' COUNSEL WITH ANY QUESTIONS RELATED TO THE SETTLEMENT.**

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# YOU MAY BE PART OF A HOTELS CLASS ACTION SETTLEMENT

### DEADLINES APPLY

## SUMMARY NOTICE OF CLASS ACTION SETTLEMENT

If you are a California resident who, while physically located in California, called one or more toll-free telephone numbers associated with **Wyndham Rewards®, Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Travelodge®, Ramada®, Knights Inn®, Wingate®, Days Inn®, Super 8®, Baymont®, Hawthorn®, Microtel®, or Tryp®** between May 1, 2011 and March 23, 2012, inclusive, and were routed to a call center operated by a third-party vendor (Aegis),spoke with a representative and were recorded without notice , you may be entitled to money from a class action settlement.

A proposed $7,325,000 class action settlement has been reached in the lawsuit *Joyce Roberts v. Wyndham Hotels and Resorts, LLC, et al.,* USDC ND CA Case No. 12-cv-05083-PSG.  The lawsuit claims that Defendants' third party vendor recorded telephone calls of persons calling certain toll-free reservations and customer-service lines without telling callers that the calls may be recorded, allegedly in violation of California law.  Defendants have denied the claims.  Nonetheless, Defendants and the Class Representative have agreed to settle the dispute to avoid the uncertainty and costs of litigation.

This notice is only a summary.  You may obtain more complete information by visiting www.CARecordedCallsSettlement.com and viewing the full class notice, by writing to the address at the bottom of this notice, or by calling the Claims Administrator at 1-8xx-xxx-xxxx.

**What are my legal rights?**
Defendants' records show you might be a member of the settlement class.  To receive a settlement payment, you must submit a claim.  **It is expected that class members who submit a claim will receive at least $150 per qualified call, but not more than $5,000 per call.**  Whether or not you submit a claim, if the Court approves the settlement, and you do not take steps to exclude yourself from the settlement, you will be bound by all of the Court's orders.  This means you will not be able to make any claims against Defendants covered by the settlement.

If you wish to submit a claim, visit www.CARecordedCallsSettlement.com or contact the Claims Administrator at 1-8xx-xxx-xxxx to get a claim form.  The deadline to submit claims is [**insert date**].
If you do not wish to be a member of the settlement class, you must submit a letter to the Claims Administrator at the address below postmarked by [**insert date**].  If you request to be excluded from the settlement, you cannot submit a claim form. Visit the settlement website for more information.
If you wish to object to the settlement, you must do so by submitting your objection to the Court in person or postmarked by [**insert date**].  Visit the settlement website for more information.

**Hotels Recording Settlement Administrator**

**c/o Rust Consulting**
**P.O. Box XXXX**
**City, State zip code**
**1-8xx-xxx-xxxx**
**www.CARecordedCallsSettlement.com**

# EXHIBIT C

**NOTICE OF CLASS ACTION SETTLEMENT**

**From the United States District Court for the Northern District of California**

# You May Be Part of a Hotels
# Class Action Settlement

**DEADLINES APPLY**

## SUMMARY NOTICE OF CLASS ACTION SETTLEMENT

If you are a California resident who, while physically located in California, called one or more toll-free telephone numbers associated with **Wyndham Rewards®, Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Travelodge®, Ramada®, Knights Inn®, Wingate®, Days Inn®, Super 8®, Baymont®, Hawthorn®, Microtel®, or Tryp®** between May 1, 2011 and March 23, 2012, inclusive, and were routed to a call center operated by a third-party vendor (Aegis), spoke with a representative and were recorded without  notice , you may be entitled to money from a class action settlement.

A proposed $7,325,000 class action settlement has been reached in the lawsuit *Joyce Roberts v. Wyndham Hotels and Resorts, LLC, et al.,* USDC ND CA Case No. 12-cv-05083-PSG.  The lawsuit claims that Defendants' third party vendor recorded telephone calls of persons calling certain toll-free reservations and customer-service lines without telling callers that the calls may be recorded, allegedly in violation of California law. Defendants have denied the claims. Nonetheless, Defendants and the Class Representative have agreed to settle the dispute to avoid the uncertainty and costs of litigation.

This notice is only a summary. You may obtain more complete information by visiting www.CARecordedCallsSettlement.com and viewing the full class notice, by writing to the address at the bottom of this notice, or by calling the Claims Administrator at 1-8xx-xxx-xxxx.

**What are my legal rights?**
Defendants' records show you might be a member of the settlement class. To receive a settlement payment, you must submit a claim. **It is expected that class members who submit a claim will receive at least $150 per qualified call but not more than $5,000 per call.** Whether or not you submit a claim, if the Court approves the settlement, and you do not take steps to exclude yourself from the settlement, you will be bound by all of the Court's orders. This means you will not be able to make any claims against Defendants covered by the settlement.

If you wish to submit a claim, visit www.CARecordedCallsSettlement.com or contact the Claims Administrator at 1-8xx-xxx-xxxx to get a claim form.  The deadline to submit claims is [**insert date**].
If you do not wish to be a member of the settlement class, you must submit a letter to the Claims Administrator at the address below postmarked by [**insert date**].  If you request to be excluded from the settlement, you cannot submit a claim form. Visit the settlement website for more information.
If you wish to object to the settlement, you must do so by submitting your objection to the Court in person or postmarked by [**insert date**].  Visit the settlement website for more information.

**Hotels Recording Settlement Administrator**
**c/o Rust Consulting**
**P.O. Box XXXX**
**City, State zip code**
**1-8xx-xxx-xxxx**
**www.CARecordedCallsSettlement.com**

# EXHIBIT D

## U.S. District Court for the Northern District of California

## If you are a California resident and while located in California called Wyndham Rewards® or certain hotel brands, you could receive money from a Class Action Settlement

A proposed $7,325,000 class action settlement has been reached in a lawsuit called *Joyce Roberts v. Wyndham Hotels and Resorts, LLC, et al.,* USDC NDCA Case No. 12-cv-05083-PSG. The lawsuit claims that Defendants' third party vendor recorded telephone calls of persons calling certain toll-free reservations and customer-service lines without telling callers that the calls may be recorded, allegedly in violation of California law.  Defendants have denied the claims.  Nonetheless, Defendants and the Class Representatives have agreed to settle the dispute to avoid the uncertainty and costs of litigation. The $7,325,000 settlement fund will pay eligible claims, notice and administration costs, attorneys' fees and expenses, and the named plaintiff's service award.

### Who is a class member?
**You are a Class Member if you are a California resident who, while physically located in California, called one or more toll-free telephone numbers associated with Wyndham Rewards®, Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Travelodge®, Ramada®, Knights Inn®, Wingate®, Days Inn®, Super 8®, Baymont®, Hawthorn®, Microtel®, or Tryp® between May 1, 2011 and March 23, 2012, inclusive, were routed to a call center operated by a third-party vendor (Aegis), spoke to a representative and were recorded without notice.**

### What are my legal rights?
To receive a settlement payment, eligible class members must submit a claim.  **It is expected that eligible class members who submit a timely and valid Claim Form will receive at least $150 per qualified call but not more than $5,000 per call.**  The amount of each individual settlement payment will depend on the total number of claims filed.

Whether or not you submit a claim, if the Court approves the settlement, unless you take steps to exclude yourself from the settlement, you will be bound by all of the Court's orders.  This means you will not be able to make any claims against Defendants or other Released Parties covered by the settlement.

If you wish to submit a claim, visit www.CARecordedCallsSettlement.com or contact the Claims Administrator at 1-8xx-xxx-xxxx to get a claim form.  The deadline to submit claims is [**insert date**].

If you do not wish to be a member of the settlement class, you must submit a letter to the Claims Administrator at the address below postmarked by [**insert date**].  If you opt-out you cannot submit a claim form. Visit the settlement website for more information.

If you wish to object to the settlement, you must do so by submitting your objection to the Court in person or postmarked by [insert date].  Visit the settlement website for more information.

A final hearing will be held on _____ at _____, to determine the fairness, reasonableness and adequacy of the proposed settlement and to award attorneys' fees and costs and plaintiff's service award.  The motion for attorneys' fees and costs and plaintiff's service award will be posted on the settlement website after it is filed.  You may attend the hearing, but you do not have to.

This is only a summary. For detailed information including, the full text of the Settlement Agreement, the Class Notice and the Claim Form, visit www.CARecordedCallsSettlement.com, call 1-8xx-xxx-xxxx, or write to: Settlement Administrator at Hotels Call Recording Settlement c/o Rust Consulting, P.O. Box _____, [city], [state and zip code].

**[Add website and toll-free number at bottom of publication]**

# EXHIBIT E

[City, State], [Date of release] /Newswire/ -- The following statement is being issued by [lawfirm(s)] regarding the *Roberts v. Wyndham Hotels and Resorts, LLC, et al.* Settlement.

**If you are a California resident who, while physically located in California, called one or more toll-free telephone numbers associated with Wyndham Rewards®, Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Travelodge®, Ramada®, Knights Inn®, Wingate®, Days Inn®, Super 8®, Baymont®, Hawthorn®, Microtel®, or Tryp® between May 1, 2011 and March 23, 2012, inclusive, spoke to a representative and were recorded without notice, you could receive money from a Class Action Settlement.**

A proposed $7,325,000 class action settlement has been reached in a lawsuit called *Joyce Roberts v. Wyndham Hotels and Resorts, LLC, et al.*, USDC ND CA Case No. 12-cv-05083-PSG. The lawsuit claims that Defendants' third party vendor recorded telephone calls of persons calling certain toll-free reservations and customer-service lines without telling callers that the calls may be recorded allegedly in violation of California law. Defendants have denied the claims. Nonetheless, Defendants and the Class Representatives have agreed to settle the dispute to avoid the uncertainty and costs of litigation. The $7,325,000 settlement fund will pay eligible claims, notice and administration costs, attorneys' fees and expenses, and the named plaintiff's service award.

## Who is a class member?

**You are a Class Member if you are a California resident who, while physically located in California, called one or more toll-free telephone numbers associated with Wyndham Rewards®, Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Travelodge®, Ramada®, Knights Inn®, Wingate®, Days Inn®, Super 8®, Baymont®, Hawthorn®, Microtel®, or Tryp® between May 1, 2011 and March 23, 2012, inclusive, were routed to a call center operated by a third-party vendor, spoke to a representative and were recorded without notice.**

## What are my legal rights?

To receive a settlement payment, eligible class members must submit a claim. **It is expected that eligible class members who submit a timely and valid Claim Form will receive at least $150 per qualified call but no more than $5,000 per call.** The amount of each individual settlement payment will depend on the total number of claims filed.

Whether or not you submit a claim, if the Court approves the settlement, and you do not take steps to exclude yourself from the settlement, you will be bound by all of the Court's orders. This means you will not be able to make any claims against Defendants or other Released Parties covered by the settlement.

If you wish to submit a claim, visit www.CARecordedCallsSettlement.com or contact the Claims Administrator at 1-8xx-xxx-xxxx to get a claim form. The deadline to submit claims is [**insert date**].

If you do not wish to be a member of the settlement class, you must submit a letter to the Claims Administrator at the address below postmarked by [**insert date**].  If you opt-out you cannot submit a claim form. Visit the settlement website for more information.

If you wish to object to the settlement, you must do so by submitting your objection to the Court in person or postmarked by [insert date].  Visit the settlement website for more information.

A final hearing will be held on _____ at _____, to determine the fairness, reasonableness and adequacy of the proposed settlement and to award attorneys' fees and costs and plaintiff's service award.  The motion for attorneys' fees and costs and plaintiff's service award will be posted on the settlement website after it is filed.  You may attend the hearing, but you do not have to.

This is only a summary. For detailed information including, the full text of the Settlement Agreement, the Class Notice and the Claim Form, visit www.CARecordedCallsSettlement.com, call 1-8xx-xxx-xxxx, or write to: Settlement Administrator at Hotels Call Recording Settlement c/o Rust Consulting, P.O. Box _____, [city], [state and zip code].

\# \# \#

_____
**Source:** [Lawfirm(s)]
**Media Contact(s):** Name, Lawfirm, Phone Number

# EXHIBIT F

*Joyce Roberts v. Wyndham Hotels and Resorts, LLC, et al.*
United States Court for the Northern District of California, Case No. 12-cv-05083-PSG

---

## HOTEL RECORDING CASE SETTLEMENT CLAIM FORM

---

This Claim Form is for California residents who, while physically located in California, called one or more toll-free telephone numbers associated with Wyndham Rewards®, Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Travelodge®, Ramada®, Knights Inn®, Wingate®, Days Inn®, Super 8®, Baymont®, Hawthorn®, Microtel®, or Tryp® between May 1, 2011 and March 23, 2012, inclusive, were routed to an Aegis call center, spoke with a representative and were recorded without notice the call was being recorded.

 To receive your share of the settlement, **you must submit this completed Claim Form either online by accessing the Settlement website at www.CARecordedCallsSettlement.com, or  by regular mail to the following address, postmarked no later than            , 2016**:

Hotel Call Recording Settlement Claims Administrator
c/o Rust Consulting
P.O. Box XXXX
City / State, XXXXX
Toll Free: 1-8XX-XXX-XXXX
Website: www.CARecordedCallsSettlement.com

Please note that the value of your settlement payment will be based on the number of qualified calls you made during the Class Period, May 1, 2011 through March 23, 2012, inclusive.  Defendants have a list of all telephone numbers associated with the calls that were recorded during the Class Period.  You should provide all possible telephone numbers you may have used to call Defendants' toll-free telephone numbers during the Class Period.

---

### I.   Your Name and Address

---

Please clearly print or type your information in the spaces below:

Name: _____

Street Address: _____

City: _____     State: _____     Zip Code: _____

Phone Number(s) used to make calls between May 1, 2011 and March 23, 2012, inclusive:

_____, _____, _____

---

### II.      Release

---

I understand that in exchange for the consideration provided for in this Settlement, upon entry of the Final Approval Order and Judgment, and as set forth more fully in the Settlement Agreement, I shall have fully, finally, irrevocably, and forever released Wyndham Hotels and Resorts, LLC, Wyndham Hotel Group, LLC, Aegis USA, Inc., now known as TPUSA-FHCS,Inc. , and, for

each, its past or present direct and indirect parents, affiliates and subsidiaries (whether or not wholly owned) and their respective directors, officers, employees, agents, insurers, shareholders, members, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, parents, subsidiaries (whether or not wholly owned), joint ventures, divisions, predecessors, successors, and assigns and each of them (collectively, the "Released Parties") from any and all liabilities, claims, causes of action, damages (whether actual, compensatory, statutory, punitive or of any other type), penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or suspected or unsuspected, that were or reasonably could have been asserted based on the factual allegations contained in the action entitled *Joyce Roberts v. Wyndham Hotels & Resorts, LLC, et al.*, United States District Court for the Northern District of California case no. 12-cv-05083 PSG ("the Action"), or relate to or arise out of the alleged recording, monitoring, or eavesdropping upon telephone calls made to Defendants or any of the other Released Parties (except for calls to Howard Johnson toll free telephone numbers) prior to March 24, 2012 (collectively, the "Released Claims"). The Released Claims include, but are not limited to, claims that were or reasonably could have been asserted based on the factual allegations contained in the Action alleging violation of any law prohibiting or regulating the monitoring, recording or eavesdropping on telephonic calls without the consent of all parties, including but not limited to any claims under California Penal Code §§ 631, 632, 632.7 and 637.2. The Released Claims also include but are not limited to claims under any other California or federal statute, code, rule or regulation that regulates or restricts the monitoring, recording or eavesdropping on telephone calls.

| III. | Certification |
|------|---------------|

**By my signature below, I certify to my best honest belief, that I called a toll-free telephone number associated with Wyndham® Rewards, Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Travelodge®, Ramada®, Knights Inn®, Wingate®, Days Inn®, Super 8®, Baymont®, Hawthorn®, Microtel®, or Tryp® at least once between May 1, 2011 and March 23, 2012, inclusive, while residing and physically located in California and spoke with a representative**.

Dated: _____/_____/_____

_____
Print Name

_____
Signature