1   ERIC A. GROVER (SBN 136080)
    eagrover@kellergrover.com
2   RACHAEL G. JUNG (SBN 239323)
    rjung@kellergrover.com
3   **KELLER GROVER LLP**
    1965 Market Street
4   San Francisco, California 94103
    Telephone: (415) 543-1305
5   Facsimile: (415) 543-7861

6
    SCOT BERNSTEIN (SBN 94915)
7   swampadero@sbernsteinlaw.com
    **LAW OFFICES OF SCOT D. BERNSTEIN,**
8   **A PROFESSIONAL CORPORATION**
    101 Parkshore Drive, Suite 100
9   Folsom, California  95630
    Telephone: (916) 447-0100
10  Fax: (916) 933-5533

11  Attorneys for Plaintiff
    JOYCE ROBERTS
12

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTICT OF CALIFORNIA**

15

16  JOYCE ROBERTS, individually and on      )  Case No.:  5:12-cv-05083-PSG
    behalf of classes of similarly situated  )
17  individuals,                             )  Hon. Magistrate Judge Paul S. Grewal
                                             )
18                       Plaintiff,          )
                                             )  CLASS ACTION
19  v.                                       )
                                             )  **SECOND AMENDED COMPLAINT FOR**
20  WYNDHAM HOTELS AND RESORTS,              )  **DAMAGES AND INJUNCTIVE RELIEF**
    LLC; WYNDHAM HOTEL GROUP, LLC,           )
21                                           )
                                             )  **DEMAND FOR JURY TRIAL**
22                       Defendants.         )
                                             )
23  _____ )

24

25

26

27

28

1

## CLASS ACTION COMPLAINT

2    Plaintiff Joyce Roberts ("Plaintiff"), on behalf of herself and the two classes ("the Classes") of

3 similarly situated individuals as defined below, alleges on information and belief and the

4 investigation by counsel as follows:

5

## INTRODUCTION

6    1.    This class action lawsuit arises out of Defendants Wyndham Hotel and Resorts, LLC

7 ("WHR") and Wyndham Hotel Group, LLC's ("WHG") (WHR and WHG referred to herein

8 collectively as "Defendants" or "Wyndham") policy and practice of recording and/or intercepting

9 and/or eavesdropping upon calls made or routed to certain call centers operated by Aegis USA, Inc.,

10 currently known as TPUSA-FHCS, Inc., ("Aegis") on behalf of and as a vendor for Wyndham.

11 During the relevant time period, telephone calls to Wyndham-owned toll-free reservation, rewards,

12 and customer service telephone numbers (collectively, Wyndham "toll-free telephone numbers"),

13 which service Wyndham®-named hotels (Wyndham Hotels and Resorts®, Wyndham Grand® Hotels

14 and Resorts, and Wyndham Garden® Hotels) as well as Wyndham-affiliated hotel brands

15 Travelodge®, Ramada®, Howard Johnson®, Knights Inn®, Wingate®, Days Inn®, Super 8®,

16 Baymont®, Hawthorn®, Microtel®, and Tryp®, and also Wyndham Rewards® were routed to one of

17 four separate call centers located in Aberdeen, South Dakota; Saint John, New Brunswick, Canada;

18 Manila, Philippines; and Tamil Nadu, India.  The Aberdeen and Saint John call centers were operated

19 by Defendant WHG, while the Philippines and India call centers were operated by Aegis as a vendor

20 on behalf of Wyndham.

21    2.    Before March 2012, WHG recorded incoming telephone calls to Wyndham toll-free

22 telephone numbers routed to the Aberdeen and Saint John call centers based on pre-set recording

23 schedules.  Under the recording schedules, WHG would record calls to certain toll-free numbers

24 and/or customer service groups only during set hours of the day.  Before August 2011, callers who

25 were routed to the Aberdeen and Saint John call centers during the pre-set "recording" hours and

26 were recorded received a pre-recorded disclosure that their calls may be recorded.  Callers routed to

27 the Aberdeen and Saint John call centers during "non-recording" hours and were not recorded

28 received no warning or disclosure.  From August 2011 to the present, all callers who were routed to

the Aberdeen and Saint John call centers at any time received a a pre-recorded disclosure that their calls may be recorded.

3.     Until March 23, 2012, no warning or disclosure was provided to any incoming callers to Wyndham toll-free telephone numbers routed to the Philippines and India call centers that their calls may be recorded.

4.     WHG owns numerous toll-free reservation, rewards, and customer service telephone numbers, including 1-866-WYN-RWDS (1-866-996-7937) and other toll-free telephone numbers which connect callers with Wyndham hotel brands, including Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Super 8®, Travelodge®, Howard Johnson®, Ramada®, Baymont®, Day's Inn®, Knight's Inn®, Hawthorne®, Wingate®, Microtel®, and Tryp®, as wells as Wyndham Rewards®.  Wyndham Rewards® is the loyalty program for all Wyndham-owned hotel brands and is owned by WHG.  During the relevant time period through and including March 23, 2012, some callers to Wyndham Rewards toll-free telephone numbers were connected to one or more call centers operated by Aegis.  Also during the relevant time period through and including March 23, 2012, numerous other toll-free telephone numbers related to Wyndham hotel brands, including Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, Wyndham Garden® Hotels, Super 8®, Travelodge®, Howard Johnson®, Ramada®, Baymont®, Day's Inn®, Knight's Inn®, Hawthorne®, Wingate®, Microtel®, and Tryp®, also connected callers to one or more call centers operated by Aegis.

5.     During the relevant time period through and including March 23, 2012, Defendants intentionally and surreptitiously recorded and/or intercepted (i.e., monitored) telephone calls made to Wyndham toll-free telephone numbers that were routed to the Aegis-operated Philippines and India call centers.  Defendants did so without warning or disclosing to callers that their calls might be recorded or intercepted/monitored.  (The terms "intercept" and "monitor" are used interchangeably in this complaint.)

6.     Defendants' policy and practice of recording and intercepting telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*).  Specifically, Defendants' policy and practice violate Penal Code § 632.7,

1  which prohibits the recording or intercepting (i.e., monitoring) of a communication made from a

2  cellular or cordless telephone without the consent of all parties to the communication, and Penal Code

3  § 632, which similarly prohibits the recording or intercepting (i.e. monitoring) of a confidential

4  communication made from a hardwired landline telephone without the consent of all parties to the

5  communication.

6    7.    As a result of Defendants' violations, all individuals who called a Wyndham toll-free

7  telephone number and were routed to an Aegis-operated call center during the relevant time period

8  through and including March 23, 2012, and were recorded or monitored or eavesdropped upon by

9  Defendants surreptitiously and without disclosure are entitled to an award of statutory damages and

10 injunctive relief as set forth in Penal Code § 637.2.

11                                    **PARTIES**

12    8.    Plaintiff Joyce Roberts is an individual and a resident of Fremont, California, a city

13 within the County of Alameda.

14    9.    Wyndham Hotels and Resorts, LLC ("WHR") is a wholly owned subsidiary of

15 Defendant Wyndham Hotel Group, LLC, which in turn is a subsidiary of Wyndham Worldwide

16 Corporation, a publicly-traded corporation.  WHR is a limited liability company organized under the

17 laws of the State of Delaware with a principal place of business in Parsippany, New Jersey.  WHR is

18 the franchisor of the 'Wyndham®' trademark and service mark to independent hotel owners and

19 operators.  WHR systematically and continuously does business in California and with California

20 residents.

21    10.    Wyndham Hotel Group, LLC ("WHG") is one of three business units and a subsidiary

22 of Wyndham Worldwide Corporation, a publicly-traded corporation.  WHG is a limited liability

23 company organized under the laws of the State of Delaware with a principal place of business in

24 Parsippany, New Jersey.  WHG provides centralized reservation support for the Wyndham hotel

25 brands, including Wyndham Hotels and Resorts®, Wyndham Grand® Hotels and Resorts, and

26 Wyndham Garden® Hotels, Super 8®, Travelodge®, Howard Johnson®, Ramada®, Baymont®,

27 Day's Inn®, Knight's Inn®, Hawthorne®, Wingate®, Microtel®, and Tryp®.  WHG also provides

28 telephone support for Wyndham Rewards®.  WHG contracted with Aegis to provide call center

1   services in connection with all of the Wyndham hotel brands and Wyndham Rewards®.   WHG

2   systematically and continuously does business in California and with California residents.

3         11.   "Defendants" or "Wyndham" means and refers to Defendant WHG, Defendant WHR,

4   each and all of them.

5         12.   Plaintiff is informed and believes and on that ground alleges that, at all relevant times,

6   each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling

7   shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in

8   interest of the other Defendant, and was engaged with the other Defendant in a joint enterprise for

9   profit, and bore such other relationships to the other Defendant so as to be liable for their conduct

10   with respect to the matters alleged below.   Plaintiff is informed and believes and on that ground

11   alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above,

12   and that each knew or should have known about and authorized, ratified, adopted, approved,

13   controlled, aided and abetted the conduct of all Defendants.

14   **JURISDICTION AND VENUE**

15         13.   This Court has subject matter jurisdiction over this action under California Penal Code

16   §§ 632, 632.7 and 637.2.

17         14.   This Court has personal jurisdiction over the parties because Defendants

18   systematically and continually have conducted business in the State of California.   Likewise,

19   Plaintiff's rights were violated in the State of California and her claims arose out of her contact with

20   Defendants from California.

21         15.   Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part

22   of the events or omissions giving rise to the claims occurred within this District.

23   **FACTUAL ALLEGATIONS COMMON TO THE CLASS**

24         16.   Plaintiff is informed and believes and on that ground alleges that WHR is the owner of

25   the "Wyndham®"-named hotel brands, including Wyndham Hotels and Resorts®, Wyndham

26   Grand® Hotels and Resorts, and Wyndham Garden® Hotels.   WHG, the parent company of WHR,

27   owns the telephone numbers associated with and provides centralized reservation support to

28   Wyndham Rewards®, the Wyndham®-named hotel brands, and the following hotel brands operated

1   by various WHG subsidiaries: Super 8®, Travelodge®, Howard Johnson®, Ramada®, Baymont®,

2   Day's Inn®, Knight's Inn®, Hawthorne®, Wingate®, Microtel®, Tryp®, and possibly others.

3   During the relevant time period, WHG contracted with Aegis to handle customer service calls routed

4   to Aegis-operated call centers in the Philippines and India.

5       17.   Plaintiff is informed and believes and on that ground alleges that, during the relevant

6   time period, the toll-free reservation and customer service telephone numbers associated with each of

7   Wyndham's hotel brands connected callers to one of the four call centers operated by Defendant

8   WHG or its vendor, Aegis.  All Wyndham®-named hotels and Wyndham-affiliated hotels, including

9   franchises, are required to participate in the toll-free telephone numbers.  Plaintiff is further informed

10  and believes and on that ground alleges that the toll-free telephone numbers associated with

11  Defendant WHG's Wyndham Rewards loyalty program connect callers to one of the four call centers

12  operated by Defendant WHG or its vendor, Aegis.  Plaintiff is informed and believes and on that

13  ground alleges that Defendants' employees or Aegis's employees at the four call centers receive

14  incoming calls originating from within the United States, including from California callers.

15      18.   Plaintiff is informed and believes and on that ground alleges that, at all relevant times

16  through and including March 23, 2012, and without warning callers that their calls could be recorded

17  or monitored, Defendants and their vendor, Aegis, intentionally used technology consisting of

18  hardware and/or software to carry out a practice and policy of recording and/or intercepting (i.e.,

19  monitoring) and/or eavesdropping upon those calls that were made to Wyndham toll-free telephone

20  numbers and routed to the Aegis-operated Philippines and India call centers.

21      19.   Plaintiff is informed and believes and on that ground alleges that Defendants' vendor's

22  employees  at the Philippines and India call centers were directed, trained, and instructed to, and did,

23  record and/or monitor and/or eavesdrop upon telephone calls between the Wyndham toll-free

24  telephone numbers and callers, including California callers.

25      20.   During the relevant time period through and including March 23, 2012, Plaintiff called

26  one or more Wyndham toll-free reservation telephone numbers numerous times from California using

27  a hardwired landline and a cellular telephone.   Plaintiff called Wyndham toll-free reservation

28  telephone numbers to inquire about hotel rates and/or to make reservations.  On numerous occasions,

1   Plaintiff's calls were routed to one or more of the Aegis-operated call centers and recorded without

2   any warning to Plaintiff that her call would be recorded.

3        21.    During Plaintiff's telephone calls to Defendants and their vendor, Aegis, Defendants

4   failed to disclose to Plaintiff that her telephone conversations were being recorded and/or monitored.

5   Plaintiff did not give and could not have given consent for the telephone calls to be recorded,

6   monitored or eavesdropped upon because she was unaware that Defendants and their vendor, Aegis,

7   were engaged in that practice during the telephone calls.  Plaintiff is informed and believes and on

8   that ground alleges that callers who called the Wyndham toll-free telephone numbers during the

9   relevant time period through and including March 24, 2012 and were routed to one of the Aegis-

10   operated call centers were not informed by Defendants or anyone else that their calls were being

11   recorded and/or monitored and/or eavesdropped upon.  Thus, that recording and/or monitoring and/or

12   eavesdropping necessarily occurred without the callers' knowledge or consent.

13        22.    Because there was no warning that calls would be recorded or monitored or

14   eavesdropped upon, Plaintiff had a reasonable expectation that her telephone conversations with

15   Defendants' vendor's employees were, and would remain, private and confined to the parties on the

16   telephone.  That recording and/or monitoring and/or eavesdropping without her consent is highly

17   offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the

18   proposed Plaintiff Classes.

19   **CLASS ACTION ALLEGATIONS**

20        23.    Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on

21   behalf of herself and the class (the "Class") defined as follows:

22       All natural persons who were California residents and who, while physically located in

23       California and using a cellular or cordless telephone: placed a call to one of Defendants'

24       toll free telephone numbers at any time during the period from May 1, 2011 through

25       March 23, 2012, inclusive; were routed to an Aegis-operated call center; spoke with a

26       representative; and did not receive notice that their call was being recorded.  Excluded

27       from the Class are all such calls to Howard Johnson® toll free telephone numbers during

28       the Class Period, which calls are covered by the settlement in *Stone v. Howard Johnson*

*International, Inc.*, USDC CD CA Case No. 12-CV-01684 PSG (MANx).

24.     Plaintiff also brings this action on behalf of herself and the additional class (the "PC § 632 Class") defined as follows:

All natural persons who were California residents and who, while physically located in California and using a hardwired landline telephone: placed a call to one of Defendants' toll free telephone numbers at any time during the period from May 1, 2011 through March 23, 2012, inclusive; were routed to an Aegis-operated call center; spoke with a representative; and did not receive notice that their call was being recorded.  Excluded from the PC §632 Class are all such calls to Howard Johnson® toll free telephone numbers during the Class Period, which calls are covered by the settlement in *Stone v. Howard Johnson International, Inc.*, USDC CD CA Case No. 12-CV-01684 PSG (MANx).

.

25.     The Class that Plaintiff seeks to represent and the PC § 632 Class that Plaintiff seeks to represent contain numerous members and are clearly ascertainable including, without limitation, by using the records of Defendants and their vendor, Aegis, and/or the telephone company records of Defendants and their vendor, Aegis, and/or other toll-free service providers' records regarding calls to the Wyndham toll-free telephone numbers routed to the Aegis-operated call centers to determine the size of the Class and the PC § 632 Class and to determine the identities of individual Class members and PC § 632 Class members.  Plaintiff reserves the right to amend or modify the Class and the PC § 632 Class definitions and to add subclasses or limitations to particular issues.

26.     By their unlawful actions, Defendants have violated Plaintiff's and the Class's and the PC § 632 Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq*.  The questions raised are, therefore, of common or general interest to the Class and the PC § 632 Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

27.     Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers from the

same violations of the law as other putative Class members.  Similarly, Plaintiff's claims are typical of those of the PC § 632 Class, as Plaintiff now suffers from the same violations of the law as other putative PC § 632 Class members.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions to represent her and the Class and the PC § 632 Class, and Plaintiff will fairly and adequately represent the interests of the Class and the PC § 632 Class.

28.    This action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class and the PC § 632 Class are ascertainable.

**Numerosity**

29.    Based on information and belief, the Class and the PC § 632 Class consist of tens of thousands of individuals, making joinder of individual cases impracticable.

**Typicality**

30.    Plaintiff's claims are typical of the claims of all of the other members of the Class and the PC § 632 Class.  Plaintiff's claims and the Class and the PC § 632 Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other Class and PC § 632 Class members.

**Common Questions of Law and Fact**

31.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  Those common questions of law and fact include, without limitation, the following:

      a.    Whether Defendants and their vendor, Aegis, had a policy or practice of recording and/or intercepting telephone calls made to the Wyndham toll-free telephone numbers that were routed to the Aegis-operated Philippines and India call centers;

      b.    Whether, on or before March 23, 2012, Defendants and their vendor, Aegis, had a policy or practice of not disclosing to callers who were routed to the Aegis-operated call centers that their calls might be recorded and/or monitored;

c.      Whether, on or before March 23, 2012, Defendants and their vendor, Aegis, had a policy or practice of not obtaining callers' consent to record and/or monitor telephone calls made to the Wyndham toll-free telephone numbers that were routed to the Aegis-operated call centers;

d.      Whether Defendants violated California Penal Code § 632.7 by recording and/or monitoring, without warning or disclosure, telephone conversations between callers using cellular and cordless telephones within California and the Wyndham toll-free telephone numbers;

e.      Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for each violation of Penal Code § 632.7.

32.     There are questions of law and fact common to the PC § 632 Class that predominate over any questions affecting only individual PC § 632 Class members.  Those common questions of law and fact include, without limitation, the following:

a.      Whether Defendants and their vendor, Aegis, had a policy or practice of recording and/or eavesdropping upon telephone calls made to the Wyndham toll-free telephone numbers that were routed to the Aegis-operated Philippines and India call centers;

b.      Whether, on or before March 23, 2012, Defendants and their vendor, Aegis, had a policy or practice of not disclosing to callers who were routed to the Aegis-operated call centers that their calls might be recorded and/or eavesdropped upon;

c.      Whether, on or before March 23, 2012, Defendants and their vendor, Aegis, had a policy or practice of not obtaining callers' consent to record and/or eavesdrop upon telephone calls made to the Wyndham toll-free telephone numbers that were routed to the Aegis- operated call centers;

d.      Whether Defendants violated California Penal Code § 632 by, without warning or disclosure, recording and/or eavesdropping upon telephone conversations

1        between callers using hardwired telephones within California and the

2        Wyndham toll-free telephone numbers;

3      e.     Whether PC § 632 Class members are entitled to statutory damages of $5,000

4        under Penal Code § 637.2 for each violation of Penal Code § 632.

5 **Adequacy**

6     33.    Plaintiff will fairly and adequately represent and protect the interests of the other

7 members of the Class and the PC § 632 Class. Plaintiff has retained counsel with substantial

8 experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are

9 committed to prosecuting this action vigorously on behalf of the other Class and PC § 632 Class

10 members and have the financial resources to do so. Neither Plaintiff nor her counsel have any

11 interests adverse to those of the other Class or PC § 632 Class members.

12 **Superiority**

13     34.    A class action is superior to other available methods for the fair and efficient

14 adjudication of this controversy because individual litigation of the claims of all Class and/or PC §

15 632 Class members is impracticable and questions of law and fact common to the Class and the PC §

16 632 Class predominate over any questions affecting only individual members of the Class and/or the

17 PC § 632 Class. Even if every individual Class and/or PC § 632 Class member could afford

18 individual litigation, the court system could not. It would be unduly burdensome to the courts if

19 individual litigation of the numerous cases were to be required. Individualized litigation also would

20 present the potential for varying, inconsistent, or contradictory judgments and would magnify the

21 delay and expense to all parties and to the court system resulting from multiple trials of the same

22 factual issues. By contrast, the conduct of this action as a class action with respect to some or all of

23 the issues will present fewer management difficulties, conserve the resources of the court system and

24 the parties and protect the rights of each Class and PC § 632 Class member. Further, it will prevent

25 the very real harm that would be suffered by numerous putative Class and PC § 632 Class members

26 who simply will be unable to enforce individual claims of this size on their own, and by Defendants'

27 competitors, who will be placed at a competitive disadvantage as their reward for obeying the law.

28 Plaintiff anticipates no difficulty in the management of this case as a class action.

---

35.     The prosecution of separate actions by individual Class and PC § 632 Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class and PC § 632 Class members not parties to those adjudications or that would substantially impair or impede the ability of those non-party Class or PC § 632 Class members to protect their interests.

36.     The prosecution of individual actions by Class and PC § 632 Class members would establish inconsistent standards of conduct for Defendants.

37.     Defendants have acted or refused to act in respects generally applicable to the Class and the PC § 632 Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class and/or the PC § 632 Class as a whole as requested herein.  Likewise, Defendants' conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

### Unlawful Recording and Intercepting of Communications against Defendants

### (Violation of California Penal Code § 632.7)

38.     Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

39.     Plaintiff participated in numerous telephone calls that she made to one or more Wyndham toll-free telephone numbers while within the State of California and that were routed to one of the Aegis-operated call centers.  Plaintiff used a cellular telephone to engage in at least some of those conversations.

40.     Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendants and their vendor, Aegis, had a policy and practice of using hardware and/or software that enabled them to surreptitiously record and/or monitor conversations with Plaintiff and Class members who used cellular or cordless telephones to place calls to Wyndham's toll-free telephone numbers and were routed to one of the Aegis-operated call centers.

41.     Plaintiff is informed and believes and on that ground alleges that, at all relevant times through and including March 23, 2012, Defendants and their vendor, Aegis, had and followed a

policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiff's and Class members' cellular and cordless telephone calls that were placed to Wyndham's toll-free telephone numbers and routed to one of the Aegis-operated call centers.

42.     Because, at all relevant times before March 23, 2012, Defendants and their vendor, Aegis, had and followed a policy and practice of not disclosing to Plaintiff or Class members that their cellular and cordless telephone calls to the Wyndham toll-free telephone numbers that were routed to one of the Aegis-operated call centers were recorded and/or monitored, Defendants and their vendor, Aegis, did not obtain, and could not have obtained, Plaintiff's or Class members' express or implied advance consent to the recording or monitoring of those conversations.  As a result, Plaintiff and Class members had an objectively reasonable expectation that their calls were not being recorded and/or monitored.  That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place.  As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls."  (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

43.     Defendants' conduct as described above violated California Penal Code § 632.7(a).  Under Penal Code § 637.2, Plaintiff and Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.  Plaintiff and Class members also are entitled to injunctive relief to enjoin further violations.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CAUSE OF ACTION

**Unlawful Recording of and Eavesdropping upon Confidential Communications**

**against Defendants**

**(Violation of California Penal Code § 632)**

44.     Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

45.     Plaintiff participated in numerous telephone calls that she made to one or more Wyndham toll-free telephone numbers while within the State of California and that were routed to one of the Aegis-operated call centers.  Plaintiff used a hardwired landline telephone to engage in at least some of those conversations.

46.     Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendants and their vendor, Aegis, had a policy and practice of using hardware and/or software that enabled them to surreptitiously record and/or monitor conversations with Plaintiff and PC § 632 Class members who used hardwired landline telephones to place calls to Wyndham's toll-free telephone numbers and were routed to one of the Aegis-operated call centers.

47.     Plaintiff is informed and believes and on that ground alleges that, at all relevant times through and including March 23, 2012, Defendants and their vendor, Aegis, had and followed a policy and practice of intentionally and surreptitiously recording and/or eavesdropping upon Plaintiff's and PC § 632 Class members' telephone calls that were placed to Wyndham toll-free telephone numbers and routed to one of the Aegis-operated call centers.

48.     Because, at all relevant times through and including March 23, 2012, Defendants and their vendor, Aegis, had and followed a policy and practice of not disclosing to Plaintiff or PC § 632 Class members that their telephone calls to Wyndham toll-free telephone numbers that were routed to one of the Aegis-operated call centers would be recorded and/or eavesdropped upon, Defendants and their vendor, Aegis, did not obtain, and could not have obtained, Plaintiff's or PC § 632 Class members' express or implied advance consent to the recording or eavesdropping of those conversations.

1        49.    Plaintiff is informed and believes and on that ground alleges that the telephone calls

2   that were made to Wyndham toll-free telephone numbers and routed to one of the Aegis-operated call

3   centers and were surreptitiously recorded and/or eavesdropped upon by Defendants and their vendor,

4   Aegis, were "confidential communications" within the meaning of California Penal Code § 632(c) in

5   that Plaintiff and PC § 632 Class members desired and expected the telephone communications as a

6   whole (i.e., both sides of the conversation, taken together) to be confined to the parties to those calls

7   and not recorded, monitored, and/or further disseminated.  Because Defendants and their vendor,

8   Aegis,  never disclosed to them that their calls were being recorded and/or eavesdropped upon and

9   their consent for recording and/or eavesdropping upon their calls never was sought, Plaintiff and PC §

10  632 Class members had an objectively reasonable expectation that their calls were not being recorded

11  and/or eavesdropped upon.  That expectation and its objective reasonableness arise, in part, from the

12  objective offensiveness of surreptitiously recording people's conversations, the absence of even a

13  simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease

14  with which such a message could have been put in place.  As the California Supreme Court has

15  stated, "in light of the circumstance that California consumers are accustomed to being informed at

16  the outset of a telephone call whenever a business entity intends to record the call, it appears equally

17  plausible that, in the absence of such an advisement, a California consumer reasonably would

18  anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy

19  interest most persons have with regard to the personal financial information frequently disclosed in

20  such calls."  (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

21

22       50.    Defendants' conduct as described above violated California Penal Code § 632(a).

23  Under Penal Code § 637.2, Plaintiff and PC § 632 Class members therefore are entitled to $5,000 in

24  statutory damages per violation, even in the absence of proof of actual damages, the amount deemed

25  proper by the California Legislature.  Plaintiff and PC § 632 Class members also are entitled to

26  injunctive relief to enjoin further violations.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and members of the Class and the PC § 632 Class, prays for the following relief:

a.    An order certifying the Class and appointing Plaintiff representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

b.    An order certifying the PC § 632 Class and appointing Plaintiff as representative of the PC § 632 Class, and appointing counsel for Plaintiff as lead counsel for the PC § 632 Class;

c.    An order declaring that the actions of Defendants, as described above, violate California Penal Code § 632.7;

d.    An order declaring that the actions of Defendants, as described above, violate California Penal Code § 632;

e.    A judgment for and award of statutory damages to Plaintiff and the members of the Class and the PC § 632 Class pursuant to California Penal Code § 637.2;

f.    A permanent injunction under Penal Code § 637.2 enjoining Defendants from engaging in further conduct in violation of California Penal Code § 630, *et seq;*

g.    Payment of costs of the suit;

h.    Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

i.    An award of pre- and post-judgment interest to the extent allowed by law; and

j.    For such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated:  March 28, 2016                    **KELLER GROVER LLP**

                    */s/ Eric A. Grover*

                    Eric A. Grover
                    Attorneys for Plaintiff

1

## **JURY DEMAND**

2
Plaintiff requests a trial by jury of all claims that can be so tried.

3
Respectfully submitted,

4
Dated:  March 28, 2016
**KELLER GROVER LLP**

5

6
   _/s/ Eric A. Grover_

7
Eric A. Grover
Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28