ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,**
  **A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE ROBERTS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>WYNDHAM HOTELS AND RESORTS, LLC; WYNDHAM HOTEL GROUP, LLC,<br><br>Defendants. | Case No:  3:12-cv-05083-LB<br><br>Hon. Magistrate Judge Laurel Beeler<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND LITIGATION EXPENSES, CLAIMS ADMINISTRATION FEES AND ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:     October 20, 2016<br>Time:    9:30 a.m.<br>Ctrm:    C, 15th Floor<br><br>Complaint Filed:  July 17, 2012<br>FAC Filed:         February 2, 2015<br>SAC Filed:         March 28, 2016 |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   PLEASE TAKE NOTICE that on October 20, 2016, at 9:30 a.m., or as soon thereafter as

2   the matter may be heard by the Honorable Laurel Beeler, Courtroom C – 15th Floor, 450 Golden

3   Gate Avenue, San Francisco, California 94102, Plaintiff Joyce Roberts will and hereby does

4   move for an Order (1) granting Class Counsel's application for an award of reasonable attorneys'

5   fees in the amount of $1,831,250, which is 25% of the Gross Settlement Amount, and

6   reimbursement of out-of-pocket costs in the amount of $66,997.05; (2) approving an

7   enhancement payment to Settlement Class Representative Roberts in the amount of $15,000; and

8   approving payment of up to approximately $298,532.58 to Rust Consulting, Inc. for claims

9   administration services.

10      The motion is based on this notice of motion and motion, the attached memorandum of

11  points and authorities, the parties' Settlement Agreement and Release, the Declarations of Eric A.

12  Grover and Scot D. Bernstein, the Declaration of Joyce Roberts, the Declaration of Jason M.

13  Stinehart of Rust Consulting, Inc., the Declaration of Cecily Uhlfelder of Kinsella Media, the

14  pleadings and papers filed in this case, and any oral argument this Court permits.

15  Dated:  August 19, 2016               Respectfully submitted,

16

17                                        KELLER GROVER LLP

18                                        By:  /s/ Eric A. Grover

19                                             ERIC A. GROVER
                                             Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................. 1

II.   CASE HISTORY AND STATEMENT OF FACTS. ..................................... 3

III.  CLASS COUNSEL'S WORK LITIGATING AND SETTLING THE ACTION............. 4

      A.   Prior to filing this action, Class Counsel investigated and researched the case and prepared it for litigation................................................. 4

      B.   The litigation required substantial discovery. ......................................... 4

      C.   Class Counsel engaged in substantive motion practice even prior to class certification. ................................................................................. 5

      D.   Class Counsel prepared for and fully briefed the class certification motion. ......... 5

      E.   After extensive preparation, Class Counsel represented Plaintiff and the Class at two mediations that resulted in the settlement. ........................ 6

      F.   The Settlement Class Representative actively participated. .................... 7

      G.   The notice and claims process........................................................... 8

IV.   THE SETTLEMENT ..................................................................................... 9

      A.   The Settlement Class............................................................................ 9

      B.   The common fund. .............................................................................. 10

      C.   Settlement payments to the Settlement Class Members. ...................... 10

      D.   The Settlement Agreement clearly states the attorneys' fees and costs............... 10

      E.   The Settlement Agreement provides for a reasonable enhancement payment for the Settlement Class Representative................................. 11

      F.   Claims administration fees and notice costs. ...................................... 11

      G.   The Settlement Agreement's provision regarding requested amounts not awarded. ........................................................................................... 11

V.    ARGUMENT .............................................................................................. 12

      A.   California law governs the award of fees, costs and enhancement..................... 12

      B.   Plaintiff's requested fee award is appropriate under the percentage-of-the-common-fund method. ....................................................................... 12

            1.   The circumstances of this case support a 25% fee award. ......... 14

                 a.   The results achieved................................................... 14

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**TABLE OF CONTENTS**
**(CONTINUED)**

**PAGE**

b.     The contingent nature of this case and financial burden............... 15

c.     The experience, reputation, and ability of Class Counsel, and the skill they displayed in litigation. ...................................... 16

d.     The risk of litigation...................................................................... 16

2.     As of this date, there are no objections to the settlement......................... 17

3.     The reasonableness of the requested fee award is supported by the awards granted in similar class settlements. ............................................. 17

C.     A lodestar cross-check confirms the reasonableness of the fee request............... 18

1.     Class Counsel's hourly rates are reasonable. ........................................... 19

2.     Class Counsel's hours are reasonable. ..................................................... 20

3.     A multiplier is warranted. ........................................................................ 21

D.     Class Counsel's request for costs also is reasonable............................................ 22

E.     The requested Settlement Class Representative enhancement payment is reasonable............................................................................................................ 23

F.     The Claims Administrator's requested fees and costs are reasonable. ................. 24

VI.     CONCLUSION........................................................................................................... 25

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

## TABLE OF AUTHORITIES

2

**Page**

3

**Federal Cases**

4

*Birch v. Office Depot,*
   No. 06cv1690 DMS (S.D. Cal. Sep. 28, 2007) ................................................. 23

5

*Boeing Co. v. Van Gemert,*
   444 U.S. 472 (1980) ........................................................................................ 12, 13

6

7

*Bolton v. U.S. Nursing Corp.,*
   2013 WL 5700403 (N.D. Cal. Oct. 18, 2013) ..................................................... 20

8

*Camacho v. Bridgeport Financial, Inc.,*
   523 F.3d 973 (9th Cir. 2008) .............................................................................. 19

9

10

*Cook v. Niedert,*
   142 F.3d 1004 (7th Cir. 1998) ............................................................................ 23

11

*Glass v. UBS Fin. Servs., Inc.,*
   331 F. App'x 452 (9th Cir. 2009) ....................................................................... 18

12

13

*Glass v. UBS Fin. Servs.,*
   2007 U.S. Dist. LEXIS 8476 (N.D. Cal. Jan. 26, 2007) ..................................... 23

14

*Gonzalez v. Southern Wine & Spirits of Am., Inc.,*
   555 Fed. Appx. 704 (9th Cir. 2014) ......................................................... 12, 18, 19

15

*Greko v. Diesel U.S.A., Inc.,*
    2013 WL 1789602 (N.D. Cal. Apr. 26, 2013) .................................................... 22

16

17

*In re Activision Sec. Litig.,*
   723 F. Supp. 1373 (1989) .................................................................................. 2, 13

18

*In re GNC Shareholder Litig.,*
   668 F. Supp. 450 (W.D. Pa. 1987). ..................................................................... 22

19

20

*In re Heritage Bond Litig.,*
   2005 WL 1594403 (C.D. Cal. June 10, 2005) ..................................................... 17

21

*In re Mego Fin. Corp. Sec. Litig.,*
   213 F.3d 458 (9th Cir. 2000) .............................................................................. 23

22

23

*In re United Energy Corp. Sec. Litig.,*
   MDL No. 726, 1989 WL 73211 (C.D. Cal. 1989) .............................................. 22

24

*Ingram v. The Coca-Cola Co.,*
   200 F.R.D. 685 (N.D. Ga. 2001) ......................................................................... 23

25

26

*Keller v. NCAA, et al.,*
   2015 U.S. Dist. LEXIS 113474 (N.D. Cal. Aug. 19, 2015) ................................. 13, 18, 23

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

2

<u>**TABLE OF AUTHORITIES**</u>
**(Continued)**

<u>**Page**</u>

3

4

*Knight v. Red Door Salons, Inc.,*
　　2009 U.S. Dist. LEXIS 11149 (N.D. Cal. Feb. 2, 2009)....................17

5

*Marenco v. VISA Inc.,*
　　2011 U.S. Dist. LEXIS 140527 (C.D. Cal. Dec. 6, 2011) ................23

6

7

*McDonald v. Bass Pro Outdoor World, LLC,*
　　No. 3:13-cv-00889-BAS-DHB (S.D. Cal. Dec. 18, 2014)................24

8

*Miller v. CEVA Logistics USA, Inc.,*
　　2015 U.S. Dist. LEXIS 104704 (E.D. Cal. Aug. 7, 2015) ...............17

9

10

*Mills v. Electric Auto-Lite Co.,*
　　396 U.S. 375 (1970).........................................................................12

11

*O'Bannon v. NCAA,*
　　2015 U.S. Dist. LEXIS 91514 (N.D. Cal. July 13, 2015)................19

12

13

*Paul, Johnson, Alston & Hunt v. Graulty,*
　　886 F.2d 268 (9th Cir. 1989)...........................................................13

14

*Radcliffe v. Experian Info. Solutions Inc.,*
　　715 F.3d 1157 (9th Cir. 2013)..........................................................23

15

16

*Rodriguez v. W. Publ'g Corp.,*
　　563 F.3d 948 (9th Cir. 2009)............................................................23

17

*Romero v. Producers Dairy Foods, Inc.,*
　　2007 U.S. Dist. LEXIS 86270 (E.D. Cal. Nov. 14, 2007) ...............17

18

19

*Staton v. Boeing Co.,*
　　327 F.3d 938 (9th Cir. 2003)............................................................13

20

*Steinfeld v. Discover Fin. Servs.,*
　　2014 WL 1309692 (N.D. Cal. Mar. 31, 2014)..................................20

21

22

*Stern v. Gambello,*
　　 480 F. App'x 867 (9th Cir. 2012) ...................................................13

23

*United Steelworkers of Am. v. Phelps Dodge Corp.,*
　　896 F.2d 407 (9th Cir. 1990).............................................................19

24

25

*Van Vranken v. Atlantic Richfield Co.,*
　　901 F. Supp. 294 (N.D. Cal. 1995) ....................................17, 22, 24

26

*Vedachalam v. Tata Consulting Serv. Ltd.,*
　　2013 WL 3941319 (N.D. Cal. July 18, 2013)..................................20

27

28

*Vizcaino v. Microsoft Corp.,*
　　290 F.3d 1043 (9th Cir. 2002) ...................................................passim

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**TABLE OF AUTHORITIES**
(Continued)

**Page**

*Webb v. Board of Educ.,*
    471 U.S. 234 (1985)............................................................................ 20

*Williams v. MGM-Pathe Commc'ns Co.,*
    129 F.3d 1026 (9th Cir. 1997) ......................................................... 13

*Williams v. SuperShuttle Int'l, Inc.,*
    2015 WL 685994 (N.D. Cal. Feb. 12, 2015) ........................... 19, 20

*Willner v. Manpower Inc.,*
    2015 U.S. Dist. LEXIS 80697 (N.D. Cal. June 20, 2015) ............ 2, 12, 13, 18

*Wolph v. Acer Am. Corp.,*
    2013 WL 5718440 (N.D. Cal. Oct. 21, 2013) ............................... 12

**State Cases**

*7-Eleven Owners for Fair Franchising v. Southland Corp.,*
    85 Cal.App.4th 1135 (2000) ............................................................ 17

*Apple Computer, Inc. v. Superior Court,*
    126 Cal.App.4th 1253 (2005) .................................................... 2, 12

*Chavez v. Netflix, Inc.,*
    162 Cal.App.4th 43 (2008) ................................................ 2, 13, 17, 18

*Clark v. Am. Residential Servs. LLC,*
    175 Cal.App.4th 785 (2009) ............................................................ 23

*Contreras v. Bank of Am., N.A.,*
    No. CGC-07-467749 (S.F. Cnty. Super. Ct. Sept. 3, 2010).......... 18

*Glendale City Employees' Association v. City of Glendale,*
    15 Cal.3d 328 (1975) ...................................................................... 12

*In re Cellphone Fee Termination Cases,*
    186 Cal.App.4th 1380 (2010), ........................................................ 23

*In re Consumer Privacy Cases,*
    175 Cal.App.4th 545 (2009) ..................................................... 12, 18

*Ketchum v. Moses,*
    24 Cal. 4th 1122 (2001) ............................................................ 15, 18

*Laffitte v. Robert Half International, Inc.,*
    2016 Cal. LEXIS 6387 (Cal. Aug. 11, 2016) ............................ 2, 12

*Lealao v. Beneficial California, Inc.,*
    82 Cal.App.4th 19 (2000). ............................................................. 21

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

2

**TABLE OF AUTHORITIES**
(Continued)

**Page**

3

*Serrano v. Priest ("Serrano III"),*
    20 Cal.3d 25 (1977) ............................................................................ 12, 18

4

5

*Serrano v. Priest ("Serrano IV"),*
    32 Cal.3d 621 (1982) ................................................................................ 20

6

7

*Wershba v. Apple Computer, Inc.,*
    91 Cal.App.4th 224 (2001) ........................................................................ 21

8

## Statutes

9

California Penal Code

10

    § 630 .............................................................................................................. 4, 12
    § 632 ......................................................................................................... 1, 23, 24
    § 632.7 ..................................................................................................... 1, 16, 17

11

12

## Rules

13

14

Federal Rules of Civil Procedure
    Rule 23(h) ...................................................................................................... 22
    Rule 26(a) ........................................................................................................ 4

15

16

## Treatises

17

4 *Newberg on Class Actions* 4th (4th ed. 2002)
    § 2.19 ............................................................................................................. 22
    § 14.03 ............................................................................................................ 18
    § 14.6 ........................................................................................................ 17, 21

California Class Actions Practice and Procedure
    § 15.03 ............................................................................................................ 14

18

19

20

21

22

23

24

25

26

27

28

*KELLER GROVER LLP*
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

MEMORANDUM IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES AND COSTS, ETC.

vi

CASE NO. 3:12-CV-05083-LB

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

## I.   INTRODUCTION

Plaintiff and Settlement Class Representative Joyce Roberts moves for an award of reasonable attorneys' fees and reimbursement of costs and litigation expenses incurred during nearly four years of litigation.   Class Counsel achieved a non-reversionary $7,325,000 class action settlement of California Penal Code §§ 632 and 632.7 privacy violation claims against Defendants Wyndham Hotels and Resorts, LLC and Wyndham Hotel Group, LLC (collectively "Defendants"). The Court preliminarily approved that settlement on March 22, 2016.[1]

Over the past four years, Class Counsel defeated a motion to dismiss and motion to strike, successfully moved for permission to amend the scheduling order to allow Plaintiff to amend the complaint, conducted significant discovery, including taking, defending or attending eight depositions, reviewed nearly 4,000 pages of produced documents, fully briefed the class certification motion, and opposed Defendants' motions to exclude Plaintiff's expert evidence, among numerous other necessary tasks.[2]

The Parties attempted mediation initially in October 2014 but that proved unsuccessful.[3] Later, shortly before the scheduled hearings on class certification and the motions to exclude expert witnesses and a second motion to amend the scheduling order, the Parties agreed to a second mediation in September 2015.[4]   With the assistance of a respected mediator, the Hon. Louis M. Meisinger (Ret.), Class Counsel negotiated with Defendants during the mediation session and for several days afterwards until the Parties reached a $7,325,000 all-in settlement, referred to as the Gross Settlement Amount.[5]   All of the settlement terms are set forth in the Settlement Agreement and Release ("Settlement Agreement") attached as Exhibit 1 to the Grover Declaration submitted with this motion.

As allowed by the Settlement Agreement, Class Counsel seeks a fee award of $1,831,250,

---

[1] Docket ("Dkt.") 106.

[2] Declaration of Eric A. Grover submitted in support of this motion ("Grover Decl.") at ¶¶ 10-18.

[3] Grover Decl. at ¶ 14.

[4] Grover Decl. at ¶ 14.

[5] Grover Decl. at ¶ 16.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    which represents 25% of the Gross Settlement Amount.[6]   Under California law,[7] when the

2    settlement produces a specific, identifiable common fund for the benefit of the entire class, the

3    court may award attorneys' fees using the percentage of the fund method.[8]   The requested fee

4    amount of 25% of the total settlement amount is within the range regularly awarded in similar

5    class action settlements in California courts and is consistent with the Ninth Circuit benchmark.[9]

6    Plaintiff's fee request is strongly supported by the results obtained, the risks of further litigation,

7    the skill required and quality of work performed, and the contingent nature of this litigation, all of

8    which demonstrate the reasonableness of the request.

9        A lodestar "cross-check" confirms the reasonableness of Plaintiff's fee request, which is

10   equivalent to Class Counsel's lodestar to date with a modest multiplier of 1.031.[10]   When the

11   additional time working with the Claims Administrator on the remaining claims process, speaking

12   with Settlement Class Members, finalizing this motion, preparing and filing the final approval

13   motion, and preparing for and attending the final fairness hearing are all factored in, the requested

14   multiplier will be less than 1.031.[11]   Class Counsel's hourly rates are reasonable in light of their

15   significant experience, skill, and expertise.[12]   Moreover, their rates are consistent with those of

16

17   _____

     [6] Ex. 1 at ¶¶ 3.1, 3.2; Grover Decl. at ¶ 44.  All "Ex." references are to exhibits attached to the
18   Grover Declaration unless stated otherwise. All capitalized terms used herein are defined in the
     Settlement Agreement.

19   [7] California law regarding fee awards applies because it governs the settled claims in this case.
     *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).  Federal law may serve as
20   guidance.  *Apple Computer, Inc. v. Superior Court*, 126 Cal.App.4th 1253, 1264 n. 4 (2005).

21   [8] *Laffitte v. Robert Half International, Inc.*, 2016 Cal. LEXIS 6387, at *39 (Cal. Aug. 11, 2016)
     (clarifying that the percentage of the common fund is a proper method for awarding fees); *Willner*
22   *v. Manpower Inc.*, No. 11-cv-02846-JST, 2015 U.S. Dist. LEXIS 80697, at * 17 (N.D. Cal. June
     20, 2015) (applying California law when awarding fees under percentage of fund method).
23
     [9] *Chavez v. Netflix, Inc.,* 162 Cal.App.4th 43, 66, n.11 (2008) (noting fee awards in class actions
24   average around one-third of the recovery).  Similarly, fee awards in federal courts often range
     between 20 and 30%.  *Vizcaino*, 290 F.3d at 1048-50; *In re Activision Sec. Litig.* 723 F. Supp.
25   1373, 1375 (N.D. Cal. 1989) (the fee award "almost always hovers around 30% of the fund.").

26   [10] Grover Decl. at ¶¶ 44-45.

     [11] Grover Decl. at ¶¶ 44-45, 69.
27
     [12] Grover Decl. at ¶¶ 2-4, 49-55; Declaration of Scot D. Bernstein submitted in support of this
28   motion ("Bernstein Decl.") at ¶¶ 2, 13, Ex. 1.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

attorneys of similar qualifications practicing in the Bay Area and California as a whole, and have been approved by courts in other settled class actions.[13]  The number of hours expended by Class Counsel on this hard-fought case also is reasonable.  Class counsel have provided details of their hours spent litigating this action and their hourly rates.[14]

Plaintiff also requests that the Court approve the reimbursement of Class Counsel's reasonable costs and litigation expenses incurred in this action in the amount of $66,997.05.[15]

Further, Plaintiff seeks the Court's approval of reasonable enhancement award for the Settlement Class Representative for her time, effort and contributions to this litigation, which include initiating the lawsuit on behalf of the class, safeguarding the class' interests throughout the litigation, and assisting in the settlement.  Plaintiff seeks payment of the reasonable amount of $15,000 for Settlement Class Representative Roberts, the amount set forth in the Settlement Agreement.[16]  Details of her efforts are discussed below and in her attached declaration.

Finally, Plaintiff requests that the Court approve payment of up to approximately $298,532.58 to the Court-approved claims administrator, Rust Consulting, Inc. ("Rust" or the "Claims Administrator"), for the fees and costs incurred to date and to be incurred through the conclusion of the settlement administration.  Jason M. Stinehart of Rust has submitted a declaration detailing the work the Claims Administrator has performed to date.[17]  Rust will provide a supplemental declaration and updated invoice with the final approval motion to be filed on September 13, 2016 and a second updated declaration closer to the October 20, 2016 hearing.

## II.  CASE HISTORY AND STATEMENT OF FACTS.

Pursuant to the Northern District of California's Procedural Guidance for Class Action Settlements, Plaintiff will set forth for the case history and facts in the motion for final approval

---

[13] Grover Decl. at ¶¶ 56-58; Bernstein Decl. at ¶ 13.

[14] Grover Decl. at ¶¶ 10-19, 44, 46-55, Exs. 6-10; Bernstein Decl. at ¶¶ 3-7, 14, Ex. 2.

[15] Grover Decl. at ¶¶ 70-72; *see also*, Ex. 1 at ¶ 3.2.

[16] Ex. 1 at ¶ 3.3; *see* Declaration of Joyce Roberts submitted herewith ("Roberts Decl.").

[17] Referred to herein as the "Rust Declaration" and cited as "Rust Decl. at ¶ __."  Cecily Uhlfelder of Kinsella Media also has submitted a declaration providing details of the notice publication process.  That declaration is cited as "Kinsella Decl. at ¶ __."

that will be filed on September 13, 2016 and will not repeat that information here.

### III. CLASS COUNSEL'S WORK LITIGATING AND SETTLING THE ACTION.

#### A.  Prior to filing this action, Class Counsel investigated and researched the case and prepared it for litigation

Prior to the filing of this action, Class Counsel expended time and effort investigating, researching, and preparing this case and the related Travelodge and Ramada cases for litigation.[18] Class Counsel investigated and researched Plaintiff's potential privacy claims under Penal Code §§ 630, *et seq.*  This included researching other unlawful recording cases filed in California.  This time also included preliminary research that generally was applicable to and thus apportioned amongst a number of unlawful recording cases that co-Class Counsel was preparing to file in early to mid-2012.  Class Counsel drafted and filed the original complaint in this case and the Travelodge and Ramada complaints based on the resulting analysis and facts described above.[19]

#### B.  The litigation required substantial discovery.

Class Counsel engaged in significant discovery on Plaintiff's behalf throughout the litigation.   Class Counsel drafted and served Plaintiff's Rule 26(a) Initial Disclosures; propounded multiple sets of written discovery; reviewed Defendants' written discovery responses, Initial Disclosures and nearly 4,000 pages of documents that Defendants produced; drafted responses to Defendants' written discovery requests; and engaged in multiple meet-and-confer efforts regarding the discovery responses.[20]

The discovery in this case also included numerous depositions.  Class Counsel prepared for and defended the deposition of Plaintiff Roberts and Plaintiff's two experts.  Class Counsel

---

[18] At the same time this action was filed, two other cases were filed in state court and removed to federal court and related to this action: *Roberts and Simpson v. Wyndham, Int'l, Inc. et al*, Case No. 12-cv-05180-EDL (the "Travelodge" case) and *Simpson v. Ramada Worldwide, Inc.*, Case No. 12-cv-05029-PSG (the "Ramada" case).  The plaintiffs in the three related actions thereafter voluntarily dismissed the claims against Wyndham International, Inc., Wyndham Worldwide Operations, Inc., and Ramada Worldwide, Inc.  Plaintiff Simpson also dismissed her claims against Wyndham Hotels and Resorts, LLC.  The claims alleged in the Travelodge and Ramada cases are covered by the settlement reached in this case.  Grover Decl. at ¶ 7.

[19] Grover Decl. at ¶ 10.

[20] Grover Decl. at ¶ 11; Ex. 1 at ¶ B.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

also deposed five individuals who were designated by Defendants as corporate representatives on various subject matters.[21]  Initial disclosures were exchanged and written discovery propounded and responded to in the Travelodge and Ramada cases prior to their dismissal.[22]

### C.  Class Counsel engaged in substantive motion practice even prior to class certification.

In October 2012, Defendants moved to dismiss the initial complaint and strike certain allegations.  Class Counsel drafted and filed the oppositions and ultimately defeated those motions.[23]  Similar motions were defeated in the Travelodge and Ramada cases.[24]

As the litigation and discovery progressed, Class Counsel determined it was necessary to amend the complaint.  When Defendants declined to stipulate to the amendment, Class Counsel drafted and filed a successful motion seeking permission to amend the scheduling order to permit Plaintiff to amend the complaint and then drafted and filed the First Amended Complaint.[25]

Later, further discovery revealed it was necessary to add Defendant Wyndham Hotel Group, LLC as a defendant.  When Defendants declined stipulate to an amendment, Class Counsel drafted and filed a second motion to amend the scheduling order to allow for the filing of a Second Amended Complaint.[26]  That motion became moot due to the settlement and the Second Amended Complaint adding Wyndham Hotel Group, LLC as a defendant was stipulated to as part of the settlement process.  The Second Amended Complaint was filed on March 28, 2016.[27]

### D.  Class Counsel prepared for and fully briefed the class certification motion.

After conducting exhaustive discovery and analyzing the voluminous evidence obtained, Class Counsel Class Counsel fully briefed the class certification motion.[28]  Class Counsel also

---

[21] Grover Decl. at ¶ 11; Ex. 1 at ¶ B.

[22] Grover Decl. at ¶ 11.

[23] Dkt. 23; Grover Decl. at ¶ 12; Ex. 1 at ¶ B.

[24] Dkt. 23 and Ramada Dkt. 28; Grover Decl. at ¶ 12.

[25] Grover Decl. at ¶ 12; Dkt. 56, 64, 65.

[26] Dkt. 91.

[27] Dkt. 107.

[28] Dkt. 72, 73 and 84; Grover Decl. at ¶ 13.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

drafted and filed oppositions to Defendants' motion to exclude expert evidence Plaintiff submitted in support of class certification.[29]

### E.   After extensive preparation, Class Counsel represented Plaintiff and the Class at two mediations that resulted in the settlement.

Prior to filing the class certification motion, Class Counsel participated in an initial October 2014 mediation session.  That initial mediation session was unsuccessful.[30]  The Parties continued discovery and fully briefed the class certification.    In advance of the hearing on the class certification motion, motions to exclude experts and Plaintiff's second motion to amend the scheduling order, Class Counsel engaged in discussions with counsel for Defendants regarding potential settlement and eventually agreed to exchange additional information informally and schedule a second mediation session.[31]   On September 1, 2015, the Parties engaged in an all-day mediation session with a new mediator, the Hon. Louis M. Meisinger (Ret.), formerly of the Los Angeles County Superior Court and a former Executive Vice-President and General Counsel of The Walt Disney Company.[32]

Class Counsel spent many hours preparing for what was ultimately a successful second mediation.  That work included preparing and sending to Defendants' counsel a detailed analysis of Plaintiff's claims and the multiple defenses from a quantitative and probabilistic perspective and preparing an extensive mediation brief that was submitted to the mediator and Defendants.[33]

In response to a proposal by Judge Meisinger, the Parties reached a tentative agreement several days after the mediation session.[34]  Class Counsel then drafted a detailed, formalized settlement agreement and exhibits and negotiated the language and terms with Defense Counsel until the Settlement Agreement setting forth all of the settlement terms and its exhibits were finalized and executed.  Class Counsel also drafted and filed the motion for preliminary approval

---

[29] Dkt. 85 and 87; Grover Decl. at ¶ 13.

[30] Grover Decl. at ¶ 14.

[31] Grover Decl. at ¶ 14.

[32] Ex. 1 at ¶ C; Grover Decl. at ¶ 14.

[33] Grover Decl. at ¶ 15.

[34] Ex. 1 at ¶ C.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

of the proposed class settlement on February 16, 2016.[35]

Since the preliminary approval order was entered, Class Counsel have worked extensively with the Claims Administrator to provide notice of the settlement to Settlement Class Members. Class Counsel also has spent time speaking with Settlement Class Members and dealing with Defense Counsel and the Claims Administrator on notice and claims administration issues.[36]

Class Counsel anticipates spending additional time working with the Claims Administrator on the remaining claims process, speaking with additional Class Members (especially as the claim filing deadline approaches), finalizing this motion, preparing and filing the final approval motion, and preparing for and attending the final fairness hearing.[37]

### F.  The Settlement Class Representative actively participated.

Plaintiff Roberts has represented the Settlement Class actively and aggressively throughout the four years of this litigation.  In preparation for bringing this action, Plaintiff Roberts gave Class Counsel substantive information regarding her claims and discussed her claims and the underlying circumstances at length with Class Counsel.  After the original complaints were filed, Plaintiff Roberts regularly communicated with Class Counsel regarding the progress of the litigation.  She assisted in the discovery process, including providing information for the initial disclosures and responses to interrogatories, requests for admission, and document requests; she was deposed by Defendants and spent time preparing for the deposition; she carefully reviewed her transcript and made any needed corrections; she was available to Class Counsel when additional information was needed or there were case-related matters to discuss.[38]

Plaintiff Roberts communicated with Class Counsel regularly during the entire litigation and throughout the settlement process, taking care to understand all terms of the Settlement Agreement before executing it.[39] With this motion, Plaintiff has submitted a declaration

---

[35] Dkt. No. 100; Grover Decl. at ¶¶ 16-17; Bernstein Decl. at ¶ 6; *see also*, Ex. 1.

[36] Grover Decl. at ¶ 18.

[37] Grover Decl. at ¶ 19; Bernstein Decl. at ¶ 3.

[38] Roberts Decl. at ¶¶ 3-13.

[39] Roberts Decl. at ¶¶ 11-12; Grover Decl. at ¶¶ 39, 41.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1   explaining the details of her participation in this case.[40]

2   **G. The notice and claims process.**

3   The Court granted preliminary approval of the settlement and provisionally certified the

4   Settlement Class on March 22, 2016.[41]   The notice procedure set forth in the Settlement

5   Agreement and approved by the Court required Rust to distribute notice of the settlement through

6   mail and email notification, a settlement website, an online banner and social media program,

7   newspaper publication and a press release.[42]   The Stinehart Declaration provides details of the

8   notice process.  The Uhlfelder Declaration provides details of the notice publication process.

9   In compliance with the Court's March 22, 2016 order, Rust mailed and emailed the class

10  notice, published the settlement website  www.CARecordedCallSettlement.com,  and through

11  Kinsella Media, caused notice to be published in the required newspapers, initiated the online

12  banner and social media ad campaign, and issued a press release regarding the settlement.[43]   As of

13  August 15, 2016, 87.97% of the Postcard Notices had been successfully delivered.[44]

14  The original deadline to file claims, opt out or object to the settlement was August 18,

15  2016, which ended up being earlier than the deadline to file this motion by one day because class

16  notice went out earlier than anticipated.[45]   The Parties agreed to extend the deadline to file claims,

17  opt out or object to the settlement until September 3, 2016, which is 15 days after the date this

18  motion was filed.[46]   The new deadline was posted on the Settlement Website on August 1, 2016.[47]

19  With a few weeks to go before the close of the claims/opt-out/objection deadline, as of

20  August 13, 2016, Rust has received 11 opts outs and no objections.[48]   Plaintiff and Rust will

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

---

22  [40] *See* Roberts Declaration.

    [41] Dkt. No. 106.

23  [42] *See* Ex. 1 at ¶ 6; Dkt. No. 106.

24  [43] Rust Decl. at ¶¶ 3-13; Kinsella Decl. at ¶¶ 4-10; *see also*, Grover Decl. at ¶¶ 23-32.

25  [44] Rust Decl. at ¶ 9 (after mail forwarding and additional searches, after only 11,588 of the 96,327 Settlement Class Postcard Notices have been deemed undeliverable).

26  [45] Grover Decl. at ¶ 33.

    [46] Grover Decl. at ¶ 33.

27  [47] Grover Decl. at ¶ 33.

28  [48] Rust Decl. at ¶¶ 15-16; Grover Decl. at ¶¶ 34-35.

update the opt-out and objection data with the September 13, 2016 final approval motion.[49]

As of August 15, 2016, Rust has verified 2,612 claims covering 6,475 total telephone calls.[50]  A batch of claims covering approximately 20,000 calls is being reviewed for duplicates and questionable claims, such as multiple claims from the same mailing address.  Another approximately 20,000 claims have been flagged as questionable and Rust is in the process of sending letters and emails to those individuals seeking additional information.  The bulk of these claims were filed online by individuals with a non-California mailing address and a non-California telephone number.  Additional information on the total valid claims, total calls represented by those claims and the estimated recovery on a per call basis will be provided with the final approval motion papers in September 2016.[51]

### IV. THE SETTLEMENT

#### A. The Settlement Class.

The March 22, 2016 preliminary approval order defines the Settlement Class as follows:

> All natural persons who were California residents and who, while physically located in California: placed a call to one of Defendants' toll free telephone numbers at any time during the period from May 1, 2011 through March 23, 2012, inclusive; were routed to an Aegis-operated call center; spoke with a representative; and did not receive notice that their call was being recorded.[52]

Excluded from the Settlement Class are (1) all calls to Howard Johnson toll free telephone numbers during the Class Period (May 1, 2011 through March 23, 2012), which calls are covered by the settlement in *Stone v. Howard Johnson International, Inc.*, USDC CD CA Case No. 12-CV-01684 PSG (MANx), and (2) persons who validly opt out of the settlement.[53]

Based on a review of call center records, Defendants estimate that the Aegis-operated call centers received approximately 185,000 calls from 115,770 unique telephone numbers with

---

[49] Grover Decl. at ¶ 36.

[50] Rust Decl. at ¶ 14; Grover Decl. at ¶ 37.

[51] Rust Decl. at ¶ 14; Grover Decl. at ¶ 37.

[52] Ex. 2 (Preliminary approval order at ¶ 3); Ex. 1 at ¶ 1(h); Grover Decl. at ¶ 21.

[53] Ex. 1 at ¶ 1(h).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

California Area Codes during the Class Period.[54]

### B. The common fund.

The settlement provides that Defendants will pay $7,325,000 to resolve the claims covered by the settlement.[55]   After subtracting out the following requested amounts -- $1,898,247.05 for fees and costs, $298,532.58 to pay the costs of notice and administration, and $15,000 in Settlement Class Representative's enhancement award -- all of the remaining funds, referred to as the Net Settlement Fund, will be available for distribution to the Settlement Class Members who file timely and valid claims.[56]   With the additional litigation and administration costs, the Net Settlement Fund is currently estimated to be approximately $5,113,220.37.[57]   Defendants have no reversionary interest in the $7,325,000 Gross Settlement Amount.[58]

### C. Settlement payments to the Settlement Class Members.

The Settlement Agreement allows Settlement Class Members to submit claim forms by mail or online to participate in the settlement.[59]   Each Settlement Class Member who submits a valid and timely claim will receive a settlement payment representing a *pro rata* share of the Net Settlement Fund on a per call basis.[60]   Information on the total claims, total calls represented by those claims, and the estimated settlement payment per call will be provided with the final approval motion papers in September 2016 and updated again closer to the final approval hearing.

### D. The Settlement Agreement clearly states the attorneys' fees and costs.

The Settlement Agreement provides that Plaintiff may seek attorneys' fees of up to $1,831,250, which is 25% of the Gross Settlement Amount, and actual out-of-pocket costs, which were then estimated not to exceed $60,000.[61]   Defendants agreed that they would take no position

---

[54] Ex. 1 at ¶¶ 1(h), 3.5, 6.1.

[55] Ex. 1 at ¶ 3.1.

[56] Ex. 1 at ¶ 3.5; *see* Grover Decl. at ¶¶ 38, 72; Rust Decl. at ¶ 17.

[57] Ex. 1 at ¶ 3.4; *see* Grover Decl. at ¶¶ 38, 72; Rust Decl. at ¶ 17.

[58] Ex. 1 at ¶ 3.8.

[59] Ex. 1 at ¶¶ 3.5, 7.1; Rust Decl., Ex. A (explaining that claims may be submitted electronically or by mail).

[60] Ex. 1 at ¶ 3.5.

[61] Ex. 1 at ¶ 3.2.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

regarding any fee application of up to 25% of the Gross Settlement Amount.[62]  Plaintiff is seeking a fee award of $1,831,250, which represents 25% of the Gross Settlement Amount and a modest 1.031 multiplier on Class Counsel's lodestar.[63]  Plaintiff also seeks reimbursement of $66,997.05 in out-of-pocket costs that they have advanced over the last four years.[64]  Plaintiff's fee and cost requests are discussed in more detail below.

### E. The Settlement Agreement provides for a reasonable enhancement payment for the Settlement Class Representative.

The Settlement Agreement provides that Plaintiff may seek a reasonable enhancement award in the amount of $15,000 for Plaintiff Roberts, subject to the Court's approval.[65]  The Settlement Class Representative has submitted with this motion a declaration explaining her efforts on behalf of the Settlement Class in the litigation and settlement of this action.[66]  Plaintiff's request that the Court approve the enhancement is addressed in more detail below.

### F. Claims administration fees and notice costs.

The Settlement Agreement provides that the Claims Administrator may be paid fees and costs that originally were estimated to be approximately $275,000.[67]  Rust and Kinsella Media have provided declarations detailing the work performed and costs incurred through June 2016 in providing notice and administration services.[68]  Rust will provide a supplemental declaration with the final approval motion updating the exact dollar amount that it is seeking in fees and costs.[69]  Plaintiff's request that the Court approve Rust's fees and costs is addressed in more detail below.

### G. The Settlement Agreement's provision regarding requested amounts not awarded.

The Settlement Agreement provides that, if the Court does not award the full amount of

---

[62] Ex. 1 at ¶ 3.2.

[63] Grover Decl. at ¶¶ 44-69; *see also*, Bernstein Decl. at ¶¶ 3, 14.

[64] Grover Decl. at ¶¶ 70-72; *see also*, Bernstein Decl. at ¶ 8.

[65] Ex. 1 at ¶ 3.3.

[66] *See generally*, Roberts Declaration.

[67] Ex. 1 at ¶¶ 3.4, 4.1, 4.2.

[68] Rust Decl. ¶ 17, Ex. E; Kinsella Decl. at ¶ 11.

[69] *See* Rust Decl. at ¶¶ 14, 15, 17.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  attorneys' fees or costs that Plaintiff is requesting in this application, any remaining amounts will

2  be included in the Net Settlement Fund.[70]  Similarly, if the Court awards less than the requested

3  enhancement amount for the Settlement Class Representative, any amount requested but not

4  awarded will be included in the Net Settlement Fund.[71]

5  **V. ARGUMENT**

6  **A.  California law governs the award of fees, costs and enhancement.**

7  California law, specifically California Penal Code §§ 630, *et seq.*, governs the settled

8  claims in this action.  Thus, California law also governs the award of fees, costs and enhancement

9  awards.[72]  This California privacy action is in federal court due to Defendants' removal from

10  California state court on grounds of diversity jurisdiction, not federal question jurisdiction.[73]

11  Although California law governs the fee award, federal law may be used as guidance.[74]

12  **B.  Plaintiff's requested fee award is appropriate under the percentage-of-the-common-fund method.**

13  The California Supreme Court just recently clarified that the percentage of the common

14  fund is a proper and accepted method for awarding fees.[75]  Indeed, courts have long recognized

15  the "common fund" or "common benefit" doctrine, under which attorneys who create a common

16  fund or benefit for a group of persons may be awarded their fees and costs to be paid out of the

17  fund.[76]  In the recent *Laffitte* decision, the California Supreme Court held that, "when class

---

18  [70] Ex. 1 at ¶ 3.2.

19  [71] Ex. 1 at ¶ 3.3.

20  [72] *See Vizcaino*, 290 F.3d at 1047 (the state law that governs the claims also governs the award of fees); *see also*, *Gonzalez v. Southern Wine & Spirits of Am., Inc.*, 555 Fed. Appx. 704, 704-05
21  (9th Cir. 2014) (applying California substantive law to the calculation of the attorney fee award).
22  *Willner*, 2015 U.S. Dist. LEXIS 80697, at *17 (same); *Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2013 WL 5718440, at *2 (N.D. Cal. Oct. 21, 2013) (same).

23  [73] Dkt. No. 1; *see* Grover Decl. at ¶ 6.

24  [74] *See Apple*, 126 Cal.App.4th at 1264 n. 4  ("California courts may look to federal authority for guidance on matters involving class action procedures."); *see also, e.g., Willner*, 2015 U.S. Dist.
25  LEXIS 80697, at *15-16 (citing *Apple*).

    [75] *Laffitte*, 2016 Cal. LEXIS 6387, at *39.

26  [76] *Id.*; *see also*, *Serrano v. Priest ("Serrano III")*, 20 Cal.3d 25, 34 (1977); *Glendale City*
27  *Employees' Assoc. v. City of Glendale*, 15 Cal.3d 328, 341, fn.19 (1975); *In re Consumer Privacy Cases*, 175 Cal.App.4th 545, 557 (2009); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980);
28  *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-392 (1970)..

---

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

action litigation establishes a monetary fund for the benefit of the class members, and the trial court in its equitable powers awards class counsel a fee out of that fund, the court may determine the amount of a reasonable fee by choosing an appropriate percentage of the fund created."[77]

Similarly the Ninth Circuit has explained that "attorneys for a successful class may recover a fee based on the entire common fund created for the class, even if some class members make no claims against the fund so that money remains in it that otherwise would be returned to the defendants."[78]   Courts may even look at the total fund value in a reversionary settlement, although is not necessary in this "all-in" (*i.e.*, non-reversionary) settlement.[79]

Plaintiff has created a fixed common fund from which reasonable attorneys' fees can be recovered.  The settlement creates a common fund of $7,325,000 that will substantially benefit the Settlement Class Members who file claims before the deadline.  Each participating Settlement Class Member will receive an ascertainable settlement payment.  Thus, the common fund doctrine enables the Court to determine a reasonable fee with "some exactitude."[80]

Attorneys' fee awards of approximately 25% or greater frequently are upheld.[81]   Even when courts have employed the alternative lodestar method to assess attorneys' fees, "the result is always an award that hovers around 30% of the fund created by the settlement."[82]   The Ninth Circuit also has noted that the usual range of fee awards in common fund settlements is 20-30%.[83]

---

[77] *Id.* (providing an extended analysis of California law regarding fee award methodology).

[78] *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997).  *See also*, *Boeing*, 444 U.S. at 478 ("a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.").

[79] *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) (quoting *Boeing v. Van Gemert*); *Williams*, 129 F.3d at 1027 (finding district court abused its discretion by awarding class counsel's fees based on percentage of claims made rather than the total common fund); *see also*, *Stern v. Gambello*, 480 F. App'x 867, 870 (9th Cir. 2012) (finding district court correctly considered the requested fees against the potential recovery, not the claims actually made).

[80] *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).

[81] *See e.g.*, *Keller v. NCAA, et al.*, Nos. 4:09-cv-1967 CW and 4:09-cv-3329 CW, 2015 U.S. Dist. LEXIS 113474, at **36-37 (N.D. Cal. Aug. 19, 2015) (awarding fees of 30% of common fund); *Willner*, 2015 U.S. Dist. LEXIS 80697, at *17 (awarding 30% of $8,750,000 common fund).  *See Chavez*, 162 Cal.App.4th at 66, n.11 (noting fee awards average around one-third of recovery).

[82] *In re Activision Sec. Litig.* 723 F. Supp. at 1375.

[83] *Vizcaino*, 290 F.3d at 1047 (also noting that the Ninth Circuit deems 25% as a benchmark).

---

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   Plaintiff's requested fee award of 25% of the Gross Settlement Amount falls well within

2   the range of percentages awarded in other class action litigation by this Court and numerous

3   California trial courts.[84]   The history of this action and Class Counsel's efforts and the results

4   obtained further support the reasonableness of the requested fee.

5   **1.   The circumstances of this case support a 25% fee award.**

6   Courts consider several factors when assessing the reasonableness of a common fund

7   award: (1) the results achieved; (2) the risk of prosecuting the litigation; (3) the skill and quality

8   of work by counsel; and (4) the financial burden carried by Class Counsel in prosecuting the case

9   on a contingency basis.[85]   Here, all of the factors support the reasonableness of the requested fee.

10   **a.   The results achieved.**

11   Class Counsel achieved an excellent result in this case.   The Parties reached a non-

12   collusive, arms'-length settlement, with the assistance of a respected mediator, after extensive

13   formal discovery and vigorous litigation that began four years ago.[86]   Defendants strongly denied

14   liability, filed a motion to dismiss, and vigorously challenged Plaintiff's ability to certify the class

15   and prove the alleged privacy violations on a class basis.   Continued litigation of this lawsuit

16   presented Plaintiff with substantial legal risks including failure to certify the class; inability to

17   prove liability; and, in the event of success at the trial court level, appeals relating to liability,

18   damages or class certification.[87]   Class Members' support for the results that Class Counsel

19   achieved is demonstrated by the lack of any objections to date.[88]

20   The settlement provides the participating Settlement Class Members with a real and

21   immediate monetary benefit, avoiding the very real risk of not succeeding at the certification or

22

23   [84] *See e.g.*, Grover Decl. at ¶ 44, Ex. 3; *see also* Elizabeth J. Cabraser, California Class Actions
24   Practice and Procedure § 15.03 at pp. 15-3-15.4.1 (2004) (discussing that California Courts
     recognize the 30% benchmark and citing cases).
25   [85] *Vizcaino*, 290 F.3d at 1048-50.

26   [86] Grover Decl. at ¶¶ 6-16; Bernstein Decl. at ¶¶ 3-7.

27   [87] Grover Decl. at ¶¶ 64-65; *see also*, Dkt. No. 100-1 (Grover Declaration submitted with the
     preliminary approval motion, at ¶¶ 14-16, 38-39).

28   [88] Rust Decl. at ¶ 16; Grover Decl. at ¶ 35.

liability phase, which likely would take years to determine and could be followed by years of appeals. These are significant benefits for the participating Settlement Class Members.[89]

      **b.**      <u>**The contingent nature of this case and financial burden.**</u>

Class Counsel provided experienced, competent representation and obtained an seven-figure settlement for the Settlement Class Members, all while prosecuting the case on a contingency basis for four years. As the California Supreme Court has explained:

> A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans. A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.[90]

From the outset of the case to the present, prosecution of this action has involved substantial financial risk for Class Counsel.[91] Class Counsel undertook this matter on a purely contingent basis, with no assurance of recovery. In addition to their time, Class Counsel placed at risk their own resources to prosecute this action with no guarantee of success.[92] The risks of this case are apparent in the pending battles over the class certification and expert witness evidentiary motions. Further, even if Plaintiff successfully overcame those hurdles, there still was no guarantee of success at trial or in any subsequent appeals.[93]

Class Counsel's commitment to this litigation should not be overlooked in assessing the reasonableness of the fee request. The aggressive nature of this litigation, particularly the discovery and motion practice involved, required Class Counsel to dedicate significant resources to this case. Class Counsel have spent more than 2,500 hours on the case to date and have

---

[89] Grover Decl. at ¶ 67; Dkt. 100-1 at ¶¶ 14, 17-20, 38-39.

[90] *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132-1133 (2001) (internal citation, quotations omitted).

[91] Grover Decl. at ¶¶ 63-64; Bernstein Decl. at ¶¶ 3, 8, 13.

[92] Grover Decl. at ¶¶ 63-65; Bernstein Decl. at ¶¶ 3, 8, 13.

[93] Grover Decl. at ¶ 64.

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   incurred over $66,997 in costs and other litigation expenses such as expert witness fees.[94]   Had

2   the Parties not agreed to settle, the demands of litigating this case would have continued to

3   require a significant portion of Class Counsel's resources.  Class Counsel were forced to forego

4   other employment in order to devote the time and resources required by this case.[95]

5       Despite such challenges, Class Counsel were able to persuade Defendants that they faced

6   sufficient exposure such that they were willing to pay $7,325,000 to settle Plaintiff's claims.

7               **c.**       **The experience, reputation, and ability of Class Counsel,**
                          **and the skill they displayed in litigation.**

8

9       Class Counsel are experienced in complex class litigation including numerous privacy

10  related class actions.[96]  Because of their experience and skill, Class Counsel were able to develop

11  a thorough factual record regarding the call center and data storage policies and practices of a

12  large corporation operating numerous hotel brands, defeat a motion to dismiss, move successfully

13  to amend the complaint, present a fully-briefed class certification motion, and present oppositions

14  to Defendants' motions to exclude Plaintiff's expert evidence.[97]  With the hearings for those

15  substantive motions approaching, Class Counsel persuaded Defendants that settlement was a

16  better option than the costs and risks of continued and prolonged litigation and obtained a

17  settlement providing excellent result for the Settlement Class Members.[98]

            **d.**       **The risk of litigation.**

18      In addition to the risks of continued litigation discussed above, there also was

19  considerable uncertainty given that there is limited case law interpreting California Penal Code §

20  632.7 in the class context; determining liability for alleged non-consensual telephone call

21  recording under the statute; and setting out methods of acceptable class-wide proof regarding

22  various issues Defendants raised, such as the callers' residency, their location at the time of their

23  calls, which non-cellular calls were made from cordless landline telephones, whether a particular

24

25  [94] Grover Decl. at ¶¶ 46, 49, 70-71, Exs. 6-10; Bernstein Decl. at ¶¶ 3-8, 14, Ex. 2.

26  [95] *See* Grover Decl. at ¶ 68; Bernstein Decl. at ¶ 15.

    [96] *See* Grover Decl. at ¶¶ 2-4, 51-55, 66; Bernstein Decl. at ¶ 2, Ex. 1.

27  [97] Grover Decl. at ¶¶ 66-67.

28  [98] Grover Decl. at ¶¶ 14-16.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

call was recorded, whether the caller consented to the recording, what type of device was used to answer the call, and whether a particular call was made during the limitations period.[99]   Class Counsel, therefore, faced complex and novel issues concerning Section 632.7's interpretation and how best to establish class-wide proof of a lack of consent to or lack of warning of the recordings.

### 2.   As of this date, there are no objections to the settlement.

Plaintiff's intention to request payment of Class Counsel's attorneys' fees was disclosed to each Class Member in the Court-approved Class Notice and in information found on the Settlement Website.[100]   To date, the settlement has received an overwhelmingly positive reaction from Settlement Class Members.   Several thousand claims have been verified and no objections have been submitted to date.[101]   Positive reactions by class members favor settlement approval.[102]

### 3.   The reasonableness of the requested fee award is supported by the awards granted in similar class settlements.

"Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery."[103]   Fee awards in smaller class settlements, *i.e.,* those involving common funds around $10 million or less, frequently are 30% or higher as opposed to "megafunds," *i.e.*, $50 million or more, where a smaller percentage recovery is more appropriate.[104]

---

[99] Grover Decl. at ¶ 65.

[100] *See* Rust Decl. at ¶¶ 3-6, 12-13, Exhibits A-D.

[101] Rust Decl. at ¶ 16; Grover Decl. at ¶ 35.

[102] *7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal.App.4th 1135, 1152-53 (2000); *In re Heritage Bond Litig.,* No. 02-ML-1475 DT, 2005 WL 1594403, at *21 (C.D. Cal. June 10, 2005) ("The absence of objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable.").

[103] *Chavez*, 162 Cal.App.4th 43, 66 n.11; *see also, Knight v. Red Door Salons, Inc.,* No. 08-01520 SC, 2009 U.S. Dist. LEXIS 11149, *17 (N.D. Cal. Feb. 2, 2009) (fee awards in common fund cases range around 30%); *Romero v. Producers Dairy Foods, Inc.,* No. 1:05cv0484 DLB, 2007 U.S. Dist. LEXIS 86270, at *10 (E.D. Cal. Nov. 14, 2007) ( "fee awards in class actions average around one-third of the recovery," citing *Newberg on Class Actions* § 14.6 (4th ed. 2007)).

[104] *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal. 1995) (noting inverse relationship with fee award percentages and common fund size); *Miller v. CEVA Logistics USA, Inc.,* 2015 U.S. Dist. LEXIS 104704, at *20 (E.D. Cal. Aug. 7, 2015) (noting same).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

In class settlements similar in size to this one, California courts consistently award attorneys' fees equaling around 30% of the total common fund.[105]  Similarly, federal courts in California also have awarded 30% or more of the common fund in settlements that are well below the megafund range.[106]  Plaintiff is requesting a reasonable 25% of the common fund.

### C.  A lodestar cross-check confirms the reasonableness of the fee request.

Fee calculations under the lodestar method would result in a similar award, demonstrating the fairness of Class Counsel's percentage fee request.  Because this is a common fund case, the lodestar method serves only to cross check the reasonableness of the fee request.[107]

Under the lodestar method, a base fee amount is calculated from a compilation of time reasonably spent on the case and the attorney's reasonable hourly rate.  The base amount then is adjusted by using a multiplier addressing factors such as the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented.[108]  In applying the multiplier, "[m]ultiples ranging from one to four frequently are awarded in common fund cases when the lodestar method is applied."[109]  As the Ninth Circuit has held, "California law requires that 'an attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee.'"[110]

---

[105] *See, e.g.,* Grover Decl. Ex. 5, *Contreras v. Bank of Am., N.A*., No. CGC-07-467749 (S.F. Cnty. Super. Ct. Sept. 3, 2010) (fee award of one-third of $16,650,000 fund in class settlement).

[106] *See, e.g.,* *Willner*, 2015 U.S. Dist. LEXIS 80697, at *17 (awarding 30% of $8,750,000 total settlement fund, noting that, similar to this case, the four-year litigation had involved motions to dismiss and a class certification motion); *Keller*, 2015 U.S. Dist. LEXIS 113474, at *36-37 (awarding fees of to 30% of $40,000,000 common fund).

[107] *See, e.g.*, *In re Consumer Privacy Case*s, 175 Cal.App.4th at 557-58 (Approving cross-checking with an alternative fee calculation method, noting "the ultimate goal … is the award of a reasonable fee to compensate counsel for their efforts, irrespective of the method of calculation." (internal quotations and citations omitted); *Glass v. UBS Fin. Servs., Inc.* 331 F.App'x 452, 456 (9th Cir. 2009) (approving "informal lodestar cross-check" for confirming the reasonableness of the percentage award); *Vizcaino*, 290 F.3d at 1050 (similar).

[108] *Serrano III,* 20 Cal.3d at 48; *In re Consumer Privacy Case*s, 175 Cal.App.4th at 556; *Chavez*, 62 Cal.App.4th at 61-67 (considering factors supporting multiplier of 2.5, including quality of representation, success achieved and rate of acceptance of the settlement benefits).

[109] *Newberg*, *Attorney Fee Awards*, § 14.03 at 14–5 (1987).

[110] *Gonzalez*, 555 Fed. Appx. at 704-05, quoting *Ketchum*, 24 Cal.4th at 1133.

---

Class Counsel has invested over 2,540 hours of attorney time litigating this class action to date.[111] Class Counsel calculates its lodestar through August 16, 2016 at $1,776,725 based on reasonable hourly rates.[112] This amount does not include the additional lodestar time attorneys at Keller Grover LLP and Law Offices of Scot D. Bernstein, A Professional Corporation, will expend finalizing and filing this motion, preparing and filing the final approval motion, attending the final fairness hearing, speaking with Class Members and making sure that the settlement is administered properly.[113] In light of Class Counsel's reasonable hourly rates and reasonable hours worked, in addition to the substantial benefits obtained for the class, the quality of representation and risk of non-payment,[114] the $1,831,250 fee request is reasonable.

### 1. Class Counsel's hourly rates are reasonable.

Under the lodestar method, courts should apply rates commensurate with hourly rates for private attorneys conducting non-contingent litigation of the same type.[115] Ordinarily, reasonable hourly rates are based on each attorney's current hourly rates.[116]

Class Counsel's hourly rates are summarized in the Grover and Bernstein Declarations filed in support of this application.[117] Rate determinations from other cases are satisfactory evidence of the prevailing market rate.[118] Class Counsel's hourly rates are well within the range of those found permissible for attorneys practicing class action litigation in the Northern District/San Francisco area market.[119]

---

[111] Grover Decl. at ¶¶ 46, 49, Exs. 6-10. Bernstein Decl. at ¶¶ 3, 14, Ex. 2.

[112] Grover Decl. at ¶¶ 46-61; Bernstein Decl. at ¶¶ 13-14.

[113] Grover Decl. at ¶¶ 48, 61; Bernstein Decl. at ¶ 3.

[114] *See* Section IV.B.1 above, addressing very similar or essentially the same factors.

[115] *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

[116] *Vizcaino*, 290 F.3d at 1051 ("calculating fees at [current hourly rates]…compensate[s] for delay in receipt of payment").

[117] Grover Decl. at ¶¶ 49-55; Bernstein Decl. at ¶¶ 9-13.

[118] *United Steelworkers of Am. v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990).

[119] *Gonzalez*, 555 Fed. Appx. at 705 (evidence of "prevailing hourly rates for comparable legal services in the community" should be considered). *See, e.g., O'Bannon v. NCAA*, No. 09-cv-03329-CW (NC), 2015 U.S. Dist. LEXIS 91514, at *14 (N.D. Cal. July 13, 2015) (similar range of rates for Bay Area counsel experienced in complex class actions were reasonable); *Williams v. (Cont'd)*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

All of the attorneys who contributed work to this action focus their practices on complex class actions and regularly litigate cases in California federal and state courts.[120]   The senior attorneys managing the litigation have an extensive history of success in litigating complex class action cases.[121]   Class Counsel's years of class action experience and expertise led to Plaintiff's success in resolving the action before trial and with critical class certification motion fully briefed and about to be heard.[122]   Reaching a seven-figure settlement in the face of Defendants' hard fought opposition is evidence of Class Counsel's skill and high quality of representation.

## 2.   Class Counsel's hours are reasonable.

Class Counsel has spent approximately 2,544 hours litigating this case to date.[123] Reasonable hours include, in addition to time spent during litigation, the time spent before the action was filed, including time spent interviewing the clients, investigating the facts and the law, preparing the initial pleadings and litigating the case and work on the related Travelodge and Ramada cases.[124]   The Grover and Bernstein Declarations describe the work performed by Class Counsel, which included fact investigation, drafting the complaints, propounding and responding to written discovery, reviewing nearly 4,000 pages of documents that Defendants produced, deposing five of Defendants' designated corporate representatives, defending the depositions of the named Plaintiff and Plaintiff's two experts, engaging in substantive motion practice -- including opposing Defendants' motion to dismiss, meeting and conferring with opposing counsel regarding discovery disputes, moving twice for permission to amend the scheduling order to

---

*SuperShuttle Int'l, Inc.*, No. 12-CV-06493-WHO, 2015 WL 685994, at *2 (N.D. Cal. Feb. 12, 2015) (similar); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118 JSW, 2014 WL 1309692, at *2 (N.D. Cal. Mar. 31, 2014) (similar); *Vedachalam v. Tata Consulting Serv. Ltd.*, No. C 06–0963 CW, 2013 WL 3941319, at *3 (N.D. Cal. July 18, 2013) (similar); *Bolton v. U.S. Nursing Corp.*, No. C 12–4466 LB, 2013 WL 5700403, at *5 (N.D. Cal. Oct. 18, 2013) (similar); *see also*, Grover Decl. at ¶¶ 57-58 (noting range of hourly rates approved in recent Bay Area fee orders).

[120] Grover Decl. at ¶¶ 2-4, 51-55, 66; Bernstein Decl. at ¶ 2, Ex. 1.

[121] Grover Decl. at ¶¶ 2-4, 51, 66; Bernstein Decl. at ¶ 2, Ex. 1.

[122] Grover Decl. at ¶¶ 65-66; *see* Bernstein Decl. at ¶ 2.

[123] Grover Decl. at ¶¶ 46, 39, Exs. 6-10; Bernstein Decl. at ¶ 3, Ex. 2.

[124] *Webb v. Board of Educ.*, 471 U.S. 234 (1985).  The fee award also should include time spent to establish the attorneys' fee claim. *Serrano v. Priest*, 32 Cal.3d 621, 639 (1982).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

permit Plaintiff to amend the complaint, moving for class certification, opposing Defendants' expert evidentiary motion, preparing a detailed and multifaceted quantitative and probabilistic analysis and persuading opposing counsel that mediation was desirable in view of Defendants' risk, drafting a mediation brief, preparing for and attending a mediation, negotiating the settlement, working with the Claims Administrator, and fielding calls from Settlement Class Members, among the many other tasks necessary to this litigation.[125]

Class Counsel expect to spend  at least another 75 hours finalizing this motion, preparing and filing the final approval motion, preparing for and attending the final approval hearing, speaking with Class Members, and dealing with claims administration issues.[126]  Those additional hours are not included in the current lodestar calculations.

### 3.  A multiplier is warranted.

Based on the reasonable hourly rates suggested by Class Counsel, the requested fee award would represent a very modest multiplier of 1.031 – an amount well within the accepted range for class action cases.[127]   California law provides that an increase to the actual lodestar can be supported by "factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented."[128]

As discussed above, *i.e.*, Class Counsel achieved excellent results for the Settlement Class Members.  Further, Class Counsel are highly experienced in complex class action litigation, including privacy class actions similar to this one.[129]  Class Counsel called upon their expertise and skill in four-plus years of vigorous litigation that involved substantial discovery and numerous substantive motions.[130]   Plus, this action raises California privacy law issues that

---

[125] *See* Grover Decl. at ¶¶ 10-19, 46; Bernstein Decl. at ¶¶ 3-7, Ex. 2.

[126] Grover Decl. at ¶¶ 48, 61; Bernstein Decl. at ¶ 3.

[127] *See Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 255 (2001) ("Multipliers can range from 2 to 4 or even higher"); *Vizcaino*, 290 F.3d at 1051 n.6 (common range is between 1.5 and 3); 4 *Newberg on Class Actions* 4th (4th ed. 2002) § 14.6 (multiples from 1 to 4 are common).

[128] *Lealao v. Beneficial California, Inc.*, 82 Cal.App.4th 19, 26 (2000).

[129] Grover Decl. at ¶¶ 2-4, 51-55, 66; Bernstein Decl. at ¶ 2, Ex. 1.

[130] Grover Decl. at ¶¶ 10-19.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

relevant case law addresses only minimally in the class action context, leaving Class Counsel to navigate the class issues specific to the claims alleged without much guidance or certainty.[131]

Class Counsel were precluded from accepting other work because of the time and resources needed to litigate this action.  The four years of very active and aggressive litigation required Class Counsel to dedicate a substantial portion of their resources to the case, preventing them from taking other cases.[132]

Finally, the fact that no Class Member has objected to the requested fees supports the application of a 1.031 multiplier to the basic lodestar.  Thus, the lodestar cross-check helps to establish that the 25% fee award requested is reasonable.

### D.  Class Counsel's request for costs also is reasonable.

Class Counsel have incurred out-of-pocket litigation costs and litigation expenses of $66,997.05.[133]  "Class counsel is entitled to reimbursement of reasonable expenses."[134]  The incurred costs and expenses include mediation fees, filing fees, expert witness and consultant fees, deposition costs, court courier charges, legal research fees, mailing charges, parking costs, mileage, travel costs, meal costs, and overnight delivery costs.[135]  Such costs are appropriate for cost reimbursement in these types of cases.[136]

Class Counsel are seeking reimbursement of $66,997.05.  Although the final costs turned out to be more than the $60,000 estimate provided in the Settlement Agreement, the agreement provided that all out-of-pocket costs would be reimbursed and the costs were expended on behalf of the Settlement Class.  There is no reason to believe that any Settlement Class Member would

---

[131] Grover Decl. at ¶ 65.

[132] Grover Decl. at ¶¶ 10-19, 63, 68; Bernstein Decl. at ¶ 15.

[133] Grover Decl. at ¶¶ 70-71, Ex. 12; Bernstein Decl. at ¶ 8, Ex. 2.

[134] Fed. R. Civ. P. 23(h); *see e.g., Greko v. Diesel U.S.A., Inc.*, 10-CV-02576 NC, 2013 WL 1789602, at *12 (N.D. Cal. Apr. 26, 2013) (approving reasonable costs in class action settlement); *Van Vranken*, 901 F. Supp. at 299 (same).

[135] Grover Decl. at ¶ 70, Ex. 12; *see also*, Bernstein Decl. at ¶ 8, Ex. 2.

[136] *See e.g.*, *In re United Energy Corp. Sec. Litig*,. MDL No. 726, 1989 WL 73211, at *6 (C.D. Cal. 1989) (quoting *Newberg*, Attorney Fee Awards, § 2.19 (1987)); *see also*, *In re GNC Shareholder Litig*, 668 F. Supp. 450, 452 (W.D. Pa. 1987).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

object to reimbursement to Class Counsel of all costs they incurred in litigating this action.

**E. The requested Settlement Class Representative enhancement payment is reasonable.**

"'[I]ncentive awards are fairly typical in class action cases.'"[137]  An award to the named plaintiff is "'intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.'"[138]  A service award is appropriate as an incentive to the named plaintiff to participate in the suit.[139]

The approval of an enhancement is within the Court's discretion.[140]  District courts "scrutinize carefully the awards so that they do not undermine the adequacy of the class representatives"[141] and consider factors such as "1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation."[142]  The enhancement award requested here is reasonable in this situation and falls within the range of enhancement awards in other similar California class settlements.[143]  For example, in the settlement of a similar

---

[137] *In re Cellphone Fee Termination Cases* ("*In re Cellphone*"), 186 Cal.App.4th 1380, 1394 (2010), quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009); *Clark v. Am. Residential Servs. LLC*, 175 Cal.App.4th 785, 806 (2009); *see also*, *In re Mego Fin. Corp. Sec. Litig.* ("*In re Mego*"), 213 F.3d 454, 458 (9th Cir. 2000); *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) ("Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and risks they incurred during the … litigation").

[138] *In re Cellphone*, 186 Cal.App.4th at 1393-94, quoting *Rodriguez*, 563 F.3d at 958-59.

[139] *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

[140] *In re Cellphone*, 186 Cal.App.4th at 1393-94; *In re Mego*, 213 F.3d at 463.

[141] *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013).

[142] *In re Cellphone*, 186 Cal.App.4th at 1395; *Rodriguez*, 563 F.3d at 958-59.

[143] *See Marenco v. VISA Inc.*, No. CV 10-08022 DMG (VBKx), 2011 U.S. Dist. LEXIS 140527 (C.D. Cal. Dec. 6, 2011) (awarding $18,000 enhancement in $18,000,000 Penal Code §§ 632, *et seq.* settlement); *Birch v. Office Depot*, No. 06cv1690 DMS, unpublished order at ¶ 12 (awarding $15,000 enhancement in $16,000,000 class settlement; *see* Grover Decl. Ex. 4); *Keller*, 2015 U.S. Dist. LEXIS 113474, at *35 (awarding incentives of $15,000); *Glass v. UBS Fin. Servs.*, No. C 06-4068 MMC, 2007 U.S. Dist. LEXIS 8476, at **51-52 (N.D. Cal. Jan. 26, 2007) (awarding
*(Cont'd)*

California Penal Code §§ 632, *et seq.* class action, a Southern District of California court approved a $20,000 enhancement where the total settlement fund was $6,000,000.[144]

Plaintiff Roberts has invested significant time and energy in this litigation. The specific details of Plaintiff's participation over the course of the litigation is detailed in her declaration filed in support of this motion.[145] The Settlement Agreement provides reasonable enhancement for the Settlement Class Representative, subject to the Court's approval, to compensate her for the risks she incurred and the time and effort she expended bringing the privacy violation class claims alleged in the operative Second Amended Complaint and actively pursuing those claims for years on behalf of the class.[146] Those efforts resulted in monetary benefits for the Settlement Class. Plaintiff requests a $15,000 enhancement payment for Plaintiff Roberts.[147]

### F. The Claims Administrator's requested fees and costs are reasonable.

The requested fees and costs of the Claims Administrator are reasonable. Rust has performed and will continue to perform tasks necessary to the administration of the settlement, including providing mail and email notice to Settlement Class Members, setting up a settlement website, working with Kinsella Media to conduct an online banner ad campaign, arranging for notice publication in multiple newspapers, issuing a press release, receiving and processing claim forms and requests for exclusion, processing returned mail, and handling inquiries from Class Members.[148] Rust also will be calculating and mailing individual settlement payments.

Rust Consulting originally agreed to perform all administration tasks for an amount estimated at approximately $275,000.[149]   Through June 2016, Rust Consulting has incurred

---

$25,000 incentives in a $45 million settlement); *Van Vranken*, 901 F. Supp. at 299 (approving $50,000 award in $76 million settlement); *McDonald v. Bass Pro Outdoor World, LLC*, No. 3:13-cv-00889-BAS-DHB, unpublished order at p.11 (S.D. Cal. Dec. 18, 2014) (awarding $20,000 enhancement in $6,000,000 Penal Code §§ 632, *et seq.* settlement; Grover Decl. Ex. 3).

[144] *McDonald*, No. 3:13-cv-00889-BAS-DHB, unpublished order at p.11 (Grover Decl., Ex. 3).

[145] *See* Roberts Declaration.

[146] Ex. 1 at ¶ 3.3; *see also* Grover Decl. at ¶¶ 39-41.

[147] *See* Ex. 1 at ¶ 3.3; Roberts Decl. at ¶¶ 3-13; Grover Decl. at ¶¶ 39-43.

[148] Rust Declaration; *see also*, Ex. 1 at ¶¶ 4.1, 4.2.

[149] Rust Decl. at ¶ 17; Grover Decl. at ¶ 38.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

expenses and fees in the amount of $244,572.72, including $107,846.66 on Publication Notice.[150] As of this filing, Rust Consulting anticipates completing all administration tasks for approximately an additional $54,000, making the final total approximately $298,532.58.[151] The additional cost is almost entirely the result of the work Rust Consulting will need to undertake to deal with the unexpected volume of likely fraudulent claims from individuals with non-California addresses and non-California telephone numbers.[152] Rust will provide a detailed supplemental declaration stating its final fee request in connection with the final approval motion.[153]

## VI. CONCLUSION

Class Counsel have fought hard for the class in this hotly contested case since its inception. The substantial – and for Plaintiff successful – motion practice and voluminous discovery required a high level of focus and effort throughout. When there was a need to advance costs, Class Counsel did not hesitate. And the result of that effort is a high seven-figure settlement. The Settlement Class Representative was helpful and responsive throughout and exposed herself to risk. In view of the enormous benefit her willingness to serve has conferred on the class, the requested enhancement is reasonable.

With regard to attorneys' fees in this case, this case has been hard-fought throughout and has required unceasing time and focus. The hours spent on the case and the $66,997 that Counsel advanced with no guarantee of compensation or repayment are a testament to the risk involved. The sum requested as fees is equivalent to 25% of the $7,325,000 settlement – a percentage that has been found to be reasonable in numerous California appellate decisions and the Ninth Circuit. And the effective multiplier of 1.031 is well below multipliers that have been approved in numerous state and federal cases.

Thus, Plaintiff respectfully requests that the Court grant this motion and approve (1) a payment of $1,831,250 to Class Counsel for attorneys' fees and $66,997.05 for Class Counsel's

---

[150] Rust Decl. at ¶ 17; Kinsella Decl. at ¶ 11; Grover Decl. at ¶ 38.
[151] Rust Decl. at ¶ 17; Grover Decl. at ¶ 38.
[152] Rust Decl. at ¶ 17; Grover Decl. at ¶ 36.
[153] Rust Decl. at ¶ 17.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    out-of-pocket costs and litigation expenses, (2) an enhancement payment of $15,000 to Plaintiff

2    Roberts, and (3) a payment to Rust for administration fees and expenses anticipated to be

3    approximately $298,532.58.

4    Dated:  August 19, 2016                   Respectfully submitted,

6                                              **KELLER GROVER LLP**

8                                 By:  /s/ *Eric A. Grover*

9                                      ERIC A. GROVER
                                       Attorneys for Plaintiff

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861