ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
  A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiff and the Class

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE ROBERTS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>WYNDHAM HOTELS AND RESORTS, LLC; WYNDHAM HOTEL GROUP, LLC,<br><br>Defendants. | Case No:  3:12-cv-05083-LB<br><br>Hon. Magistrate Judge Laurel Beeler<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF ERIC A. GROVER IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND LITIGATION EXPENSES, CLAIMS ADMINISTRATION FEES AND ENHANCEMENT PAYMENT**<br><br>Date:      October 20, 2016<br>Time:     9:30 a.m.<br>Ctrm:    C, 15th Floor<br><br>Complaint Filed:   July 17, 2012<br>FAC Filed:          February 2, 2015<br>SAC Filed:          March 28, 2016 |

I, ERIC A. GROVER, declare as follows:

1.     I am an attorney duly admitted to the practice of law in the State of California and before this Court.  I am a partner in the law firm Keller Grover LLP, counsel for Plaintiff Joyce Roberts (hereinafter "Plaintiff" or "Settlement Class Representative") and co-Class Counsel in this action.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently to the facts set forth below.

**Class Counsel's Experience:**

2.     Between September 1988 and October 2005, I was first an associate and then a shareholder in the firm Littler Mendelson, P.C.  Littler is the largest law firm in the United States specializing in labor and employment law.  During my 17 years at Littler, I practiced extensively in all areas of labor and employment law, including wage and hour law and class action defense. I also have extensive litigation experience, including numerous arbitrations and trying a number of cases to verdict in state and federal courts.

3.     In the time I worked at Littler, I worked on many class action matters.   The following is a list of various class action matters for which I was the lead or co-lead defense attorney:

    a.    *DLSE v. UI Video* (Blockbuster) (Alameda County) (Failure to provide uniforms.);

    b.    *Vickery, et al. v. Cinema Seven, Inc.* (San Francisco County) (Independent contractor vs. employee status, overtime, minimum wage and expense reimbursement claims.);

    c.    *ILWU, et al. v. DMS Messenger Services, et al.* (San Francisco County) (Overtime, minimum wage, expense reimbursement and waiting time penalties.);

    d.    *Shields, et al. v. Lyon's Restaurants* (San Diego County) (Manager misclassification.);

    e.    *O'Donnell, et al. v. Starving Students Movers* (Marin County) (Overtime, minimum wage and waiting time penalties.);

    f.    *Cross, et al. v. Compass* (Sacramento County) (Overtime and waiting time penalties.);

    g.    *Flowers, et al. v. Starving Students Movers* (San Joaquin County) (Overtime, minimum wage and waiting time penalties.);

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

h. *Chen v. DMX Music, Inc.* (San Francisco County) (Improper chargebacks on commission payments.);

i. *Tiffany, et al. v. Hometown Buffet* (San Francisco County) (Manager misclassification.);

j. *Leoni, et al. v. Jetsetter Express, Inc.* (San Joaquin County) (Manager misclassification.);

k. *Solano v. Clark Pest Control* (Los Angeles County) (Technician/salesperson misclassification.);

l. *Guglielmino, et al. v. McKee Foods Corp.* (USDC-ND) (Independent contractor vs. employee status.); and

m. *Evets v. Guess?, Inc.* (San Francisco County) (Manager misclassification.).

4. Between October 15, 2005 and the present, I have been practicing law at Keller Grover LLP. At Keller Grover, approximately 95% of my time is spent representing Plaintiff in employment, privacy and data breach class action matters. I currently am lead counsel or co-lead counsel on multiple class actions. I have been named Class Counsel in numerous wage and hour, privacy and data breach class action matters, including:

a. *Watson v. Ann Taylor Stores Corp.*, Los Angeles County Case No. BC342729;

b. *Novak v. Retail Brand Alliance, Inc., et al.*, Alameda County Case No. RG 05-223254;

c. *Jos. A. Banks Overtime Cases* (Coordinated Proceeding of *Palmtag v. Jos. A. Bank Clothiers, Inc.* and *McClure v. Jos A. Bank Clothiers, Inc.*, Solano County Case No. JCCP NO. 4479);

d. *Diaz v. Best Buy Stores, L.P.*, Alameda County Case No. Case No. RG 06-264187;

e. *Lozoya v. PA Acquisition Corp.*, et al, Alameda County Case No. RG 06-258395;

f. *Krispy Kreme Overtime Cases* (Coordinated Proceeding of *Avina v. Krispy Kreme Doughnut Corp. et al.* and *Hashimoto v. Krispy Kreme Doughnut Corp., et al.*, Alameda County Case No. JCCP No. 4489);

g. *Walgreens Overtime Cases* (Coordinated Proceeding of *Lebrecque v. Walgreen Healthcare Plus* and *Wright v. Walgreen Co.*, Los Angeles County Case No. JCCP 4387);

h. *Gring v. Claire's Boutique's, Inc.*, Alameda County Case No. RG 05-247759;

i. *Greene v. Federated Retail Holdings, Inc.* San Francisco County Case No. CGC 06-449456;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

j.    *Stermer v. L'Occitane, Inc.*, San Francisco County Case No. CGC 06-456056;

k.    *Wilde v. Catalina Restaurant Group, Inc. et al.*, Los Angeles County Case No. BC347513;

l.    *Rogers v. Accentcare, Inc.*, Alameda County Case No. RG 05-237683;

m.    *Fleming v. Dollar Tree Stores, Inc.*, United States District Court, Northern District of California Case No. Case No.  C 06-cv-03409 MJJ;

n.    *Corrado v. Valero Services, Inc.*, Alameda County Case No. RG 07-322134;

o.    *Stenroos v. Core-Mark International, Inc.*, San Mateo County Case No. CIV 451198;

p.    *Ford v. Pilot Travel Centers LLC*, United States District Court, Northern District of California Case No. C-07-cv-02715 TEH;

q.    *Elsbury v. Pizza Hut of Southeast Kansas, Inc.*, United States District Court, Eastern District of California Case No. EDCV 07-00695 SGL (JCRx);

r.    *Brior v. AE Retail West LLC*, San Francisco County Case No. CGC 06-455422;

s.    *Moore v. Genesco, Inc. et al.*, Alameda County Case No. RG 06-270570;

t.    *Stermer v. Ulta Salon, Cosmetics & Fragrance, Inc.*, San Francisco County Case No. CGC 08-427014;

u.    *Lauzon v. Club Monaco U.S., LLC, Polo Retail, LLC, and Polo Ralph Lauren Corporation*, San Francisco County Case No. CGC 06-449963;

v.    *Davenport v. Union Bank of California, N.A. and Unionbanc Investment Services LLC*, United States District Court, Central District of California Case No. 2:07-cv-00001 FMC (VBKx);

w.    *Jacobs v. Les Schwab Tire Centers of California, Inc., et al.*, San Francisco Superior Court Case No. CGC 08-478372;

x.    *Daniel Arias v. Praxair Distribution, Inc., et al.*, San Francisco Superior Court Case No. CGC 08-474506;

y.    *Flores, et al. v. Zale Delaware, Inc.*, United States District Court, Northern District of California Case No. 07-cv-00539 TEH;

z.    *Payan et al. v. MetroPCS, Inc.*, San Francisco County Case No. CGC 08-476703;

aa.    *Njoku v. Ecko Direct, LLC*, San Francisco County Case No. CGC 07-469480;

bb.    *Wiggins v. Cingular Wireless Employee Services, LLC*, San Francisco County Case No. CGC 08-477763;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

cc.   *Lee v. Marshalls of CA LLC*, Alameda County Case No. RG 07-337021;

dd.   *Flores v. Cintas Corporation No. 2, Inc.*, Los Angeles County Case No. BC400422;

ee.   *Drew v. HCR Manor Care Medical Services of Florida, LLC, et al.*, San Francisco County Case No. CGC 09-490181;

ff.   *Ireland, et al. v. National Distribution Centers, L.P., et al.*, San Francisco County Case No. CGC 09-493709;

gg.   *Lim-Hui v. Carter's Retail, Inc.*, San Francisco County Case No: CGC 09-484456;

hh.   *Sefton v. OshKosh B'Gosh, Inc.*, San Francisco County Case No. CGC 09-484496;

ii.   *Murphy v. Check n' Go of California, Inc.*, San Francisco County Case No. CGC 06-449394;

jj.   *Wireless Advocates Wage and Hour Cases* (Coordinated Proceedings of *Turner, et al v. Wireless Advocates LLC, Reyna, et al. v. Wireless Advocates LLC* and *Burk v. Wireless Advocates LLC*), Los Angeles County Case No. JCCP 4600;

kk.   *Matrix Service Wage and Hour Cases* (Coordinated Proceeding of *Hickman v. Matrix Service, Inc.* and *Alexander, et al. v. Matrix Service Company, et al.*), Alameda County Case No. JCCP 4610;

ll.   *Sullivan v. Kelly Services, Inc.*, United States District Court, Northern District of California Case No. 08-cv-3893 CW;

mm.   *Strickland, et al. v. Timec Company, Inc., et al.*, San Francisco County Case No. CGC 10-501832;

nn.   *Davis and Duke v. Plant Performance Services LLC, et al.*, Alameda County Case No. RG 10-501301;

oo.   *Jordan v. Directory Distributing Associates, Inc.*, San Francisco County Case No. CGC 10-500633;

pp.   *Martin v. Total Safety U.S., Inc.*, Alameda County Case No. RG 10-533750;

qq.   *Placer Title Company Wage and Hour Cases* (Coordinated Proceedings of *Shults v. Placer Title Co.* and *Nazeri v. Placer Title Co.*), Sacramento County Case No. JCCP 4567;

rr.   *Martin, et al. v. Starcon International, Inc.*, Contra Costa County Superior Court Case No. MSC10-01071;

ss.   *Meyer v. Irwin Industries, Inc.*, ADRS Case No. 11-3844-RAH;

tt.   *Lazarin, et al. v. Total Western, Inc.*, JAMS Case No. 1100067385;

uu.   *Potter v. Zale Delaware, Inc.*, Alameda County Superior Court Case No. RG 10-548469;

vv.    *Canales, et al. v. Electrical & Instrumentation Unlimited of California, Inc.*, Kern County Superior Court Case. No. S-1500-CV-271947 WDP;

ww.    *Schechter and Porter v. ISYS Solutions, Inc.*, Alameda County Superior Court Case No. RG 10-550517;

xx.    *Gomez v. Pizza Hut of Southeast Kansas, Inc.*, San Bernardino County Superior Court Case No. CIVVS900679;

yy.    *Hernandez v. Bodell Construction* Company, Alameda County Superior Court Case No. RG12-624600;

zz.    *Gilliam v. Matrix Energy Services, Inc.*, Alameda County Superior Court Case No. RG11-592345;

aaa.   *Tate v. Wyatt Field Services Co.*, Alameda County Superior Court Case No. RG 10-522846;

bbb.   *Becerra, et al. v. RadioShack Corporation,* United States District Court, Northern District of California Case No. C-11-cv-03586 YGR;

ccc.   *Vasquez, et al. v. Turnaround Welding Services, Inc.,* Contra Costa Superior Court Case No. MSC12-00340;

ddd.   *Betten and Lafa v. Diamond Wireless, LLC,* United States District Court, Central District of California Case No. 2:13-cv-02885 CBM;

eee.   *Martin v. AltairStrickland LLC*, Alameda County Superior Court Case No. RG11 575618;

fff.   *Miller v. Southwest Airlines Co.*, United States District Court, Northern District of California Case No. C-12-cv-5978-CRB;

ggg.   *Nguyen v. Equilon Enterprises LLC*, United States District Court, Northern District of California Case No.  4:12-cv-04650-YGR;

hhh.   *Saunders v. StubHub Inc.*, San Francisco County Superior Court Case No. CGC-12-517707;

iii.   *Oregel v. PacPizza, LLC*, Contra Costa County Superior Court Case No. MSC12-01454;

jjj.   *Torres, et al. v. San Joaquin Community Hospital*, JAMS Case No. 1220043288;

kkk.   *Hulsey v. San Joaquin Community Hospital*, JAMS Case No. 1210030884;

lll.   *DeLeon, et al. v. NCR Corp.*, San Bernardino County Superior Court Case No. CIVDS1403274;

mmm.   *Springer, et al. v. Stanford Hospital and Clinics, et al.*, Los Angeles County Superior Court Case No. BC470522;

nnn.   *Ginn, et al. v. Certified Safety, Specialists LLC et al.*, Contra Costa County Superior Court Case No. C11-0969;

ooo.   *Clothier v. SPAR Marketing Services, Inc.*, Alameda County Superior Court Case No. RG12-639317;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

ppp.     *St. Joseph Health System Medical Information Cases,* Orange County Superior Court JCCP Case No. 4716;

qqq.     *Everhart and Everhart v. Advantage Sales & Marketing, LLC*, Alameda County Superior Court Case No. RG14-712100;

rrr.     *Miller v. Hitachi America, Ltd.*, San Mateo County Superior Court Case No. CIV 526430;

sss.     *Johnson and Storey v. Mobility Plus Transportation LLC, et al.*, San Francisco County Superior Court Case No. CGC-13-532872;

ttt.     *Tripp and Solberg v. Crossmark, Inc., et al.,* United States District Court, Northern District of California Case No.  3:12-cv-04818-NC.

uuu.     *Miller v. Hitachi America, Ltd.*, San Mateo Superior Court Case No. CIV 526430;

vvv.     *McCabe, et al.* v. *Six Continents Hotels, Inc.*, United States District Court, Northern District of California Case No. 12-cv-04818-NC; and

www.     *Wheelock v. Hyundai*, Orange County Superior Court, Case No:   30-2011-00522293-CU-BT-CJC;

xxx.     *Andrade v. Desert Champions LLC* and *Gamache v. Desert Champions LLC*, United States District Court, Northern District of California Case Nos: 3:15-cv-02112 EMC and 3:15-cv-02112 EMC;

yyy.     *Nguyen v. Vantiv Inc., et al.*, United States District Court, Northern District of California Case No. 3:15-cv-02436-LB; and

zzz.     *Reed v. Tanco Engineering, Incorporated*, Alameda County Superior Court Case No. RG14-743559.

**Factual and Procedural Background:**

5.     A true and correct copy of the Settlement Agreement and Release ("Settlement Agreement") entered into by Plaintiff and Defendants Wyndham Hotels and Resorts, LLC ("WHR") and Wyndham Hotel Group, LLC (collectively "Defendants"), is attached hereto as **Exhibit 1**. The Settlement Agreement is discussed below.

6.     Plaintiff Roberts filed her initial complaint on July 17, 2012 against original defendants Wyndham International, Inc., Wyndham Worldwide Operations, Inc. and Wyndham Hotels and Resorts, LLC in Alameda County Superior Court.  On October 1, 2012, Defendants removed the action to this Court.  On October 17, 2012, the Court ordered this action related to two other cases – *Roberts and Simpson v. Wyndham, Int'l, Inc. et al*, Case No. 12-cv-05180-EDL (the "Travelodge" case) and *Simpson v. Ramada Worldwide, Inc.*, Case No. 12-cv-05029-PSG (the "Ramada" case).  The plaintiffs in the three related actions thereafter voluntarily dismissed

the claims against Wyndham International, Inc., Wyndham Worldwide Operations, Inc., and Ramada Worldwide, Inc. on May 15, 2013. Plaintiff Simpson also dismissed her claims against Wyndham Hotels and Resorts, LLC. The claims alleged in the Travelodge and Ramada cases are covered by the settlement reached in this case.

7. On February 2, 2015, following a contested motion, Plaintiff and Settlement Class Representative Roberts filed the First Amended Complaint. (Dkt. 65.) The First Amended Complaint alleged unlawful call-recording claims on behalf of California residents who made hardwired landline, cellular or cordless telephone calls to Defendants that were routed to certain call centers operated by Defendants' vendor, Aegis USA, Inc., now known as TPUSA-FHCS, Inc. ("Aegis"), and recorded without notice or consent in violation of California Penal Code §§ 632 and 632.7.

8. As part of the settlement, the Parties agreed to seek the Court's permission to file a Second Amended Complaint adding Wyndham Hotel Group, LLC as an additional named defendant. In the Second Amended Complaint, Plaintiff alleges unlawful call recording claims on behalf of a putative class of California residents who made hardwired landline, cellular or cordless telephone calls to Defendants that were routed to certain call centers operated by Aegis and recorded without consent in violation of California Penal Code §§ 632 and 632.7. The Second Amended Complaint was filed on March 28, 2016. (Dkt. 107.)

9. Defendants have vigorously denied all of the allegations in their entirety. To date, no class has been certified and no court has made a finding of any wrongdoing on the part of Defendants or that Defendants otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues presented in the litigation.

**Class Counsel's Work in Litigating and Settling this Action:**

10. Prior to the filing of this action, Class Counsel expended time and effort investigating, researching, and preparing this case and the related Travelodge and Ramada cases for litigation. Along with co-Class Counsel, my firm investigated and researched Plaintiff's potential privacy claims under Penal Code §§ 630, *et seq.* This included researching other unlawful recording cases filed in California. This time also included preliminary research that

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

generally was applicable to and thus apportioned amongst a number of unlawful recording cases that co-Class Counsel was preparing to file in early to mid-2012. Along with co-Class Counsel, my firm drafted and filed the original complaint in this case and the Travelodge and Ramada complaints based on the resulting analysis and facts described above.

11.     The Parties conducted significant discovery during the litigation. Class Counsel drafted and served Plaintiff's Rule 26(a) Initial Disclosures and propounded multiple sets of written discovery. Class Counsel reviewed Defendants' written discovery responses, Initial Disclosures and nearly 4,000 pages of documents that Defendants and Aegis produced. Class Counsel also drafted responses to written discovery Defendants propounded. My firm and co-Class Counsel engaged in multiple meet and confer efforts regarding discovery responses. My firm and co-Class Counsel prepared for and defended the depositions of Plaintiff Roberts and two experts named by Plaintiff in connection with class certification. My firm also deposed five individuals who were designated by Defendants as corporate representatives on various subject matters. Initial disclosures were exchanged and written discovery propounded and responded to in the Travelodge and Ramada cases prior to their dismissal.

12.     This litigation has involved substantive motion practice. My firm and co-Class Counsel drafted and filed an opposition to motions to dismiss and strike the original complaint, defeating the motions. (Dkt. 23.) Similar motions were defeated in the Travelodge and Ramada cases. (Dkt. 23 & Ramada 28.) As the litigation and discovery progressed, my firm and co-Class Counsel determined that it was necessary to amend the complaint and asked Defendants to stipulate to the amendment. When Defendants declined, my firm and co-Class Counsel drafted and filed a successful motion seeking permission to amend the scheduling order to permit Plaintiff to amend the complaint and then drafted and filed the First Amended Complaint. (*See* Dkts. 56, 64 & 65.) Later, after further discovery, my firm and co-Class Counsel determined that it was necessary to add Defendant Wyndham Hotel Group, LLC as a defendant. When Defendants declined Plaintiff's proposal that the parties stipulate to an amendment of the First Amended Complaint, my firm and co-Class Counsel drafted and filed a second motion to amend the scheduling order to allow for the filing of a Second Amended Complaint. (Dkt. 91.) That

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

motion became moot as a result of the settlement and the Second Amended Complaint adding Wyndham Hotel Group, LLC as a defendant was stipulated to as part of the settlement process. The Second Amended Complaint was filed on March 28, 2016.  (Dkt. 107.)

13.     After conducting exhaustive discovery and analyzing the voluminous evidence obtained, my firm and co-Class Counsel fully briefed the class certification motion.  (*See* Dkts. 72, 73 & 84.)  My firm and co-Class Counsel also drafted and filed oppositions to Defendants' motion to exclude expert evidence Plaintiff submitted in support of class certification.  (*See* Dkts. 85 & 87.)

14.     Prior to filing the class certification motion, my firm and co-Class Counsel participated in an initial October 2014 mediation session.  That initial mediation session was unsuccessful.  The Parties continued discovery and fully briefed the class certification motion. In advance of the hearing on the fully briefed class certification motion, motions to exclude experts and Plaintiff's second motion to amend the scheduling order to allow for an amendment to the complaint, my firm and co-Class Counsel engaged in discussions with counsel for Defendants regarding potential settlement and eventually agreed to exchange additional information informally and schedule a second mediation session.   On September 1, 2015, the Parties engaged in an all-day mediation session with a new mediator, the Hon. Louis M. Meisinger (Ret.), formerly of the Los Angeles County Superior Court and a former Executive Vice-President and General Counsel of The Walt Disney Company.

15.     Class Counsel spent many hours in preparation for what was ultimately a successful mediation.  In the time leading up to the second mediation session, my firm and co-Class Counsel prepared and sent to Defendants' counsel a detailed analysis of Plaintiff's claims and the multiple defenses from a quantitative and probabilistic perspective.  In addition, Class Counsel prepared an extensive mediation brief that was submitted to the mediator and Defendants.

16.     Although the Parties did not reach an agreement at the mediation sessions, in response to Judge Meisinger's proposal, the Parties reached a tentative agreement several days after the mediation session.  My firm and co-Class Counsel drafted a detailed, formalized

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

settlement agreement and exhibits and negotiated the language and terms with Defense Counsel until the Settlement Agreement and Release ("Settlement Agreement"), setting forth all of the settlement terms and the exhibits, was finalized and executed.   A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 1**.

17.     Class Counsel drafted and filed the motion for preliminary approval of the proposed class settlement and supporting papers, which were filed on February 16, 2016.  (Dkt. 100.)  On March 22, 2016, the Court entered an order preliminarily approving the settlement (Dkt. 106), which is **Exhibit 2** to this declaration.

18.     Since the preliminary approval order was entered, Class Counsel has worked extensively with the Claims Administrator and Kinsella Media to provide notice of the settlement to Settlement Class Members.  Class Counsel also has spent time speaking with Settlement Class Members and dealing with Defense Counsel and the Claims Administrator on notice and claims administration issues.

19.     My firm and co-Class Counsel anticipate spending additional time working with the Claims Administrator on the remaining claims process, speaking with additional Class Members, finalizing this motion, preparing and filing the final approval motion, and preparing for and attending the final fairness hearing.

**Preliminary Approval and the Court-approved Notice Program:**

20.     On March 22, 2016, the Court granted preliminary approval of the settlement and provisionally certified the Settlement Class.  *See* **Exhibit 2.**

21.     Pursuant to the Court's preliminary approval order, the Settlement Class is defined as: "All natural persons who were California residents and who, while physically located in California, placed a call to one of Defendants' toll free telephone numbers at any time during the period from May 1, 2011 through March 23, 2012, inclusive, were routed to an Aegis-operated call center, spoke with a representative, and did not receive notice that their call was being recorded.  Excluded from the Settlement Class are: (1) all such calls to Howard Johnson toll free telephone numbers during the Class Period, which calls are covered by the settlement in *Stone v.*

*Howard Johnson International, Inc.*, USDC CD CA Case No. 12-CV-01684 PSG (MANx); and (2) persons who validly opt out of the settlement."

22.     The notice procedure set forth in the Settlement Agreement and approved by the Court required the Court-approved Claims Administrator, Rust Consulting, Inc., ("Rust Consulting") and Kinsella Media to distribute notice of the class settlement through postcard notification, email notification, a settlement website, online banner and social media advertising, newspaper and magazine publication, publication through TopClassActions.com, and a press release.

23.     Jason M. Stinehart of Rust Consulting has submitted a declaration providing details of the notice and claims process through August 15, 2016.   The Rust Consulting Declaration is being filed concurrently with this motion.  Cecily Uhlfelder of Kinsella Media has submitted a declaration providing details of the notice publication process.  The Kinsella Media Declaration is being filed concurrently with this motion.

24.     Set forth below is a summary of the information contained in the Rust Consulting and Kinsella Media Declarations.

25.     In accordance with the Court-approved notice plan, Defendants provided Rust Consulting with a data file that ultimately contained 94,055 unique telephone numbers and address information, where available, related to calls made from a California Area Code during the Class Period that was captured by the call recording software at the Aegis-operated call centers.

26.     Rust Consulting ran a reverse directory search on the telephone numbers that Defendants provided without complete contact information and located additional mailing addresses.  Rust Consulting then ran all of the addresses provided by Defendants and obtained through the reverse directory search process though the National Change of Address database. At the end of that process, Rust mailed out 96,327 Settlement Class Notice Postcards.  Rust was also able to send out 15,465 emails with the Email Notice.

27.     As of August 15, 2016, after mail forwarding and additional searches, only 11,588 of the 96,327 Settlement Class Postcard Notices have been deemed undeliverable.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

28.      On May 11, 2016, Rust Consulting published the Settlement Website at the URL www.CARecordedCallSettlement.com, which contains the required summary of the settlement terms and instructions on how to submit a claim, opt out of the settlement, or object to the settlement, and a set of FAQ's, among other relevant information.  The Settlement Website also provides, free of charge: a viewable, printable and downloadable copy of the Settlement Agreement; the Second Amended Complaint; the Answer to the Second Amended Complaint; the Court's order preliminarily approving the settlement; the Claim Form; and the Long-form Settlement Class Notice.  Once Plaintiff's fee motion is filed, it will be posted on the Settlement Website.  Additionally, the motion for final approval will made available on the Settlement Website once it is filed in September 2016.  The Settlement Website is set up to allow for Class Members to electronically file claims.  Alternatively, the Settlement Website provides Class Members downloadable paper copies of the Claim Form if they prefer to submit claims by mail.  As of August 13, 2016, over 41,300 unique visitors have accessed the Settlement Website.

29.      Kinsella Media placed the required Internet and Facebook banner advertisements. Using targeted placements to California ISP addresses only, 18,288,162 gross impressions were delivered.  Examples of the banner and Facebook ads are attached as Exhibit 3 to the Kinsella Media Declaration.

30.      On May 11, 2016, Kinsella Media issued a statewide press release over PR Newswire's California Newsline service.  A copy of the press release is Exhibit 4 to the Kinsella Media Declaration.

31.      Pursuant to the Court approved notice program, Kinsella Media caused the Publication Notice to be published in the California edition of *Parade Magazine* and various other local community newspapers in California.   Details on the Publication Notice are contained in the Kinsella Media Declaration.  A copy of the Publication Notice that appeared in each publication is attached as Exhibit 2 to the Kinsella Media Declaration.

32.     On May 11, 2016, Rust Consulting established a toll free number, 1-800-889-8319, for Class Members to call and obtain additional information regarding the settlement.  As of August 13, 2016, 1,986 people have called the toll free number.

**Settlement Class Members' Response to Date:**

33.     The original deadline to file claims, opt out or object to the settlement was August 18, 2016.  This deadline ended up being earlier than the deadline to file this motion by one day because the Class Notice process commenced earlier than anticipated.  The Parties agreed to extend the deadline to file claims, opt out or object to the settlement until September 3, 2016, which is 15 days after the date this motion is being filed.  The new deadline was posted on the Settlement Website on August 1, 2016.

34.     With a few weeks to go before the close of the claims/opt-out/objection deadline, Rust Consulting has received 11 opt-outs.

35.     As of the date of this filing, Rust Consulting has received no objections.  Class Counsel also has not received any objections nor have any objections been filed with the Court.

36.     Plaintiff and Rust Consulting will update the opt-out and objection information as part of the final approval motion that Plaintiff will file on or before September 13, 2016.

37.     As of August 15, 2016, Rust Consulting has verified 2,612 claims covering 6,475 total telephone calls.  A batch of claims covering approximately 20,000 calls is being reviewed for duplicates and questionable claims, such as multiple claims from the same mailing address.  Another approximately 20,000 claims have been flagged as questionable and Rust Consulting is in the process of sending letters and emails to those individuals seeking additional information.  The bulk of these claims were filed online by individuals with a non-California mailing address and a non-California telephone number.  Additional information on the total verified claims, total calls represented by those verified claims, and the estimated settlement payment on a per call basis will be provided with the final approval motion papers in September 2016 and updated again closer to the final approval hearing.

38.     Rust Consulting originally agreed to perform all administration tasks for an amount estimated at approximately $275,000.  Through June 2016, Rust Consulting has incurred

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

expenses and fees in the amount of $244,572.72, including $107,846.66 related to Publication Notice.  As of this filing, Rust Consulting anticipates completing all administration tasks for approximately an additional $54,000, making the final total approximately $298,532.58.  The additional cost over the original estimate is almost entirely the result of the work that Rust Consulting will need to undertake to deal with the unexpected volume of likely fraudulent claims from individuals with non-California addresses and non-California telephone numbers.

**Named Plaintiff's Enhancement:**

39.     It is appropriate to recognize the contributions of the Settlement Class Representative in prosecuting this litigation.  I am of the opinion that it is fair and reasonable that Plaintiff Roberts receive a $15,000 enhancement payment.  Plaintiff Roberts has actively and aggressively represented the proposed class throughout the four years of this litigation. Plaintiff Roberts was an essential element in the successful prosecution and ultimate settlement of this case.

40.     The enhancement amount is fair given the amount of time and effort the Plaintiff spent assisting in the prosecution of this case and the personal hardship and pressure she faced as a result of filing this lawsuit against Defendants.

41.     In preparation for this action, Plaintiff Roberts provided substantive information to Class Counsel regarding her claims.  Before the original complaints were filed, Plaintiff discussed her claims and the underlying circumstances at length with Class Counsel.  After the original complaints were filed, Plaintiff Roberts regularly communicated with Class Counsel regarding the progress of the litigation.  She assisted in the discovery process, including providing information for the initial disclosures and responses to interrogatories, requests for admission and document requests.  She was deposed by Defendants and spent time preparing for the deposition; she carefully reviewed her transcript and made any needed corrections; she was available to Class Counsel when additional information was needed or when there were case-related matters to discuss.   Plaintiff Roberts also communicated with Class Counsel regularly during the settlement process, taking care to understand all terms of the Settlement Agreement before executing it.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

42.     The Named Plaintiff has submitted a detailed declaration outlining her efforts on behalf of the Settlement Class.

43.     The requested enhancement is in line with other enhancements awarded in class action settlements involving total settlement fund of similar or even smaller size to this one.  In addition to the enhancements awarded in several published orders cited in Plaintiff's memorandum of points and authorities, I am familiar with enhancements awarded in class settlements approved in unpublished orders, such as *McDonald v. Bass Pro Outdoor World, LLC*, No. 3:13-cv-00889-BAS-DHB, (S.D. Cal. Dec. 18, 2014) (awarding $20,000 enhancement in $6,000,000 California Penal Code §§ 632, *et seq.* class settlement) and *Birch v. Office Depot*, No. 06cv1690 DMS, (S.D. Cal. Sept. 28, 2007) (awarding $15,000 enhancement in $16,000,000 class settlement), that provide additional support for the requested enhancement in this case. True and correct copies of the unpublished *McDonald* and *Birch* orders, which are publicly available through PACER, are attached hereto as **Exhibits 3** and **4**.

**Attorneys' Fees and Costs:**

44.     As allowed by the Settlement Agreement, Class Counsel seeks a fee award of $1,831,250, which represents 25% of the Gross Settlement Amount and a multiplier of 1.031 on Class Counsel's total lodestar to date.  Once the additional time working with the Claims Administrator on the remaining claims process, speaking with Settlement Class Members, finalizing this motion, preparing and filing the final approval motion, and preparing for and attending the final fairness hearing are all factored in, the requested multiplier will be less than 1.031.  The total attorneys' fees being requested is reasonable because it falls well within range of percentages awarded by this Court and numerous California trial courts.[1]  The reasonableness of the fee award requested is supported by the risks Class Counsel undertook in accepting this case given its contingent nature, the quality of the representation provided to the Settlement Class, the results achieved, and the preclusion of other employment.

---

[1] In in the Memorandum of Points and Authorities, Plaintiff cites several published cases discussing the common range of fee award percentages and, as further example, the unpublished order in *Contreras v. Bank of Am., N.A.*, No. CGC-07-467749 (S.F. Cnty. Super. Ct. Sept. 3, 2010), a true and correct copy of which is attached hereto as **Exhibit 5**.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

45.     Furthermore, the reasonableness of the percentage requested is confirmed by a cross-check under the lodestar method, as the following information regarding Class Counsel's hourly rates and time spent demonstrates.   The requested fee award is equivalent to Class Counsel's actual lodestar to date with a modest 1.031 multiplier.

46.     Through August 17, 2016 attorneys at Keller Grover LLP and co-Class Counsel spent a total of 2,544 hours litigating this case engaged in the litigation activities discussed above, along with other necessary tasks required to litigate this class action.   A bullet-point summary of some of the necessary tasks engaged in by Class Counsel is below:

- Interviewed the named Plaintiff.
- Research potential claims and the appropriate defendant entities.
- Prepared and filed the original complaint and two amended complaints.
- Prepared and filed a motion to amend the complaint.
- Opposed Defendants' motion to dismiss the complaint.
- Interviewed numerous potential additional class representatives.
- Prepared and responded to extensive written discovery.
- Reviewed over 4,000 documents produced by Defendants in discovery.
- Engaged in discovery meet and confer efforts and motion practice.
- Deposed five witnesses produced by Defendants.
- Defended the deposition of the named Plaintiff.
- Prepared and filed case management conference statements and miscellaneous stipulations and court filings.
- Attended court proceedings.
- Engaged two experts in connection with class certification.
- Defended the depositions of Plaintiff's two experts.
- Prepared and filed an extensive class certification motion.
- Engaged in substantial mediation preparation.
- Attended two mediation sessions.
- Engaged in post-mediation settlement discussions.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

- Kept in regular contact with the named Plaintiff.
- Drafted the Settlement Agreement and related exhibits.
- Engaged with Defense Counsel in detailed discussions regarding the terms of the Settlement Agreement and related exhibits.
- Drafted the preliminary approval motion.
- Worked extensively with the Claims Administrator on the notice documents and Settlement Website.
- Handled telephone calls from Settlement Class Members.
- Prepared this motion and all supporting documents.
- Performed work on the Travelodge and Ramada cases that were dismissed and folded into the settlement of this action.

47.    It is important to take note of the fact that this case was one of several unauthorized recording cases being handled jointly by Keller Grover LLP and Law Offices of Scot D. Bernstein, A Professional Corporation.  A significant number of matters that were handled by Class Counsel during the course of the litigation – including reviewing new case law relevant to claims and defenses, preparing templates for discovery requests and a host of other matters – benefitted our efforts in multiple cases.  As to time spent on those matters, it was the billing practice of Keller Grover LLP to divide that time among the several cases, which lowered the firm's billings for those matters in this case to a fraction of what they would have been if that economy of scale had not been available.  Thus, that practice contributed to the efficiency of my firm's work on this case.

48.    Class Counsel collectively expects to spend at least another 75 hours finalizing this motion, preparing and filing the final approval motion, preparing for and attending the final approval hearing, speaking with Settlement Class Members and dealing with claims administration issues.

49.    The following chart summarizes the hours expended by Class Counsel at Keller Grover LLP in connection with this litigation through August 17, 2016:

| Name | Position | Law School Year | Rate | Hours[2] | Billing |
|------|----------|-----------------|------|----------|---------|
| Eric A. Grover | Partner | 1988 | $825 | 699.90 | $577,417.50 |
| Elizabeth Acevedo | Senior Associate | 2003 | $575 | 137.80 | $79,235 |
| Rachael G. Jung | Senior Counsel | 2005 | $550 | 859 | $472,450 |
| Sarah Holloway | Senior Counsel | 2007 | $525 | 109.70 | $57,592.50 |
| Rubi Quihuis | Associate | 2012 | $325 | 37.60 | $12,200 |
| **Total Hours/Lodestar:** | | | | **1,844** | **$1,198,895** |

50.     The rates used to calculate our attorneys' fees in this case are our current 2016 rates.  My partner and I periodically establish hourly rates for all billable personnel in the firm. We set the rates based on our regular and on-going monitoring of prevailing market rates in the San Francisco Bay Area for attorneys of comparable skill, experience, and qualifications. In doing so, we obtain information concerning market rates from other attorneys in the area who perform comparable litigation, including the prosecution or defense of complex and/or class action litigation, from conversations with attorneys who are involved in fee litigation, from reviewing fee applications that are submitted in other cases (which report the billing rates of attorneys practicing in other firms), and the orders approving or disapproving them.  We set the billing rates for our firm to be consistent with prevailing market rates in the private sector in the Bay Area for attorneys of comparable skill, qualifications and experience, but not at the most aggressive end of the spectrum despite our belief that our work product and efficiency and general quality of representation is at the upper end of that continuum.

---

[2] In an exercise of billing judgment, time entries have been rounded down and other time entries eliminated. True and correct copies of the attorney time records, labeled in order of the timekeepers listed in the above chart, are attached hereto as **Exhibits 6, 7, 8, 9 and 10**.  We have redacted from the time records the substance of communications with the Plaintiffs.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

51.     My reasonable hourly rate for this matter is $825 per hour.  This rate is based on my close to 28 years of experience and substantial involvement in class actions, including serving as lead or co-lead counsel in scores of employment, privacy and consumer class actions.

52.     Elizabeth A. Acevedo, Esq. is a 2003 graduate of the University of Southern California Gould School of Law and, throughout her career, has represented plaintiffs in employment, consumer, privacy and securities class actions.  Ms. Acevedo's current reasonable hourly rate is $575.

53.     Rachael G. Jung, Esq. is a 2005 graduate of Pepperdine University School of Law. Ms. Jung has represented both plaintiffs and defendants throughout her career.  She has worked nearly exclusively on California Invasion of Privacy Act class actions since August 2012.  Ms. Jung's current reasonable hourly rate is $550.

54.     Sarah R. Holloway, Esq. is a 2007 graduate of University of Colorado School of Law.   Throughout her career, Ms. Holloway has specialized in representing plaintiffs in consumer, privacy and securities class actions and qui tam actions.  Ms. Holloway's current reasonable hourly rate is $525.

55.     Rubi Quihuis, Esq. is a 2005 graduate of University of California Hastings College of Law and a member of the California and Washington state bars.  Ms. Quihuis was sworn in as a member of the Washington bar in 2007 and the California bar in 2012.  Ms. Quihuis' current reasonable hourly rate of $325.

56.     The United States District Court for the Northern District of California had a recent opportunity to review and approve the slightly lower 2014 rates of Eric A. Grover, Elizabeth A. Acevedo, Rachael G. Jung and Rubi Quihuis of Keller Grover and co-Class Counsel Scot Bernstein in connection with the fee motion in *Nguyen v. Equilon Enterprises, LLC*, USDC ND Case No. 12-cv-04650 YGR, which was also an unlawful call recording case. In an August 28, 2014 order granting plaintiff's fee motion, the Court found that the 2014 Keller Grover LLP and Scot Bernstein "hourly rates used to arrive at [the lodestar] are consistent with market rates and reasonable in light of Class Counsel's skill, experience, and expertise."  A true

and correct copy of the *Nguyen* August 28, 2014 order, which is Docket No. 46 in that case, is attached hereto as **Exhibit 11**.

57.     Class Counsel's rates are in line with Bay Area attorney rates. Recent Northern District case law describing hourly rates by comparable attorneys in similar complex class actions supports that Class Counsel's fee request is within the range of the Bay Area market. *See e.g.*, *O'Bannon v. NCAA*, No. 09-cv-03329-CW (NC), 2015 U.S. Dist. LEXIS 91514, at * 14 (N.D. Cal. July 13, 2015) (finding similar range of hourly rates (from $985 to $250 for class counsel experienced in complex class actions to be reasonable); *Williams v. SuperShuttle Int'l, Inc.*, No. 12-CV-06493-WHO, 2015 WL 685994, at *2 (N.D. Cal. Feb. 12, 2015) (finding similar range of hourly rates (from $750 to $325) for class counsel experienced in complex employment class actions to be reasonable); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118 JSW, 2014 WL 1309692, at *2 (N.D. Cal. Mar. 31, 2014) (finding similar range of hourly rates (from $725 to $415) for class counsel experienced in complex consumer class actions to be reasonable and comparable to rates of attorneys doing similar work in the Bay Area community); *Vedachalam v. Tata Consulting Serv. Ltd.*, No. C 06–0963 CW, 2013 WL 3941319, at *3 (N.D. Cal. July 18, 2013) (finding similar range of hourly rates (from $725 to $425) of class counsel experienced in complex employment and consumer class actions to be reasonable and comparable to rates charged by other attorneys in the field); *Bolton v. U.S. Nursing Corp.*, No. C 12–4466 LB, 2013 WL 5700403, at *5 (N.D. Cal. Oct. 18, 2013) (approving similar range of hourly rates (from $725 to $395) in complex class action); *Greko v. Diesel U.S.A., Inc.*, No. 10-CV-02576 NC, 2013 WL 1789602, at *10 (N.D. Cal. Apr. 26, 2013) (approving similar range of hourly rates (from $700 to $300) for attorneys experienced in employment class action field); *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, *18-22 (N.D. Cal. April 01, 2011) (approving similar range of hourly rates (from $725 to $250) in complex employment class action, citing the multiple declarations by counsel and other Bay Area Plaintiff's attorneys who affirmed the rates were at market).

58.     Most recently, this Court found hourly rates in a class action matter to be reasonable, including $985 for the managing and senior partner with over 40 years of practice

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

and $250 for very junior associates.  *O'Bannon*, 2015 U.S. Dist. LEXIS 91514, at * 14 (counsel's hourly rates were set forth in the fee motion and accompanying attorney declarations). Similarly, in *Williams*, the district court found that class counsel's hourly rates were reasonable, including $750 for the managing and lead partner with 16 years of experience, $675 for another partner with 15 years of experience, and $325 for an associate with six years of experience. *Williams*, 2015 WL 685994, at *2 (counsel's hourly rates were set forth in the attorney declaration filed with the fee motion).  Similarly, in *Vedachalam*, in 2013, the district court approved hourly rates for class counsel at Lieff Cabraser Heimann and Bernstein LLP of $725 for the lead partner with 20 years of class action experience, $525 for the partner with eight years of experience, and $425 for the associate with four years of experience. *Vedachalam*, 2013 WL 3941319, at *3 (counsel's hourly rates were set forth in the declarations).  Similarly, in *Bolton*, also a 2013 case, the district court approved class counsel's hourly rates, including $750 for the lead partner with 30 years of experience, $550 for an associate with 11 years of experience, and $415 for an associate with nine years of experience. *Bolton*, 2013 WL 5700403, at *5.

59.     Keller Grover LLP's lodestar through August 17, 2016 is $1,198,895.

60.     Mr. Bernstein's firm has expended 700.40 hours through August 17, 2016.  Mr. Bernstein's firm lodestar through August 17, 2016 is $577,830.  Mr. Bernstein has submitted a declaration stating his hours worked and rates.  *See* Declaration of Scot D. Bernstein.

61.     The collective lodestar for Class Counsel to date is $1,776,725.  Future work will incur approximately $60,000 in additional lodestar.  Not including the anticipated future work, the requested attorneys' fees of $1,831,250 represents the actual lodestar plus a modest 1.031 multiplier.

62.     To date, not a single Settlement Class Member has submitted an objection to the settlement.  In addition, through August 13, 2016, only 11 out of approximately 95,000 potential Settlement Class Members have opted out of the settlement.  The overwhelming rate of acceptance of the settlement by Settlement Class Members supports Class Counsel's fee request. Contingent Nature of Case, Risk to Counsel and Novelty of Legal Issues Involved:

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

63.     This Court can appreciate that litigating a class action case against a large and well-funded corporate defendant represented by an excellent law firm is not appealing to many lawyers, particularly when the Plaintiff's lawyer will have to finance the litigation.  This case was taken on a contingency basis and is not a case undertaken lightly.  The risk of advancing costs in this type of litigation can be quite a burden, particularly given that cases often continue for multiple years, like this one has.  Indeed, Class Counsel collectively incurred costs in excess of $66,997 in litigating this case.

64.     Even with my extensive experience litigating class action cases, prosecuting these cases still carries a considerable amount of risk.  This case involved a significant uncertainty and risk, both in not prevailing on the merits and in non-certification.  That uncertainty and risk are apparent in the pending battles over the class certification and expert witness evidentiary motions.  Further, even if Plaintiff successfully overcame those hurdles, there still was no guarantee of success at trial or in any subsequent appeals.

65.     There is limited case law interpreting California Penal Code §§ 632 and 632.7 in a class action context; determining liability for alleged non-consensual telephone call recording under the statute; and setting out methods of acceptable class-wide proof regarding various issues Defendants raised, such as which callers called Wyndham, the callers' residency, their location at the time of their calls, which non-cellular calls were made from cordless landline telephones, whether a particular call was recorded, whether the caller consented to the recording, what type of device was used to answer the call, and whether a particular call was made during the limitations period.  Class Counsel, therefore, faced complex and novel issues concerning the interpretation of Sections 632 and 632.7 and how best to establish proof of a lack of consent to or lack of warning of the recordings on a class basis.

Quality of Representation and Results Achieved:

66.     The nature of class action work and the expertise of the attorneys in my firm and co-counsel Scot Bernstein also justify our hourly rates as well.  I and the other attorneys who worked on this case have expertise in representing consumers in similar privacy related class actions and have provided the Settlement Class with an exceptional quality of representation.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

67.     Because of that experience and skill, we were able to develop a thorough factual record regarding the call center and data storage policies and practices of a large corporation operating numerous hotel brands, defeat Defendants' motion to dismiss, successfully amend the complaint, present a fully briefed class certification motion to the Court, and oppose Defendants' motion to exclude Plaintiff's expert evidence.  Our experience and skill allowed us to resolve the action fairly and obtain significant monetary benefits to the Settlement Class.  The success achieved by the settlement supports Class Counsel's fee request.

Preclusion of Other Work:

68.     A practice like ours can only properly litigate a limited number of cases at one time.  The requirements of this case were significant; Class Counsel has spent several thousand hours on the case to date.  Had we not reached a settlement with Defendants, the demands of litigating this case would have continued to require a significant portion of our resources.  Thus, we were precluded from taking other cases due to the demands of this case.

69.     Collectively, Class Counsel is requesting a fee award that equals 25% of the total settlement value, an award that is supported by a lodestar review and applicable case law.  The requested fee award represents Class Counsel's actual lodestar to date with a 1.031 multiplier.  My experience in class actions as well as my review of fee awards in other class actions support my conclusion that the fee request is reasonable and in line with the common practice in this type of case.

**Class Counsel's Costs:**

70.     Keller Grover LLP's costs to date are $38,184.31 and include mediation fees, expert witness fees, consulting fees, deposition costs, filing fees, court courier charges, legal research fees, mailing charges, parking costs, travel costs, meals, Federal Express costs, and costs incurred in the Travelodge and Ramada matters.  These costs were reasonably incurred in litigating this matter.  A true and correct copy of an itemized list of costs incurred by Keller Grover to date in this action and the Travelodge and Ramada cases is attached hereto as **Exhibit 12**.

71.     Co-Class Counsel has provided a separate declaration detailing $28,812.74 in similar costs incurred by Law Offices of Scot D. Bernstein, A Professional Corporation, in this litigation.

72.     Thus, Class Counsel is seeking $1,831,250 in attorneys' fees and $66,997.05 in out of pocket litigations costs.[3]

I declare, under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct.  Executed this 19th day of August 2016 at San Francisco, California.

/s/ *Eric A. Grover*

ERIC A. GROVER

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

---

[3] Although the final costs turned out to be more than the $60,000 estimate provided in the Settlement Agreement, the agreement provided that all out-of-pocket costs would be reimbursed and the costs were expended on behalf of the Settlement Class.  There is no reason to believe that any Settlement Class Member would object to reimbursement to Class Counsel of all costs they incurred in litigating this action.