ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,**
 **A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE ROBERTS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>WYNDHAM HOTELS AND RESORTS, LLC; WYNDHAM HOTEL GROUP, LLC,<br><br>Defendants. | Case No:  3:12-cv-05083-LB<br><br>Hon. Magistrate Judge Laurel Beeler<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      October 20, 2016<br>Time:      9:30 a.m.<br>Ctrm:      C, 15th Floor<br><br>Complaint Filed:   July 17, 2012<br>FAC Filed:          February 2, 2015<br>SAC Filed:          March 28, 2016 |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1     PLEASE TAKE NOTICE that on October 20, 2016, at 9:30 a.m., or as soon thereafter as

2  the matter may be heard by the Honorable Laurel Beeler, Courtroom C – 15th Floor, 450 Golden

3  Gate Avenue, San Francisco, California 94102, Plaintiff Joyce Roberts ("Plaintiff") will and

4  hereby does move this Court for an order granting final approval of the class action settlement

5  reached between Plaintiff and Defendants Wyndham Hotels and Resorts, LLC and Wyndham

6  Hotel Group, LLC ("Defendants").

7     Specifically, Plaintiff moves for an order: 1) confirming the Court's previous findings that

8  the requirements for class certification, for settlement purposes, are satisfied; 2) finding that the

9  settlement is fair, reasonable and adequate; 3)  finding that proper notice of the settlement was

10  given; 4) finally approving the settlement; 5) directing distribution of the settlement benefits; 6)

11  dismissing Plaintiff's claims with prejudice; 7) binding Settlement Class Members who did not

12  timely exclude themselves from the settlement to the release of claims in favor of Defendants and

13  the Released Parties as set forth in the settlement agreement; 8) directing the clerk of the Court to

14  enter the Court's order as a final judgment; and 9) without affecting the finality of the final

15  judgment, reserving continuing jurisdiction over the parties for the purposes of implementing,

16  enforcing and/or administering the settlement.

17     The motion is based on this notice of motion and motion, the attached memorandum of

18  points and authorities, the parties' Settlement Agreement and Release, the Declaration of Eric A.

19  Grover, the Supplemental Declaration of Jason M. Stinehart of Rust Consulting, Inc., the

20  pleadings and papers filed in this case, and any oral argument this Court permits.  Defendants do

21  not oppose this motion

22  Dated:  September 13, 2016          Respectfully submitted,

23

24          **KELLER GROVER LLP**

25          By:  */s/ Eric A. Grover*

26          ERIC A. GROVER
          Attorneys for Plaintiff and the Class

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL BACKGROUND AND SUMMARY OF CLAIMS. ............................ 2

III.    PRELIMINARY APPROVAL AND STATUS OF THE CLAIMS PROCESS. .............. 5

IV.     THE TERMS OF THE SETTLEMENT .................................................................. 6

        A.      The Settlement Class. ........................................................................... 6

        B.      The common fund. ................................................................................ 6

        C.      Settlement payments to the Settlement Class Members. ...................... 7

V.      LEGAL ARGUMENT .......................................................................................... 8

        A.      The notice was the best notice practicable under the circumstances. .................... 8

        B.      Final approval of the Settlement is warranted .......................................... 9

                1.      Each of the relevant criteria supports final approval. ................................ 10

                        a.      The strength of Plaintiff's case and the risks of going forward favor final approval. ........................................ 10

                        b.      The complexity, expense and likely duration of continued litigation weigh in favor of final approval. .................................. 12

                        c.      The value of the settlement favors final approval. ........................ 13

                        d.      Before entering into the settlement, the Parties completed extensive discovery and exchanges, review and analysis of documents and data regarding the strengths and weaknesses of this action. ........................................ 15

                        e.      The experience and views of Class Counsel favor final approval. ........................................ 17

                        f.      Class Members' positive reaction to the settlement favors final approval. ........................................ 17

                        g.      The settlement was the product of informed, non-collusive, arm's-length negotiations. ........................................ 18

        C.      The Settlement Class meets the Rule 23 class certification requirements. ........... 18

                1.      The Class is too numerous for joinder to be practicable. ........................... 19

                2.      Commonality is satisfied. ........................................ 19

                3.      Plaintiff's claims are typical of those of the Class Members. .................... 20

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

NOTICE AND MOTION FOR FINAL
APPROVAL OF CLASS SETTLEMENT

i

CASE NO. 3:12-CV-05083-LB

**TABLE OF CONTENTS**
**(Continued)**

Page

      4.    Plaintiff and her counsel will fairly and adequately represent the Class. ................................................................................................. 20

      5.    FRCP 23(b)(3) class certification requirements are satisfied. .................. 21

VI.    REQUEST TO ACCEPT LATE CLAIMS ...................................................... 22

VII.   CONCLUSION ............................................................................................ 22

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

**TABLE OF AUTHORITIES**

Page

**Federal Cases**

*Amchem Prods., Inc. v. Windsor*
    521 U.S. 591 (1997) ....................................................... 20

*Batmanghelich v. Sirius XM Radio, Inc.,*
    USDC CD Case No. 09-cv-9190 VBF...................................... 14

*Boyd v. Bechtel Corp.,*
    485 F. Supp. 610 (N.D. Cal. 1979) ...................................... 16

*Carter v. Anderson Merchandisers, LP,*
    2010 U.S. Dist. LEXIS 55581 (C.D. Cal. May 11, 2010) .................. 18

*Churchill Village, L.L.C. v. GE,*
    361 F.3d 566 (9th Cir. 2004)....................................... 1, 8, 10, 18

*Cohorst v. BRE Properties, Inc. et al.,*
    USDC SD Cal. Case No. 10-cv-2666 ...................................... 14

*Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,*
    244 F.3d 1154 (9th Cir. 2001)........................................... 22

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974)..................................................... 8

*Franklin v. Kaypro,*
    884 F.2d 1222 (9th Cir. 1989)........................................... 8

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. Cal. 1998) ................................. passim

*Hoffman v. Bank of America,*
    USDC SD Cal. Case No. 3:12-cv-00539-JAH-DHB .......................... 14

*Ikonen v. Hartz Mountain Corp.,*
    122 F.R.D. 258 (S.D. Cal. 1988)......................................... 19

*In re Netflix Privacy Litig.,*
    2013 U.S. Dist. LEXIS 37286 (N.D. Cal. Mar. 18, 2013)................. 2, 18

*Knell v. FIA Card Services,*
    USDC SD Cal. Case No. 12-CV-00426-AJB-WVG ........................... 14

*Lewis v. Starbucks Corp.,*
    2008 WL 4196690 (E.D. Cal. Sept. 11, 2008)............................. 16

*Marenco v. Visa Inc.,*
    USDC CD Case No. 10-cv-8022 DMG ...................................... 13

**TABLE OF AUTHORITIES**
(Continued)

**Page**

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ................................................................................................. 8

*Nader v. Capital One Bank (USA), N.A.*,
    USDC CD Cal. Case No. 2:12-cv-01265-DSF ................................................... 14

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) .......................................................... 2, 17, 18

*Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) ........................................................... 10, 13, 17

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ................................................................................................. 8

*Romero v. Producers Dairy Foods, Inc.*,
    235 F.R.D. 474 (E.D. Cal. 2006) ....................................................................... 19

*Satchell v. Fed. Exp. Corp.*,
    2007 U.S. Dist. LEXIS 99066 (N.D. Cal. Apr. 13, 2007) ................................. 18

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ................................................................................ 8

*Skurov. BMW of North America, LLC*,
    USDC CD Case No. 10-cv-8672 GW .................................................................. 13

*Stone v. Howard Johnson International, Inc.*,
    USDC CD CA Case No. 12-CV-01684 PSG (MANx) ......................................... 6

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ........................................................ 19

*Wren v. RGIS Inventory Specialists*,
    2011 U.S. Dist. LEXIS 38667 (N.D. Cal. Apr. 1, 2011) ................................... 18

**State Cases**

*Greenberg v. E-Trade Financial Corporation*,
    Los Angeles County Superior Court Case No. BC360152 ................................. 14

*Mount v. Wells Fargo*,
    Los Angeles Superior Court Case No. BC395959 .............................................. 14

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## TABLE OF AUTHORITIES
### (Continued)

<u>Page</u>

**Rules**

Federal Rules of Civil Procedure
    Rule 23(a)......................................................................................... 19, 20
    Rule 23(b)......................................................................................... 21, 22
    Rule 23(c)(2) ............................................................................................. 8
    Rule 23(e) ......................................................................................... 9, 10

**Statutes**

Federal Practice & Procedure
    § 1778 (2d ed. 1986). .............................................................................. 21

California Penal Code
    § 632.................................................................................... 3, 20, 21
    § 632.7 ........................................................................ 3, 11, 20, 21
    § 637.2 ..................................................................................... 20

**Treatises**

Manual for Complex Litigation, Fourth (4th ed. 2004) § 21.632-34 ............................................. 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

## I.   INTRODUCTION

Plaintiff and Settlement Class Representative Joyce Roberts ("Plaintiff") requests that this Court grant final approval of the class settlement reached between Plaintiff and Defendants Wyndham Hotels and Resorts, LLC and Wyndham Hotel Group, LLC ("Defendants"). The Court preliminarily approved the Parties' settlement on March 22, 2016.[1]

In compliance with the Court's preliminary approval Order, Rust Consulting, Inc., ("Rust"), the Court-approved Claims Administrator, mailed and emailed the class notice, published the settlement website (www.HotelCallRecordingSettlement.com), caused notice to be published in the required print publications, initiated and completed the Facebook and online banner advertising campaign, and issued the required press release regarding the settlement.[2]  The original deadline for Class Members to submit claims, request exclusion from or object to the settlement was August 18, 2016, which ended up being earlier than the deadline to file the fee motion by one day because class notice went out earlier than anticipated.  The Parties agreed to extend the deadline to file claims, opt out or object to the settlement until September 3, 2016, which was 15 days after the date the fee motion was filed.[3]  Rust has received only 11 timely opt out requests and no objections.[4]  No objections were received by Class Counsel or submitted to the Court.[5]  More than 3,950 Settlement Class Members filed timely and valid claims.[6]  Thus, the Settlement Class has responded very favorably to the proposed settlement.[7]

_____

[1] Docket ("Dkt.") 106.

[2] *See* Dkt. 114-6 (Declaration of Jason M. Stinehart of Rust Consulting, Inc. ("Rust Decl.")); Dkt. 114-7 (Declaration of Cecily Uhlfelder Related to the Class Member Notice Program ("Kinsella Decl.").

[3] *See* Dkt. 114.

[4] Supplemental Declaration of Jason M. Stinehart of Rust Consulting, Inc. ("Suppl. Rust Decl. at ¶ __") at ¶¶ 6, 7.

[5] Supplemental Declaration of Eric A. Grover in Support of Final Approval ("Suppl. Grover Decl. at ¶ __") at ¶ 4.

[6] Suppl. Rust Decl. at ¶ 5.  Additional claims are still undergoing a validation process.  *Id.* at ¶ 5.

[7] *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1027 (9th Cir. Cal. 1998) (finding support for the settlement's fairness in "the fact that the overwhelming majority of the class willingly approved the offer and stayed in the class."); *see also*, *Churchill Village, L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004) (affirming approval of class settlement, noting there were only 45 objections out *(Cont'd)*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

The Settlement Class Members' positive response is unsurprising given the monetary relief provided by the settlement.  Defendants are required to pay $7,325,000.[8]  After subtracting the cost of administering the settlement, the requested attorneys' fees and costs, and the requested named Plaintiff's service award payment, the Net Settlement Fund is estimated to be $5,113,220.37.[9]  Each Settlement Class Member who submits a valid and timely claim will receive a settlement payment representing a *pro rata* share of the Net Settlement Fund on a per call basis.[10]  There is no reversion to Defendants of any amount of the $7,325,000 Gross Settlement Amount.[11]

When the monetary benefit of the settlement is balanced against the inherent risks of continued, protracted litigation, including potential defeat at class certification and on the merits, the fairness, adequacy, and reasonableness of the proposed settlement is clear.  Therefore, Plaintiff requests that the Court grant final approval.

## II.  PROCEDURAL BACKGROUND AND SUMMARY OF CLAIMS.

Plaintiff Roberts filed her initial complaint on July 17, 2012 against original defendants Wyndham International, Inc., Wyndham Worldwide Operations, Inc. and Wyndham Hotels and Resorts, LLC in Alameda County Superior Court.[12]  On October 1, 2012, Defendants removed the action to this Court.  On October 17, 2012, the Court ordered this action related to two other cases – *Roberts and Simpson v. Wyndham, Int'l, Inc. et al*, Case No.  12-cv-05180-EDL and

---

of 90,000 class members); *In re Netflix Privacy Litig.,* No. 5:11-CV-00379 EJD, 2013 U.S. Dist. LEXIS 37286, at *25 (N.D. Cal. Mar. 18, 2013) (finding that 110 opt-outs  in 62-million person class -- approximately one in every 560,000 class members – weighed in favor of final approval); *see also*, *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

[8] Dkt. 114-2, Ex. 1 at ¶ 3.1.

[9] Suppl. Grover Decl. at ¶ 2; *see* Dkt. 100-2, Ex. 1 at ¶ 3.4; Dkt. 114-1, Declaration of Eric A. Grover in Support of Motion for Attorneys' Fees and Costs ("Grover Fee Decl. at ¶ ___") at ¶¶ 38, 72; Dkt. 114-6, Rust Decl. at ¶ 17.

[10] Dkt. 114-2, Ex. 1 at ¶ 3.5.

[11] Dkt. 114-2, Ex. 1 at ¶ 3.8.

[12] Dkt. 114-2, Ex. 1 at ¶ A.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

*Simpson v. Ramada Worldwide, Inc.*, Case No. 12-cv-05029-PSG.  The plaintiffs in the three related actions thereafter voluntarily dismissed the claims against Wyndham International, Inc., Wyndham Worldwide Operations, Inc., and Ramada Worldwide, Inc. on May 15, 2013.  Plaintiff Simpson also dismissed her claims against Wyndham Hotels and Resorts, LLC.[13]  The claims alleged in the Travelodge and Ramada cases are covered by the settlement reached in this case.[14]

On February 2, 2015, following a contested motion, Plaintiff and Settlement Class Representative Roberts filed the First Amended Complaint.[15]  The First Amended Complaint alleged unlawful call-recording claims on behalf of California residents who made hardwired landline, cellular or cordless telephone calls to Defendants that were routed to certain call centers operated by a third-party vendor, Aegis USA, Inc., now known as TPUSA-FHCS, Inc. ("Aegis"), and recorded without notice or consent in violation of California Penal Code §§ 632 and 632.7.[16]

As part of the settlement, the Parties agreed to seek the Court's permission to file a Second Amended Complaint adding Wyndham Hotel Group, LLC as an additional named defendant.[17]  In the Second Amended Complaint, which was filed on March 28, 2016, Plaintiff alleges unlawful call recording claims on behalf of a putative class of California residents who made hardwired landline, cellular or cordless telephone calls to Defendants that were routed to certain call centers operated by Aegis and recorded without consent in violation of California Penal Code §§ 632 and 632.7.[18]

Defendants have vigorously denied all of the allegations in their entirety.[19]  To date, no class has been certified and no court has made a finding of any wrongdoing on the part of

---

[13] Dkt. 114-2, Ex. 1 at ¶ A; Dkt. 114-1, Grover Fee Decl. at ¶ 6.

[14] Dkt. 114-1, Grover Fee Decl. at ¶ 7.

[15] Dkt. 114-1, Grover Fee Decl. at ¶ 7; Dkt. 65.

[16] Dkt. 65.

[17] Dkt. 114-1, Grover Fee Decl. at ¶ 8.

[18] Dkt. 107.

[19] Dkt. 114-2, Ex. 1 at ¶ D; Dkt. 114-1, Grover Fee Decl. at ¶ 9.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Defendants or that Defendants otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues presented in the litigation.[20]

The Parties conducted significant discovery during the litigation.[21]  Plaintiff propounded multiple sets of written discovery and reviewed nearly 4,000 pages of documents that Defendants and Aegis produced.  Plaintiff took five depositions.  Defendants also propounded written discovery. Defendants deposed Plaintiff Roberts and deposed two experts named by Plaintiff in connection with class certification.[22]

The Parties also engaged in substantive motion practice.[23]  Defendants filed a motion to dismiss the original complaint and motions to exclude Plaintiff's expert witnesses.[24] Plaintiff filed two motions seeking permission to amend the complaint and filed a class certification motion.[25] Defendant Wyndham Hotels and Resorts opposed Plaintiff's motion for class certification.[26]

The Parties participated in an initial mediation session in October 2014, which was unsuccessful.[27]  The Parties thereafter continued with discovery and Plaintiff filed a motion for class certification on April 27, 2015.  While awaiting a hearing on the fully briefed class certification motion, motions to exclude experts and Plaintiff's motion to amend the scheduling order to allow for an amendment to the complaint, the Parties agreed to attempt mediation a second time.[28]  On September 1, 2015, the Parties engaged in an all-day mediation session with a different mediator, the Hon. Louis M. Meisinger (Ret.), formerly of the Los Angeles County Superior Court and a former Executive Vice-President and General Counsel of The Walt Disney Company.[29]  In response to a proposal by Judge Meisinger, the Parties reached a tentative

---

[20] Dkt. 114-1, Grover Fee Decl. at ¶ 9

[21] Dkt. 114-2, Ex. 1 at ¶ B; Dkt. 114-1, Grover Fee Decl. at ¶ 11.

[22] Dkt. 114-2, Ex. 1 at ¶ B; Dkt. 114-1, Grover Fee Decl. at ¶ 11.

[23] Dkt. 114-2, Ex. 1 at ¶ B; Dkt. 114-1, Grover Fee Decl. at ¶ 12.

[24] Dkt. 114-1, Grover Fee Decl. at ¶ 12; Dkt. Nos. 8, 78, 79.

[25] Dkt. 114-1, Grover Fee Decl. at ¶¶ 12-13; Dkt. Nos. 56, 91, 72.

[26] *See* Dkt. 114-1, Grover Fee Decl. at ¶ 13; Dkt. 77.

[27] Dkt. 114-2, Ex. 1 at ¶ C; Dkt. 114-1, Grover Fee Decl. at ¶ 14.

[28] Dkt. 114-2, Ex. 1 at ¶ C; Dkt. 114-1, Grover Fee Decl. at ¶ 14.

[29] Dkt. 114-2, Ex. 1 at ¶ C; Dkt. 114-1, Grover Fee Decl. at ¶ 14.

agreement several days after the mediation session.[30]  All terms of the Parties' settlement are set forth in the Settlement Agreement.[31]

### III. PRELIMINARY APPROVAL AND STATUS OF THE CLAIMS PROCESS.

The Hon. Paul S. Grewal, now retired, granted preliminary approval of the settlement and provisionally certified the Settlement Class on March 22, 2016.[32]  The notice procedure set forth in the Settlement Agreement and approved by the Court required Rust to distribute notice of the settlement through mail and email notification, a settlement website, an online banner and social media program, newspaper publication and a press release.[33]  The Rust and Kinsella Declarations submitted with the Fee Motion provide details of the notice publication process.[34]

The original deadline to file claims, opt out or object to the settlement was August 18, 2016, which ended up being earlier than the deadline to file the fee motion by one day because class notice went out earlier than anticipated.[35]  The Parties agreed to extend the deadline to file claims, opt out or object to the settlement until September 3, 2016, which is 15 days after the date the fee motion was filed.[36]  The new deadline was posted on the Settlement Website on August 1, 2016.[37]

As of September 12, 2016, Rust has received 11 opts outs and no objections.[38]  As of September 12, 2016, Rust has verified 3,958 claims covering 8,035 total telephone calls.[39]  If no further claims are validated, the estimated recovery on a per call basis is approximately $636.37 and the average claimant will receive $1,291.[40]  There are approximately 33 claims that still need

---

[30] Dkt. 114-2, Ex. 1 at ¶ C; Dkt. 114-1, Grover Fee Decl. at ¶ 16.

[31] Dkt. 114-2, Ex. 1; Dkt. 114-1, Grover Fee Decl. at ¶ 16.

[32] Dkt. 106.

[33] *See* Dkt. 114-2, Ex. 1 at ¶ 6; Dkt. 106.

[34] Dkt. 114-6, Rust Decl.; Dkt. 114-7, Kinsella Decl.

[35] Dkt. 114-1, Grover Fee Decl. at ¶ 33.

[36] Dkt. 114-1, Grover Fee Decl. at ¶ 33.

[37] Dkt. 114-1, Grover Fee Decl. at ¶ 33.

[38] Suppl. Rust Decl. at ¶¶ 6, 7.

[39] Suppl. Rust Decl. at ¶ 5.

[40] Suppl. Grover Decl. at ¶ 2.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

to be validated. Twenty-five late claims have been received.[41] The Parties propose that the Court allow all late but otherwise valid claims postmarked through the date the final approval order is entered.[42] Even if a total of 250 additional claims representing 500 total telephone calls were approved, the estimated recovery on a per call basis would still exceed approximately $617.[43]

## IV. THE TERMS OF THE SETTLEMENT

### A. The Settlement Class.

The March 22, 2016 preliminary approval order defines the Settlement Class as follows:

> All natural persons who were California residents and who, while physically located in California: placed a call to one of Defendants' toll free telephone numbers at any time during the period from May 1, 2011 through March 23, 2012, inclusive; were routed to an Aegis-operated call center; spoke with a representative; and did not receive notice that their call was being recorded.[44]

Excluded from the Settlement Class are (1) all calls to Howard Johnson toll free telephone numbers during the Class Period (May 1, 2011 through March 23, 2012), which calls are covered by the settlement in *Stone v. Howard Johnson International, Inc.*, USDC CD CA Case No. 12-CV-01684 PSG (MANx), and (2) persons who validly opt out of the settlement.[45]

Based on a review of call center records, Defendants estimate that the Aegis-operated call centers received approximately 185,000 calls from 115,770 unique telephone numbers with California Area Codes during the Class Period.[46]

### B. The common fund.

The settlement provides that Defendants will pay $7,325,000 to resolve the claims covered by the settlement.[47] After subtracting out the following requested amounts -- $1,898,247.05 for fees and costs, $298,532.58 to pay the costs of notice and administration, and

---

[41] Suppl. Rust Decl. at ¶ 8.

[42] Suppl. Grover Decl. at ¶ 3; Suppl. Rust Decl. at ¶ 8.

[43] Suppl. Grover Decl. at ¶ 3.

[44] Dkt. 114-2, Ex. 2 (Preliminary approval order at ¶ 3) and Ex. 1 at ¶ 1(h); Dkt. 114-1, Grover Fee Decl. at ¶ 21.

[45] Dkt. 114-2, Ex. 1 at ¶ 1(h).

[46] Dkt. 114-2, Ex. 1 at ¶¶ 1(h), 3.5, 6.1.

[47] Dkt. 114-2, Ex. 1 at ¶ 3.1.

$15,000 for the Settlement Class Representative's enhancement award -- all of the remaining funds, referred to as the Net Settlement Fund, will be distributed to Settlement Class Members who file timely and valid claims.[48]   With the additional litigation and administration costs, the Net Settlement Fund is currently estimated to be approximately $5,113,220.37.[49]   Defendants have no reversionary interest in the $7,325,000 Gross Settlement Amount.[50]

### C.  Settlement payments to the Settlement Class Members.

The Settlement Agreement allows Settlement Class Members to submit claim forms by mail or online to participate in the settlement.[51]   Each Settlement Class Member who submits a valid and timely claim will receive a settlement payment representing a *pro rata* share of the Net Settlement Fund on a per call basis.[52]   As of September 12, 2016, 3,958 Settlement Class Member have submitted valid claims covering 8,035 telephone calls.[53]   Additional claims are going through the validation process.[54]   The Parties are proposing that the Court allow late but otherwise valid claims postmarked through the date the final approval order is entered.[55]   Based on the estimated $5,113,220.37 Net Settlement Fund, even if another 250 telephone calls are found to be valid, each Settlement Class Member who filed a claim will receive a settlement payment of approximately $617 **per call**.[56]

Information on the total claims, total calls represented by those claims, and the estimated settlement payment per call will be updated again closer to the final approval hearing.[57]

---

[48] Dkt. 114-2, Ex. 1 at ¶ 3.5; *see* Dkt. 114-1, Grover Fee Decl. at ¶¶ 38, 72; Dkt. 114-6, Rust Decl. at ¶ 17.

[49] Suppl. Grover Decl. at ¶ 2; *see* Dkt. 114-2, Ex. 1 at ¶ 3.4; *see* Dkt. 114-1, Grover Fee Decl. at ¶¶ 38, 72; Dkt. 114-6, Rust Decl. at ¶ 17.

[50] Dkt. 114-2, Ex. 1 at ¶ 3.8.

[51] Dkt. 114-2, Ex. 1 at ¶¶ 3.5, 7.1; Dkt. 114-6, Rust Decl., Ex. A (explaining that claims may be submitted electronically or by mail).

[52] Dkt. 114-2, Ex. 1 at ¶ 3.5.

[53] Suppl. Rust Decl. at ¶ 5.

[54] Suppl. Rust Decl. at ¶ 5.

[55] Suppl. Grover Decl. at ¶ 3.

[56] Suppl. Grover Decl. at ¶¶ 2, 3.

[57] Suppl. Grover Decl. at ¶ 2.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

## V. LEGAL ARGUMENT

The policy of the federal courts is to encourage settlement before trial, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation.[58] "Litigation settlements offer parties and their counsel relief from the burdens and uncertainties inherent in trial. . . . The economics of litigation are such that pretrial settlement may be more advantageous for both sides than expending the time and resources inevitably consumed in the trial process."[59]

### A. The notice was the best notice practicable under the circumstances.

Rule 23(c)(2) requires that class members receive "the best notice practicable under the circumstances."[60] Procedural due process requires that affected parties have the right to be heard at a meaningful time and in a meaningful manner. It does not guarantee any particular procedure but rather requires only notice reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[61] "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"[62]

On March 22, 2016, the Court approved the proposed class notices and notice procedure and authorized their distribution to the class.[63] Under that Order, Rust distributed notice of the settlement through postcard notification, email notification, a settlement website, an online

---

[58] *Churchill Village*, 361 F.3d at 575 (noting "strong judicial policy" favoring settlements, provided they were reached through arm's-length, non-collusive negotiations); *Hanlon*, 150 F.3d at 1027 (endorsing the trial court's "proper deference to the private consensual decision of the parties" when approving a settlement).

[59] *Franklin v. Kaypro*, 884 F.2d 1222, 1225 (9th Cir. 1989).

[60] Fed. R. Civ. P 23(c)(2); *see also*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974); *Churchill Village*, 361 F.3d at 575.

[61] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

[62] *Churchill Village*, 361 F.3d at 575.

[63] Dkt. 106.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

banner and social media program, newspaper publication and a press release.[64] Rust successfully mailed more than 96,300 postcard notices and successfully emailed more than 13,000 email notices.[65] Through the entire multi-channeled approach used by Rust – direct mail, email and paid media outreach – approximately 85% percent of all California residents over the age of 18 were reached by the notice program, on average, 1.6 times.[66]

The notice approved by the Court at the preliminary approval stage and carried out by Rust was the best notice practicable under the circumstances and fairly apprised Settlement Class Members of the proposed settlement terms and their options.

**B.    Final approval of the Settlement is warranted.**

Under Federal Rule of Civil Procedure 23(e), any proposed class settlement must have the Court's approval.  Court approval of class action settlements requires the following steps:

    (1)    Preliminary approval of the proposed settlement at a preliminary hearing;

    (2)    Dissemination of mailed and/or published notice of the settlement to all affected Class members; and

    (3)    A "formal fairness hearing," or final settlement approval hearing, at which Class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.[67]

The first two steps of this process are now complete.  The first step was completed on March 22, 2016, when this Court conducted a hearing and granted preliminary approval to the settlement.[68]  In doing so, the Court determined that the settlement was within the range of acceptable outcomes and that notice should be distributed to the Class Members regarding the

---

[64] *See* Dkt. 114-6, Rust Decl. at ¶¶ 3-13; *see also*, Dkt. 114-7, Kinsella Decl. at ¶¶ 4-10.

[65] Dkt. 114-6, Rust Decl. at ¶¶ 4-5.

[66] Dkt. 114-7, Kinsella Decl. at ¶ 9.

[67] Manual for Complex Litigation, Fourth (4th ed. 2004) ("Manual") § 21.632-34.

[68] Dkt. 106.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

Settlement's terms and the scheduling of the formal fairness hearing.[69]  The second step in the class action settlement approval process, the dissemination of the notice, is complete as well.

The final step in the class action settlement approval process is the final approval hearing, at which the Court determines whether the settlement is fair, adequate, and reasonable.[70]  At the final approval hearing, Class Counsel will present evidence and argument in support of the settlement.  At the conclusion of the final approval hearing, the Court will decide whether to grant final approval of the settlement and whether to enter a final order and judgment.

<h3 style="text-align:center">1.      Each of the relevant criteria supports final approval.</h3>

When evaluating the fairness, reasonableness and adequacy of a settlement, courts consider some or all of the following factors:  the strength of the plaintiff's case; the risk, expense, complexity and likely duration of further litigation; the amount offered in the settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the class members to the proposed settlement.[71]  In addition, the Court must determine that the settlement was not the product of collusion between the negotiating parties.[72]  "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case."[73]

> a.   The strength of Plaintiff's case and the risks of going forward favor final approval.

Fairness of the settlement is demonstrated in part by the uncertainty and risks to the Plaintiff – both the risk of failing to prevail on one or more causes of action and the risk of failing

---

[69] *Id.*

[70] Fed. R. Civ. P. 23(e)(2).

[71] *Churchill Village*, 361 F.3d at 576; *Hanlon*, 150 F.3d at 1026.

[72] *Id.*

[73] *Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

to certify a class.[74]  Defendants have raised what they consider to be both substantial defenses to Plaintiff's claims and significant hurdles to class certification.[75]

For example, Defendants have argued, among other things, Section 632.7 does not apply to calls answered by VoIP devices or computers, the California Invasion Privacy Act exempts call recording done for "service observing" purposes, and a class-wide damage award would violate the Due Process Clause.[76]

In addition, Defendants also have argued that a class is not ascertainable and that individual issues would predominate over common issues.  Defendants, for example, have argued that ascertainability, commonality and predominance cannot be established because Plaintiff cannot establish on a class basis which callers called Defendants' toll-free phone numbers, their location at the time of the call, which calls were made from cordless telephones, whether the caller consented to the recording, and what type of device was used to answer the call.  Based on these arguments, Defendants contend that Plaintiff would have lost the contested class certification motion.[77]

Additional uncertainty arises from the limited case law interpreting § 632.7 in the class action context, determining liability for alleged non-consensual telephone call recording under the statute, and setting out methods of acceptable class-wide proof regarding various issues.[78]

While Plaintiff and Class Counsel disagree with Defendants and believe that the claims could be proved successfully on a class-wide basis, Plaintiff recognizes that there is a risk that the Court might deny class certification or, following initial certification, subsequently decertify the class based on unanticipated individualized issues or manageability concerns.  Were the class not

---

[74] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶¶ 14-19, 38-39; *see also*, Dkt. 114-1, Grover Fee Decl. at ¶¶ 64-65.

[75] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶¶ 15-16; *see also*, Dkt. 114-1, Grover Fee Decl. at ¶¶ 64-65.

[76] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶ 15.

[77] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶ 16.

[78] Dkt. 114-1, Grover Fee Decl. at ¶ 65.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   certified, it is unlikely that any additional putative Class Members would maintain individual

2   actions against Defendants given the statutory maximum recovery of $5,000 per violation.[79]

3      Although believing Plaintiff's case to be strong, Class Counsel took all of those issues

4   into consideration when concluding that the Class Members' recovery through the settlement was

5   prudent and fair.

6              b.   The complexity, expense and likely duration of continued
7                   litigation weigh in favor of final approval.

8      Like other privacy class action cases, this action already has been costly and time-

9   consuming to prosecute.  Continued litigation of this action against Defendants would likely be

10  complex and expensive due to the subject matter, the size of the class.  If the Parties had not

11  reached a settlement, Plaintiff still would have to address class certification at the hearing on that

12  pending motion, as well as the admissibility of the expert testimony that was challenged.  And if

13  Plaintiff succeeded in certifying the class, she then would need to establish class-wide liability

14  and prove up various issues regarding damages.[80]  Given the size of the Class, such efforts would

15  be likely to take a substantial amount of time, would necessitate further expert testimony, and

16  would impose other costs and risks as well.[81]  And appellate proceedings could further delay and

17  jeopardize the Class's recovery.[82]   In contrast, the settlement ensures timely relief and a

18  substantial and risk-free recovery for the proposed Settlement Class.[83]

19     Moreover, if the Court were to deny Plaintiff's motion for class certification or decertify

20  the class at a later date, Class Members would be left without a group remedy, and the issues

21  presented here would need to be litigated individually in a piecemeal, costly, and time-consuming

22  fashion.  If even one percent of the class members were to pursue their individual claims, the

23  resulting approximately 1,157 cases would be a drain on judicial resources, and the other 99% of

24  ---

[79] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶ 39.

25  [80] Dkt. 114-1, Grover Fee Decl. at ¶ 64.

26  [81] See Dkt. 114-1, Grover Fee Decl. at ¶¶ 64-65; Dkt. 100-1, Grover Prelim. Approval Decl. at ¶¶ 14-16, 38-39.

27  [82] See id.

28  [83] See id.

1    would be left with no remedy at all.  And even if the class were certified and never decertified,

2    the class trial, which likely would involve testimony by numerous witnesses and experts, would

3    be costly for the court as well.[84]

4                        c.   The value of the settlement favors final approval.

5        Defendants have agreed to pay $7,325,000 with no possibility of reversion.[85]   The

6    settlement provides a good result for Settlement Class Members in terms of a cash settlement

7    payable in a single payment.  The value of the settlement is enhanced by its status as an all-cash

8    settlement with no coupons or other non-cash benefits.[86]   The amounts for which Settlement

9    Class Members are eligible are not only in line with other similar settlements, but also are

10   commensurate with the risk-adjusted value of the claim.[87]

11       Settlements that constitute a fraction of the *potential* recovery that could be obtained if

12   everything broke in plaintiffs' favor at every step along the way do not preclude a court from

13   finding that the settlement is fair.[88]   Indeed, when compared in absolute terms, the proposed

14   settlement in this action compares quite favorably against ten recent phone recording settlements

15   that received final approval.[89]

16           1.   In *Skurov. BMW of North America, LLC,* USDC CD Cal. Case No. 10-cv-8672

17                GW, the settlement involved 40,000 class members and gave them the option of

18                selecting a six month extension of the BMW Assist basic safety plan or making a

19                cash claim.  If all class members selected the cash option, the per capita value of

20                the cash option would be $7.50 ($300,000/40,000 class members).

21           2.   In *Marenco v. Visa Inc.,* USDC CD Cal. Case No. 10-cv-8022 DMG, the court

22                approved an $18,000,000 settlement for a class that numbered 600,000.  Thus, the

---

[84] *See id.*

[85] Dkt. 114-2, Ex. 1 at ¶ 3.1.

[86] *See id.*

[87] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶ 17.

[88] *See Hanlon*, 150 F.3d at 1027; *Officers of Justice*, 688 F.2d at 628.

[89] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶ 17.  By "per capita terms," Plaintiff is referring to the maximum settlement amount divided by the total number potential class members.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

per capita monetary recovery in that case was $30 per class member ($18,000,000/600,000 class members).

3. *Batmanghelich v. Sirius XM Radio, Inc.,* USDC CD Cal. Case No. 09-cv-9190 VBF settled for $9,480,000.  The class size exceeded 1,700,000.  At 1,700,000 class members, the per capita monetary recovery in that case was $5.77 per class member ($9,480,000/1,700,000 class members).

4. In *Greenberg v. E-Trade Financial Corporation,* Los Angeles County Superior Court Case No. BC360152, the court approved a $7,500,000 settlement covering as many as 1,400,000 class members, which resulting in a per capita monetary recovery of $5.38 per class member ($7,500,000/1,000,000 class members).

5.  In *Nader v. Capital One Bank (USA), N.A.,* USDC CD Cal. Case No. 2:12-cv-01265-DSF, the court approved a settlement of $3,000,000 for 1,100,000 class members, equating to a per capita recovery of $2.73 per class member ($3,000,000/1,100,000 class members).

6. In *Cohorst v. BRE Properties, Inc. et al.,* USDC SD Cal. Case No. 10-cv-2666, the court approved a $5,500,000 settlement covering as many as 1,170,584 class members.  In per capita terms, recovery in that case amounted to approximately $4.70 per potential class member ($5,500,000/1,170,584 potential class members).

7. In *Knell v. FIA Card Services,* USDC SD Cal. Case No. 12-CV-00426-AJB-WVG, the court approved a $2,750,000 settlement covering 3,650,000 class members.  This resulted in a per capita recovery of $0.75 per class member ($2,750,000/3,650,000 class members).

8.  *Hoffman v. Bank of America,* USDC SD Cal. Case No. 3:12-cv-00539-JAH-DHB, settled for $2,600,000.  The class size exceeded 1,400,000.  At 1,400,000 class members, the per capita monetary recovery in that case was $1.86 per class member ($2,600,000/1,400,000 class members).

9. In *Mount v. Wells Fargo,* Los Angeles Superior Court Case No. BC395959, the court approved a $5,600,000 settlement covering as many as 600,000

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

members.  In per capita terms, recovery in that case amounted to approximately $9.33 per class member ($5,600,000/600,000 class members).

10. *McCabe v. Six Continents Hotels, Inc.,* USDC ND Cal. Case 3:12-cv-04818-NC settled for $11,700,000.  The class size was 698,000, making the per capita recovery $16.76 per class member ($11,700,000/698,000 class members).[90]

Here, the settlement provides that Defendants will pay a total settlement amount of $7,325,000 to resolve all claims covered by the settlement.[91]  Given the estimated approximately 115,770 potential class members, the per capita value of this settlement is per $63.27 per potential class member ($7,325,000/115,770).[92]  Based on the approved claims received to date, each Settlement Class Member who has submitted the simple claim form approved by the Court will receive a settlement payment of approximately $636.37 per call based on the distribution formula.[93]  And there is no reversion.[94]  That is a substantial and immediate monetary benefit, avoiding the very real risk of not succeeding at the certification or liability phases or of succeeding and facing the risk and delay inherent in years of appeals.[95]

In light of the risks, costs and delays of continued and potentially protracted litigation, these recovery amounts are fair, reasonable, and adequate.

        d. <u>Before entering into the settlement, the Parties completed extensive discovery and exchanges, review and analysis of documents and data regarding the strengths and weaknesses of this action.</u>

Settlement was achieved only after the Parties exchanged substantive information through extensive formal and informal discovery and apprised each other of their respective factual

---

[90] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶ 17.

[91] Dkt. 114-2, Ex. 1 at ¶ 3.1.

[92] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶ 17.

[93] Suppl. Grover Decl. at ¶ 2.

[94] Dkt. 114-2, Ex. 1 at ¶ 3.8.

[95] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶¶ 14-19, 38-39; Dkt. 114-1, Grover Fee Decl. at ¶¶ 64-65.

contentions, legal theories, and defenses.[96]  Defendants produced responses to Plaintiff's multiple sets of written discovery and produced more than 4,000 pages of relevant documents. Plaintiff took five depositions and Defendants deposed the Plaintiff and two experts named by Plaintiff. The Parties also exchanged their respective legal theories and supporting evidence in the briefing of the class certification and expert disqualification motions and through extensive, quantitative discussions and correspondence that culminated in a decision to attempt a second mediation.[97] The information exchanged through discovery and through motion practice and correspondence enabled Plaintiff to evaluate the strengths, weaknesses and risks of the class claims and defenses and to negotiate a fair, reasonable, and adequate settlement.[98]

The Parties engaged in extensive good-faith, arm's-length negotiations.  On September 1, 2015, the Parties engaged in an all-day mediation session with the Hon. Louis M. Meisinger (Ret.), formerly of the Los Angeles County Superior Court and a former Executive Vice-President and General Counsel of The Walt Disney Company.[99]  In response to a proposal by Judge Meisinger, the Parties reached a tentative agreement several days after the mediation session.[100]

Before accepting the proposal, however, Class Counsel reviewed the proposed settlement terms with Settlement Class Representative Roberts and obtained her approval.[101]  Putting the Agreement into its final form took several additional months of negotiation, and Class Counsel reviewed the proposed final settlement terms with Settlement Class Representative Roberts before she signed the Agreement.[102]

---

[96] Dkt. 114-1, Grover Fee Decl. at ¶¶ 11-16.

[97] Dkt. 114-2, Ex. 1 at ¶¶ B, C; Dkt. 114-1, Grover Fee Decl. at ¶¶ 13-15.

[98] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶¶ 9-11, 33-35; *see Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 U.S. Dist. LEXIS 83192, at *17 (E.D. Cal. Sept. 11, 2008) ("approval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases"); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979).

[99] Dkt. 114-2, Ex. 1 at ¶ C; Dkt. 100-1 , Grover Prelim. Approval Decl. at ¶ 12

[100] Dkt. 114-2, Ex. 1 at ¶ C.

[101] Dkt. 114-2, Ex. 1 at ¶ C ; Dkt.114-5, Robert Decl. at ¶¶ 11-12.

[102] Dkt.114-5, Robert Decl. at ¶¶ 11-12.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

e.   The experience and views of Class Counsel favor final approval.

When qualified and well-informed counsel endorse a settlement as fair, that is entitled to significant weight.[103]   "This is because 'parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.'"[104]   "Thus, 'the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'"[105]

Class Counsel believe this settlement to be an excellent result for the Class Members and superior to the results obtained for numerous other comparably-sided classes.[106]   Class Counsel have significant experience in complex class litigation, including actions involving non-consensual call recording and other privacy claims.[107]   Class Counsel are of the opinion that the settlement is fair, adequate, reasonable, and in the best interests of the Class Members.[108]

f.   Class Members' positive reaction to the settlement favors final approval.

Finally, courts look at the reaction of class members to determine whether a settlement that directly affects their interests should be approved as fair, adequate, and reasonable.  Of great importance here is that not one person out of an estimated 115,770 Settlement Class Members objected to the settlement.[109]   "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action

---

[103] *Nat'l Rural Telecom.*, 221 F.R.D. at 528 ("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." (citation omitted).

[104] *Id.*, quoting *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir.Cal. 1995).

[105] *Id.* (citations omitted); *see also*, *Officers for Justice*, 688 F.2d at 625 (a court's inquiry is ultimately limited "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties ...").

[106] *See* Dkt. 100-1, Grover Prelim. Approval Decl. at ¶¶ 14-19, 38-39.

[107] Dkt. 114-1, Grover Fee Decl. at ¶¶ 2-4, 51-55, 66; Dkt. 114-4, Bernstein Declaration in support of Fee Motion ("Bernstein Fee Decl.") at ¶ 2, Ex. 1.

[108] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶¶ 14-19, 38-39.

[109] Suppl. Rust Decl. at ¶ 7; Suppl. Grover Decl.  at ¶ 3.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    are favorable to the class members."[110]   Only 11 Settlement Class Members opted out of the

2    settlement.[111]   Further, with additional claims still being processed, more than 3,950 Class

3    Members have been found to have filed timely and valid claims.[112]   The Court should construe

4    the overwhelming non-opposition to and substantial participation in the settlement as strong

5    indications of Settlement Class Members' support for the settlement.

6            g.      The settlement was the product of informed, non-collusive, arm's-
                     length negotiations.
7

8            Courts routinely presume a settlement to be fair where it is reached through arm's-length

9    bargaining.[113]   This settlement was a product of non-collusive, arm's-length negotiations.[114]   At

10   the time of the second mediation, Plaintiff's motion for class certification was fully briefed.[115]

11   The settlement reached was the product of zealous advocacy and informed, non-collusive and

12   arm's-length negotiations between skilled and experienced counsel.

13        **C.    The Settlement Class meets the Rule 23 class certification requirements.**

14           In its preliminary approval order, the Court conditionally held that, for settlement

15   _____

16   [110] *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at, 529.  *See also*, *Hanlon*, 150 F.3d at 1027 (9th
     Cir. Cal. 1998) (finding support for the settlement's fairness in "the fact that the overwhelming
17   majority of the class willingly approved the offer and stayed in the class."); *Churchill Village*,
     361 F.3d at 575 (affirming approval of class settlement, noting there were only 45 objections out
18   of 90,000 class members); *In re Netflix Privacy Litig.*, 2013 U.S. Dist. LEXIS 37286, at *25
     (finding that 110 objectors in 62 million person class -- approximately one in every 560,000 class
19   members – weighed in favor of final approval).

20   [111] Suppl. Rust Decl. at ¶ 6.

     [112] Suppl. Rust Decl. at ¶ 5; *see also*, Suppl. Grover Decl.  at ¶ 2.
21
     [113] *See Hanlon*, 150 F.3d at 1027 (affirming trial court's approval of class action settlement where
22   parties reached agreement after several months of negotiation and the record contained no
     evidence of collusion); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 U.S. Dist.
23   LEXIS 38667, at *42 (N.D. Cal. Apr. 1, 2011) (finding that settlement reached after two
     mediation sessions before an experienced and retired judge was reached in a "procedurally sound
24   manner and that it was not the result of collusion or bad faith by the parties or counsel"); *see also*
     *Satchell v. Fed. Exp. Corp.*, No. C 03-2659 SI, 2007 U.S. Dist. LEXIS 99066, at *17 (N.D. Cal.
25   Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms
     that the settlement is non-collusive."); *Carter v. Anderson Merchandisers, LP*, No. EDCV 07-
26   0025-VAP, 2010 U.S. Dist. LEXIS 55581, at *22 (C.D. Cal. May 11, 2010) (citing *Satchell*).

27   [114] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶ 38; Dkt. 114-1, Grover Fee Decl. at ¶¶ 11-16.

28   [115] Dkt. 114-1, Grover Fee Decl. at ¶¶ 13-14.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  purposes, the Settlement Class satisfies the Federal Rule 23 class certification criteria.[116]  For the

2  reasons discussed below, the certification of the Settlement Class for settlement purposes should

3  be confirmed in a final approval order.

#### 1.     The Class is too numerous for joinder to be practicable.

5  The numerosity prerequisite demands that the class be large enough that joinder of all

6  members would be impracticable.[117]  While there is no exact numerical cut-off, courts have

7  routinely found numerosity satisfied with classes of at least 40 members.[118]

8  Defendants estimate that approximately 115,770 unique telephone numbers with a

9  California Area Code called Defendants during the Class Period and had their call directed to an

10  Aegis-operated call center.[119]  Over 96,000 addresses were matched up to those telephone

11  numbers.[120]  Thus, in addition to being ascertainable, the proposed Settlement Class is

12  sufficiently numerous to warrant certification.

#### 2.     Commonality is satisfied.

14  To qualify for certification, proposed class members must share common questions of fact

15  and law.[121]  To satisfy commonality, the plaintiff must assert at least one common contention that

16  is capable of class-wide resolution.[122]

17  In this action, the proposed Settlement Class Members' claims all stem from a common

18  set of circumstances.  All of the proposed Settlement Class Members made calls to one of

19  Defendants' toll-free customer service telephone numbers from a telephone while located in

20  California during the relevant time period.  Plaintiff contends that all proposed Settlement Class

---

[116] Dkt. 106.

[117] Fed. R. Civ. P. 23(a)(1).

[118] *See e.g.*, *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) (40 class members satisfies numerosity); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 485 (E.D. Cal. 2006) (same).

[119] Dkt. 114-2, Ex. 1 at ¶ 6.1; Dkt. 100-1, Grover Prelim. Approval Decl. at ¶¶ 42-43.

[120] Dkt. 114-6, Rust Decl. at ¶ 4.

[121] Fed. R. Civ. P. 23(a)(2); *see also*, *Hanlon*, 150 F.3d at 1019 (commonality is "construed permissively").

[122] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Members were subject to call recording policies and practices that applied to all calls routed to an Aegis-operated call center.  Whether Defendants' uniform practices and policies violated Penal Code §§ 632 and 632.7 creates questions of law and fact common to all Settlement Class Members.  All Settlement Class Members seek the same legal remedies under Penal Code §637.2.[123]

Under these circumstances, the requirement that common questions of law and/or fact exist among the proposed Settlement Class Members is satisfied for purposes of certifying the proposed class for settlement.[124]

### 3.   Plaintiff's claims are typical of those of the Class Members.

The typicality prerequisite of Rule 23(a) is met if the named plaintiff's claims "are reasonably co-extensive with those of absent class members; they need not be substantially identical."[125]   Here typicality is satisfied because the Plaintiff's claims are the same as the claims brought by settlement Class Members.   Plaintiff Roberts, the proposed Settlement Class Representative, like all of the proposed Settlement Class Members, made calls during the Class Period to certain one or more of Defendants' toll-free customer-service lines from a telephone while located in California, reached a representative of Defendants, and had her calls recorded, allegedly without her consent.[126]   Thus, the Plaintiff's claims arise from the same course of conduct from which the Settlement Class Members' claims arise.[127]

### 4.   Plaintiff and her counsel will fairly and adequately represent the Class.

Rule 23(a) also requires that the "representative parties will fairly and adequately protect the interests of the class."[128]   This means that proposed class representatives and their counsel

---

[123] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶ 44.

[124] *Id.*

[125] *Hanlon*, 150 F.3d at 1020.

[126] *See* Dkt. 107, Second Amended Complaint.

[127] Dkt. 100-1, Grover Prelim. Approval Decl. at ¶ 45.

[128] Fed. R. Civ. P. 23(a)(4).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

cannot have conflicts of interest with the class and must vigorously prosecute the action on behalf of the class.[129]  Neither Plaintiff nor any of her Counsel has a conflict with any Settlement Class Member.  Before reaching the proposed settlement, Plaintiff litigated this case on behalf of the putative class members through four-plus years of very active and aggressive litigation and was awaiting hearing on the motion for class certification pending before the Court.[130]  The Plaintiff has and will continue to assert the interests of the Settlement Class Members aggressively and competently.[131]

Moreover, the Plaintiff retained competent counsel, Keller Grover LLP and Law Offices of Scot D. Bernstein, A Professional Corporation, who are experienced in litigating complex class actions, including those involving the California Invasion of Privacy Act.[132]

### 5.    FRCP 23(b)(3) class certification requirements are satisfied.

Rule 23(b)(3) requires that the common legal and fact questions represent a significant aspect of the case and do not appear to be outweighed by any questions affecting only individual members.[133]

Here, a common question predominates over any individual issues – whether Defendants had policies and practices of recording telephone calls to its call centers without the knowledge and consent of callers.  These uniform policies and practices are at the core of Plaintiff's allegations that Defendants violated California Penal Code §§ 632 and 632.7.  Thus, they would determine liability to the Settlement Class and, therefore, would predominate over any potential individualized issues.

---

[129] *Hanlon*, 150 F.3d at 1020.

[130] Dkt. 114-1, Grover Fee Decl. at ¶¶ 10-14, 39, 41; *see also*, Dkt. 72, 73, 84.

[131] *See* Dkt. 114-1, Grover Fee Decl. at ¶¶ 39, 41; *see also*, Dkt. No. 114-5 (Roberts Declaration).

[132] Dkt. 114-1, Grover  Decl. at ¶¶ 2-4, 51-55, 66; Dkt. 114-4, Bernstein Fee Decl. at ¶ 2, Ex. 1.

[133] *See Hanlon*, 150 F.3d at 1022 ("When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1778 (2d ed. 1986)).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Furthermore, litigating this case as a class action promotes judicial economy.  Because this case involves thousands of claims for a statutory maximum recovery of $5,000, a class action is superior to an alternative method for adjudicating the claims.[134]  Notably, no potential Class Member has proceeded with an individual claim independently. Although manageability is not a concern in the settlement context,[135] Plaintiff is unaware of any issues that would render unmanageable the adjudication of Plaintiff's class claims if the case were to proceed to trial.  Accordingly, the class action device is the superior method for adjudication the claims in this action.

## VI.    REQUEST TO ACCEPT LATE CLAIMS

The Parties have agreed to accept any late but otherwise valid claims that are postmarked on or before the date the Court enters its Final Approval Order and Judgment.[136]  As of the date of this filing, 25 late but otherwise valid claims have been received by the Claims Administrator.[137]

## VII.   CONCLUSION

The proposed class settlement is fair, reasonable and adequate.  The proposed settlement will result in substantial risk-free and reversion-free benefits to Settlement Class Members and was achieved through informed, lengthy, non-collusive and arm's length negotiations conducted by experienced counsel after more than four years of litigation.  For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the parties' class action settlement and enter the proposed order and judgment submitted herewith, which addresses final approval of the settlement and the requests made in the Fee Motion that was filed on August 19, 2016.[138]

---

[134] *See Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1154, 1163 (9th Cir. 2001) ("[I]f plaintiffs cannot proceed as a class, some -- perhaps most -- will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover.").

[135] *Amchem Prods., Inc. v. Windsor* 521 U.S. 591, 593 (1997) ("Whether trial would present intractable management problems, *see* Rule 23(b)(3)(D), is not a consideration when settlement-only certification is requested, for the proposal is that there be no trial.").

[136] Suppl. Rust Decl. at ¶ 8.

[137] Suppl. Rust Decl. at ¶ 8.

[138] Dkt. 114.

1  Dated:  September 13, 2016                    Respectfully submitted,

2

3                                               **KELLER GROVER LLP**

4

5                                               By: /s/ *Eric A. Grover*

6                                                   ERIC A. GROVER
                                                    Attorneys for Plaintiff and the Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861